**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                                (State)

Case number (*If known*): _____  Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
   Kidde-Fenwal, Inc.

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  
   5 1 – 0 3 0 5 2 8 2

4. **Debtor's address**

   **Principal place of business**

   400      Main Street  
   Number   Street

   Ashland           MA     01721  
   City              State  ZIP Code

   Middlesex  
   County

   **Mailing address, if different from principal place of business**

   Number   Street

   P.O. Box

   City              State  ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number   Street

   City              State  ZIP Code

5. **Debtor's website** (URL)  
   www.kidde-fenwal.com

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 1

Debtor  Kidde-Fenwal, Inc.                                   Case number (*if known*)_____
           *Name*

6. **Type of debtor**
   - ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☒ None of the above

   B. *Check all that apply:*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   3 2 5 9

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ☒ Chapter 11. *Check **all** that apply*:
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

Debtor  Kidde-Fenwal, Inc._____     Case number (*if known*)_____
        Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.  District _____  When _____  Case number _____
                                    MM / DD / YYYY
        District _____  When _____  Case number _____
                                    MM / DD / YYYY

If more than 2 cases, attach a separate list.

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No
☐ Yes.  Debtor _____  Relationship _____
        District _____  When _____
                                                      MM / DD / YYYY
        Case number, if known _____

List all cases. If more than 1, attach a separate list.

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                           Number    Street
                          _____
                          _____  _____ _____
                          City                         State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

---

**Statistical and administrative information**

Debtor   Kidde-Fenwal, Inc.
         _____          Case number (*if known*)_____
         Name

| 13. | **Debtor's estimation of available funds** | Check one:<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| 14. | **Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☒ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |

| 15. | **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

| 16. | **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on  05 / 14 / 2023<br>            MM / DD / YYYY<br><br>✗ /s/ James Mesterharm                    James Mesterharm<br>Signature of authorized representative of debtor       Printed name<br><br>Title  Chief Transformation Officer |

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page **4**

Debtor   Kidde-Fenwal, Inc.
         Name

Case number (if known)

**18. Signature of attorney**   ✘ /s/ Derek C. Abbott        Date  05  14 2023
                                  Signature of attorney for debtor        MM / DD / YYYY

Derek C. Abbott
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201        North Market Street
Number      Street

Wilmington                                    DE       19899-1347
City                                          State    ZIP Code

(302) 658-9200                                dabbott@morrisnichols.com
Contact phone                                 Email address

3376                                          DE
Bar number                                    State

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page **5**

# CERTIFICATE OF SECRETARY
# OF KIDDE-FENWAL, INC.

## May 13, 2023

I, the undersigned, duly elected, qualified, and acting Secretary of Kidde-Fenwal, Inc., a corporation organized and existing under the laws of the State of Delaware (the "Company"), do hereby certify solely on behalf of the Company and not in my individual capacity, that in such capacity, I am authorized to execute this Certificate on behalf of the Company, and further hereby certify that:

Attached hereto as Exhibit A is a true, correct, and complete copy of the resolutions duly adopted by the Board of Directors of the Company on the date hereof, and that such resolutions (a) have not been amended, rescinded, or modified since their adoption and remain in full force and effect as of the date hereof and (b) were adopted in accordance with the provisions of applicable law and the Company's organizational documents.

**IN WITNESS WHEREOF**, the undersigned has executed this Certificate as of the date first set forth above.

                **KIDDE-FENWAL, INC.**

By: _/s/ Gretchen Kelly_
DocuSigned by: Gretchen Kelly
E67DF446EDA745B...
Name: Gretchen Kelly
Title:  Secretary

[Signature Page to Secretary's Certificate]

## **EXHIBIT A**

**Board Resolutions**

**KIDDE-FENWAL, INC.**
**Resolutions of the Board of Directors**
**Meeting Held on**
**May 13, 2023**

The following resolutions were unanimously approved by the Board of Directors (the "Board") of Kidde-Fenwal, Inc. (the "Company") at a meeting held on May 13, 2023.

**Resolution to Approve Voluntary Petitions and Bankruptcy Case**

**WHEREAS**, the Board has reviewed and discussed the financial and operational condition of the Company and the Company's business, including the current and historical performance of the Company, the assets and liquidity of the Company, the current and long-term liabilities of the Company and current market conditions;

**WHEREAS**, the Board has received, reviewed, and discussed the recommendations of management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of the strategic alternatives available to the Company, including a bankruptcy proceeding (the "Bankruptcy Case") under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and has discussed forms or descriptions of the key "first day" and "second day" filings that would be proposed to be made by the Company in connection with the Bankruptcy Case (the "Initial Filings");

**WHEREAS**, after review and discussion and due consideration of all of the information presented to the Board, the Board deems it advisable and in the best interests of the Company, its stockholders, its creditors, its stakeholders and other interested parties for the Company to commence the Bankruptcy Case by filing a voluntary petition for relief under the provisions of the Bankruptcy Code (the "Petition"); and

**WHEREAS**, the Board deems it advisable and in the best interests of the Company, its stockholders, its creditors, its stakeholders and other interested parties for the Company to make the Initial Filings and to conduct the business of the Company as contemplated thereby;

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that having considered all relevant facts and circumstances, the Board hereby determines that it is desirable and in the best interests of the Company, its stockholders, its creditors, its stakeholders and other interested parties that the Petition and the Initial Filings be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

**FURTHER RESOLVED**, that the Company shall be, and it hereby is, authorized, directed and empowered (i) to file the Petition and the Initial Filings and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and

**FURTHER RESOLVED**, that any operational officer or authorized representative of the Company (each, a "Designated Person" and collectively, the "Designated Persons") be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute and verify the Petition and the Initial Filings as well as all other ancillary documents that any such Designated Person deems necessary or advisable in connection therewith and to cause the Petition and the Initial Filings to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition, the Initial Filings, or any such ancillary documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents, agreements, deeds, letters, instruments or certificates necessary or desirable in connection with any of the foregoing; and

**FURTHER RESOLVED**, that the law firm of Sullivan & Cromwell LLP ("S&C") be, and hereby is, authorized, empowered and directed to represent the Company as its counsel in connection with the Bankruptcy Case, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of S&C; and

**FURTHER RESOLVED**, that the law firm of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") be, and hereby is, authorized, empowered and directed to represent the Company as its local counsel in connection with the Bankruptcy Case, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Morris Nichols; and

**FURTHER RESOLVED**, that the law firm of Schulte Roth & Zabel LLP ("Schulte") be, and hereby is, authorized, empowered and directed as counsel to the Special Committee formed by the Board on March 29, 2023 (the "Special Committee") to advise the Special Committee in carrying out its duties and to take any and all actions to advance the Company's rights, including in the Special Committee's negotiations with its affiliate and parent companies (collectively, the "Carrier Group"); and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Schulte; and

**FURTHER RESOLVED**, that the investment bank of Guggenheim Partners, LLC ("Guggenheim") be, and hereby is, engaged to provide investment banking and other related services to the Company; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Guggenheim; and

**FURTHER RESOLVED**, that the firm of AlixPartners LLP ("AlixPartners") be, and hereby is, engaged to provide restructuring advice and other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners; and

**FURTHER RESOLVED**, that the firm of Stretto, Inc. ("Stretto") be, and hereby is, engaged to act as notice, claims and balloting agent and to provide other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and

**FURTHER RESOLVED**, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized to cause the Company to employ other special counsel, financial advisors, investment bankers, accountants, restructuring advisors, notice, balloting and claims agents and other professionals, and to pay the fees and expenses of such persons, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain such persons, in each case, as such Designated Person deems necessary or advisable in connection with the Bankruptcy Case and all related matters.

**Resolution to Approve Marketing Process**

**WHEREAS**, the Board deems it advisable and in the best interests of the Company, its stockholders, its creditors, its stakeholders and other interested parties for the Company to consider a potential sale of the Company or its assets in one or more transactions (collectively, the "Potential Sale Transaction") in the context of the Bankruptcy Case;

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed, in the name and on behalf of the

Company, to conduct or cause to be conducted a marketing process to identify potential bidders for the Potential Sale Transaction under the supervision of the Bankruptcy Court and in accordance with the bidding procedures approved by the Bankruptcy Court; and

**FURTHER RESOLVED**, that the Company and the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to file or cause to be filed a motion with the Bankruptcy Court seeking approval of (i) bidding procedures to be used to facilitate a Potential Sale Transaction, (ii) a stalking horse purchase for the Potential Sale Transaction and (iii) the payment of certain fees (including expense reimbursement and breakup fees) to the stalking horse purchaser, all substantially in accordance with the summary presented to the Board, subject to such modifications thereto as such Designated Person may deem necessary or advisable in order to give effect to and carry out the general purposes of a Potential Sale Transaction as presented to the Board.

**Resolution to Approve Amended and Restated Master Services Agreement**

**WHEREAS**, the Company is party to that certain Master Services Agreement (the "Existing MSA") with Carrier Corporation, dated as of January 1, 2021, pursuant to which Carrier Corporation provides (or causes an approved subcontractor to provide) certain services to the Company in the ordinary course of business; and

**WHEREAS**, the Company is considering entering into an Amended and Restated Master Services Agreement (the "A&R MSA") with Carrier Corporation and Carrier Global Corporation ("Carrier") to amend and restate the Existing MSA on a go-forward basis to, among other things, (i) institute certain payment arrangements between the parties, (ii) update the description of the services and fee schedule thereof to reflect ordinary course activities between the parties and (iii) amend the term and termination conditions set forth in the Existing MSA; and

**WHEREAS**, the Board desires to institute certain payment arrangements with Carrier whereby Carrier will hold $21,444,533 for payment of the fees for services provided to the Company under the proposed A&R MSA;

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that having considered all the relevant facts and circumstances, the Board hereby determines that it is desirable and in the best interests of the Company, its stockholders, its creditors, its stakeholders and other interested parties, and necessary to carry out the business and affairs of the Company, for the Company to enter into the A&R MSA and perform all obligations under and in connection with the A&R MSA; and

**FURTHER RESOLVED**, that the A&R MSA be, and hereby is, in such form (including any amendments thereto) as may be approved by any Designated Persons, in all respects approved, and the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute, deliver and perform under the A&R MSA, and that such Designated Persons be, and

each of them, acting alone or in any combination, hereby is, authorized to execute, deliver and perform such other agreements, documents, instruments, notes, certificates and notices, and to take such other actions as the Designated Person executing the same shall deem necessary or appropriate in connection with the A&R MSA.

**Resolution to Approve General Authorizations**

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Designated Persons, and in addition to the existing signatories of the Company, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to do or cause to be done all such further acts and things, including the payment of all fees, expenses, appropriate retainers and other amounts payable by the Company with respect to the foregoing, and to execute, file (or cause to be filed) and deliver all such other instruments, certificates, agreements and documents as he or she may consider necessary or appropriate to enable the Company to carry out the intent and to accomplish the purposes of the foregoing resolutions and perform the obligations of the Company under the Bankruptcy Code; and

**FURTHER RESOLVED**, that all actions heretofore taken by any Designated Person of the Company in connection with the foregoing resolutions, the Petition, the Initial Filings, the Potential Sale Transaction and related matters be, and they hereby are, confirmed, ratified and approved in all respects; and

**FURTHER RESOLVED**, that each member of the Board hereby waives any notice, procedural or other formalities requirements which may be required in order to hold a meeting of the Company's Board.

\* \* \* \*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>   Debtor. | Chapter 11<br><br>Case No. 23-_____ (___) |

## CORPORATE OWNERSHIP STATEMENT (RULE 1007(a)(1))

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Kidde-Fenwal, Inc. hereby certifies that Kidde Fire Protection Inc. is the parent company of Kidde-Fenwal, Inc.

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | |
| KIDDE-FENWAL, INC.,[1] | Chapter 11 |
| Debtor. | Case No. 23-_____ (___) |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, Kidde-Fenwal, Inc. hereby provides the following list of holders of equity interests:

| Name and Address of Interest Holder | Percentage of Interests Held |
|---|---|
| Kidde Fire Protection Inc.<br>13995 Pasteur Boulevard<br>Palm Beach Gardens, Florida 33418 | 100% the common stock of Kidde-Fenwal, Inc. |
| Michael Cenci<br>c/o Carrier Global Corporation<br>13995 Pasteur Boulevard<br>Palm Beach Gardens, Florida 33418 | 100% of the issued and outstanding Series A Preferred Stock of Kidde-Fenwal, Inc. |

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

**Fill in this information to identify the case:**

Debtor name: Kidde-Fenwal, Inc.

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Chapter 11 Case: List of Twenty Law Firms Representing the Largest Number of Tort Claimants against the Debtor

The following is an alphabetical list of the law firms representing the largest number of tort claimants (the "Top Twenty Counsel List") against Kidde-Fenwal, Inc., as debtor (the "Debtor"). Concurrently with this petition, the Debtor has failed a motion seeking authority to file this Top Twenty Counsel List in lieu of a list of the twenty largest unsecured creditors.[1] This list does not include any person or entity who is an "insider" under section 101(31) of title 11 of the United States Code. The Top Twenty Counsel List was prepared with information existing as of the date hereof. The Debtor reserves the right to amend the Top Twenty Counsel List based on additional information it may identify. The information contained in the Top Twenty Counsel List shall not constitute an admission by, nor shall it be binding on, the Debtor.

| | Name of law firm and complete mailing address, including zip code | Name, telephone number, and email address of law firm contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | Anapol Weiss<br>One Logan Square<br>130 North 18th Street, Suite 1600<br>Philadelphia, PA 19103 | Attn: Lawrence R. Cohan, Joshua C. Cohan, Alexander H. Kipperman<br>Tel: (215) 790-4567<br>Email: lcohan@anapolweiss.com, jcohan@anapolweiss.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 2 | Banner Legal<br>445 Marine View Avenue, Suite 100<br>Del Mar, CA 92014 | Attn: Jeremy C. Shafer<br>Tel: (760) 479-5404<br>Email: jshafer@bannerlegal.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 3 | Baron & Budd, P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX 75129-4281<br><br>11440 West Bernardo Court, Suite 265<br>San Diego, CA 92127 | Attn: Scott Summy, Cary McDougal, Carle Burke Pickrel, Cristina Sanchez,<br>Tel: (214) 521-3605<br>Email: ssummy@baronbudd.com<br><br>Attn: John P. Fiske, Celeste Evangelisti<br>Tel: (858) 251-7424 | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 4 | Creedon & Feliciani, P.C.<br>29 East Marshall Street<br>Norristown, PA 19401 | Attn: Joseph L. Feliciani<br>Tel: (610) 239-9630<br>Email: jfeliciani@cflawpc.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 5 | Douglas & London, P.C.<br>59 Maiden Lane, 6th Floor<br>New York, NY 10038 | Attn: Gary J. Douglas London, Michael A. London, Rebecca G. Newman, Tate J. Kunkle<br>Tel: (212) 566-7500<br>Email: gdouglas@douglasandlondon.com, mlondon@douglasandlondon.com, rnewman@douglasandlondon.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 6 | Environmental Litigation Group, P.C.<br>2160 Highland Avenue South<br>Birmingham, AL 35205 | Attn: Gregory A. Cade, Gary A. Anderson, Kvin B. McKie<br>Tel: (205) 328-9200<br>Email: gary@elglaw.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 7 | Gacovino, Lake & Associates, P.C.<br>270 West Main Street<br>Sayville, NY 11782 | Attn: Richard Zgoda, Jr., Steven D. Gacovino<br>Tel: (631) 600-0000<br>Email: r.zgoda@gacovinolake.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 8 | Law Offices of James Vasquez, P.C.<br>970 Clifton Avenue<br>Clifton, NJ 07013 | Attn: James Vasquez<br>Tel: (862) 247-8711<br>Email: james@jamesvasquezlaw.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |

---

[1] This list is in substantially the same form as Official Bankruptcy Form 204 for chapter 11 cases setting forth the list of creditors, other than insiders, who have the twenty largest unsecured claims against a debtor.

page 1

Debtor  **Kidde-Fenwal, Inc.**                                          Case number (*if known*)_____
         _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Murray Law Firm<br>701 Poydras Street, Suite 4250<br>New Orleans, LA 70139 | Attn: Stephen B. Murray, Sr., Robin Myers Primeau, Caroline W. Thomas<br>Tel: (504) 525-8100<br>Email: smurray@murray-lawfirm.com, rmyers@murray-lawfirm.com, cthomas@murray-lawfirm.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 10 | Napoli Shkolnik, PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017 | Attn: Paul J. Napoli, Andrew Croner, Patrick Lanciotti, Nicholas Mindicino<br>Tel: (212) 397-1000, (833) 271-4502<br>Email: pnapoli@napolilaw.com, acroner@napolilaw.com, planciotti@napolilaw.com, nmindicino@napolilaw.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 11 | Paukert & Troppmann, PLLC<br>522 West Riverside Avenue, Suite 560<br>Spokane, WA 99201 | Attn: Mary E. Dillon, Andrew S. Biviano,<br>Tel: (509) 232-7760<br>Email: bdillon@pt-law.com, abiviano@pt-law.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 12 | Pennock Law Firm LLC<br>75 Montgomery Street, Suite 203<br>Jersey City, NJ 07302 | Attn: Shannon Pennock<br>Tel: (212) 967-4213<br>Email: shannonpennock@pennocklawfirm.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 13 | Pritzker Levine LLP<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608 | Attn: Elizabeth C. Pritzker, Jonathan K. Levine, Bethany L. Caracuzzo, Heather P. Haggarty, Richard R. Seal<br>Tel: (415) 692-0772<br>Email: ecp@pritzkerlevine.com, jkl@pritzkerlevine.com, bc@pritzkerlevine.com, hph@pritzkerlevine.com, rrs@pritzkerlevine.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 14 | Slater Slater Schulman LLP<br>445 Broad Hollow Road, Suite 419<br>Melville, NY 11747 | Attn: Michael Werner<br>Tel: (631) 420-9300<br>Email: mwerner@sssfirm.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 15 | Solomon Law Group, LLC<br>3501 North Main Street<br>Columbia, SC 29203 | Attn: Carl L. Solomon<br>Tel: (803) 391-3120<br>Email: carl@solomonlawsc.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 16 | Stag Liuzza, LLC<br>365 Canal St., Suite 2850<br>New Orleans, LA 70130 | Attn: Michael G. Stag, Merritt Cunningham<br>Tel: (504) 593-9600<br>Email: mstag@stagliuzza.com, mcunningham@stagliuzza.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 17 | The Ferraro Law Firm<br>Brickell World Plaza<br>600 Brickell Avenue, 38th Floor<br>Miami, FL 33131 | Attn: James L. Ferraro, Janpaul Portal, James L. Ferraro Jr.<br>Tel: (305) 375-0111<br>Email: jferraro@ferrarolaw.com, james@ferrarolaw.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 18 | Veteran Legal Group<br>700 12th Street N.W., Suite 700<br>Washington, D.C. 20005 | Attn: Jeremy C. Shafer<br>Tel: (888) 215-7834<br>Email: jshafer@bannerlegal.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 19 | Weitz & Luxenberg, P.C.<br>700 Broadway<br>New York, NY 10003 | Attn: Nancy M. Christensen<br>Tel: (212) 485-1897<br>Email: nchristensen@weitzlux.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |
| 20 | Wilentz, Goldman & Spitzer P.A.<br>125 Half Mile Road, Suite 100<br>Red Bank, NJ 07701 | Attn: Stephen T. Sullivan, Jr., John E. Keefe, Jr.<br>Tel: (732) 855-6060<br>Email: ssullivan@wilentz.com, jkeefe@wilentz.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | Unliquidated |

**Fill in this information to identify the case and this filing:**

Debtor Name __Kidde-Fenwal, Inc._____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule* ____
- ❏ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Corporate Ownership Statement, List of Equity Security Holders, List of Twenty Law Firms Representing the Largest Number of Tort Claimants against the Debtor__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __05/14/2023__        ✘ __/s/ James Mesterharm_____
MM / DD / YYYY            Signature of individual signing on behalf of debtor

__James Mesterharm_____
Printed name

__Chief Transformation Officer_____
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**