IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>　　Debtor. | Chapter 11<br><br>Case No. 23-10638 (___) |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO (A) FILE UNDER SEAL PORTIONS OF THE CREDITOR MATRIX CONTAINING CERTAIN INDIVIDUAL CREDITOR INFORMATION, (B) LIST ADDRESSES OF TORT CLAIMANTS' COUNSEL IN THE CREDITOR MATRIX AND OTHER FILINGS IN LIEU OF TORT CLAIMANTS' ADDRESSES AND SERVE TORT CLAIMANTS AT SUCH ADDRESSES AND (C) LIST THE TWENTY LAW FIRMS REPRESENTING THE LARGEST NUMBER OF TORT CLAIMANTS INSTEAD OF THE TWENTY LARGEST UNSECURED CREDITORS, (II) APPROVING NOTICE OF COMMENCEMENT PROCEDURES AND (III) WAIVING CERTAIN CAPTION REQUIREMENTS**

　　　　Kidde-Fenwal, Inc. (the "Debtor") hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a), 107 and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rules 1005, 1007, 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 1001-1, 1007-2 and 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtor, in its sole discretion, to (i) file under seal portions of the list of creditors (the "Creditor Matrix") containing certain individual creditor information, (ii) list the addresses of counsel for the Tort Claimants (as defined below) in the Creditor Matrix and other filings in lieu of the Tort Claimants' addresses and serve all notices, mailings and other communications in this chapter 11 case (this "Chapter

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

11 Case") on the Tort Claimants' counsel and (iii) file the Top Twenty Counsel List (as defined below) in lieu of filing a list of the 20 largest unsecured creditors, (b) authorizing the Debtor to implement certain procedures for the mailing and publication of the notice announcing the commencement of this Chapter 11 Case and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement") and (c) waiving certain caption requirements.  Certain facts supporting this Motion are set forth in the *Declaration of James A. Mesterharm in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration").  In further support of the Motion, the Debtor respectfully states as follows:

## Background

1. The Debtor is a Delaware corporation with its headquarters in Ashland, Massachusetts.  The Debtor manufactures fire protection and suppression systems, including fire detectors, alarm notification appliances, fire-suppression control units and fire suppression-agent delivery systems.  The Debtor also manufactures electronic gas burner controls, mechanical temperature controls and fire and overheat detectors.

2. On the date hereof (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a voluntary petition for relief under the Bankruptcy Code.  The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no creditors' committee, trustee or examiner has been appointed in this Chapter 11 Case.

3. Additional factual background relating to the Debtor's business and the commencement of this Chapter 11 Case is set forth in the First Day Declaration.

**Facts Specific to the Relief Requested**

4. As set forth in greater detail in the First Day Declaration, the Debtor has been named as a defendant in thousands of lawsuits (the "Tort Cases") relating to the production and sale of aqueous film-forming foams ("AFFF") by a business unit owned by the Debtor from 2007 to 2013. Plaintiffs in the Tort Cases (the "Tort Claimants") include individuals, public and private water providers and state attorneys general, who allege that the use of AFFF caused groundwater contamination requiring remediation, personal injury, a need for medical monitoring, property damage and/or other economic loss. The Debtor disputes its liability in the Tort Cases.

5. The Tort Cases have been coordinated for pre-trial purposes in the U.S. District Court for the District of South Carolina (the "South Carolina Court"). The South Carolina Court has appointed a plaintiffs' executive committee, consisting of various attorneys representing the Tort Claimants (the "Plaintiffs' Executive Committee"). Case Management Order No. 2, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2:18-mn-2873 (D.S.C. Mar. 30, 2019), D.I. 48 at ¶ 4. In addition, the South Carolina Court has also appointed liaison counsel to the Tort Claimants (the "Plaintiffs' Liaison Counsel"), who is tasked in part with receiving "on behalf of the attorneys for all plaintiffs, notice of all Court orders, notices of pretrial conferences, and other notices applicable to all plaintiffs" and "prepar[ing] and transmit[ting] copies of such notices to each of the plaintiffs' attorneys of record when service is not already effected upon them electronically under the Local Rules or [the South Carolina Court's] other pretrial orders." *Id*. at ¶ 3.

**Jurisdiction**

6. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105, 107 and 342(c)(1) of the Bankruptcy Code, Bankruptcy Rules 1005, 1007, 2002 and 9007 and Local Rules 1001-1, 1007-2 and 2002-1. Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

7.     By this Motion, the Debtor requests entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtor, in its sole discretion, to (i) file under seal portions of the Creditor Matrix containing certain individual creditor information, (ii) list the addresses of counsel for the Tort Claimants in the Creditor Matrix and other filings in lieu of the Tort Claimants' addresses and serve all notices, mailings and other communications in this Chapter 11 Case on the Tort Claimants' counsel and (iii) file the Top Twenty Counsel List in lieu of filing a list of the 20 largest unsecured creditors, (b) authorizing the Debtor to implement certain procedures for the mailing and publication of Notice of Commencement and (c) waiving certain caption requirements. Specifically, the Debtor respectfully requests that the Court order that the below caption satisfies the requirements set forth in section 342(c) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n), or that such requirements are otherwise waived.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> KIDDE-FENWAL, INC.,[1] <br><br>   Debtor. | Chapter 11 <br><br> Case No. 23-10638 (___) |

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282.  The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

## Basis for Relief

**I.    The Court May Authorize the Debtor to Redact Certain Personally Identifiable Information of Individual Creditors.**

8.      Pursuant to section 107(c) of the Bankruptcy Code, the Debtor requests authority to redact the addresses of individual creditors from public filings in this Chapter 11 Case.  Section 107(c) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. §§ 107(c)(1).

9.      Several courts in this and other districts have recently expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information.  In *In re Forever 21, Inc.*, in overruling an objection of the U.S. trustee to the same redaction relief proposed here, Judge Gross noted that "[w]e live in a new age in which the theft

-5-

of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, Case No. 19-12122 (KG) (Dec. 20, 2019), D.I. 605. Similarly, in *In re Windstream Holdings, Inc.*, Judge Drain noted that the consequences of releasing private information could be "very serious," and "[o]nce [private information is] out there, it's out there." Hr'g Tr. at 88:6–12, 89:5–8, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2019), D.I. 173.

10. The risk related to disclosure is not merely speculative, as recognized by the Court in *In re Forever 21, Inc.* Hr'g Tr. at 61:1–8, Case No. 19-12122 (KG) (Dec. 20, 2019), D.I. 605 ("The Court has serious concerns with requiring disclosure of home addresses of employees and the violation of privacy and safety concerns. The threat to the employees is real."). In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again. *See In re Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Jul. 11, 2019), D.I. 4 (describing incident). Other courts have also expressed serious privacy and safety concerns and recognized that the threat to the individuals involved is real. *See, e.g.*, Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No 19-12551 (CSS) (Dec. 3, 2019), D.I. 112 ("[I]t's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real life issue, and, of course, the issue of domestic violence is extremely important.").

11. In this case, the risk of identity theft or injury to innocent individual creditors of the Debtor outweighs the presumption in favor of public access to judicial records and papers, or concerns of judicial efficiency. *See In re Continental Airlines*, 150 B.R. 334,

340–41 (D. Del. 1993). There is minimal, if any, benefit to the public disclosure of individual creditors' personal information in this Chapter 11 Case.

    12.  In light of this concern for privacy, courts in this and other districts have routinely granted relief similar to the relief requested herein. *See, e.g.*, *In re Phasebio Pharms., Inc.*, Case No. 22-10995 (LSS) (Nov. 15, 2022), D.I. 138 (authorizing redaction of personal mailing addresses of individual creditors and interest holders); *In re Stimwave Techs. Inc.*, Case No. 22-10541 (KBO) (July 13, 2022), D.I. 138 (authorizing redaction of personally identifiable information for employees, individual equity holders and customers); *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 8, 2022), D.I. 54 (authorizing redaction of the home addresses of individuals); *In re Mallinckrodt Plc,* Case No. 20-12522 (JTD) (Oct. 14, 2020), D.I. 464 (authorizing redaction of the home addresses of individual creditors and interest holders); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Feb. 4, 2020), D.I. 155 (authorizing redaction of the home addresses of individuals); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Dec. 3, 2019), D.I. 109 (authorizing redaction of the personally identifiable information of individual creditors and interest holders); *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Jul. 12, 2019), D.I. 74 (authorizing redaction of personal information of employees).

    13.  Additionally, consistent with the Local Rules, the Debtor has simultaneously herewith filed an application seeking to retain Stretto, Inc. as its claims and noticing agent (the "<u>Claims and Noticing Agent</u>"). If such application and the relief sought in this Motion is granted, the Debtor will instruct the Claims and Noticing Agent to serve the individuals at their personal or counsels' addresses, as applicable, ensuring that each individual creditor will receive the same notices in this Chapter 11 Case as all other creditors without the

potentially harmful disclosure of these details.  The Debtor will also make the unredacted version of any applicable filings available to the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and counsel to any official statutory committee appointed in this Chapter 11 Case and, upon reasonable request, to any party in interest.

14. Accordingly, the Debtor respectfully submits that cause exists to authorize the Debtor to redact from any filing with the Court or made publicly available in this Chapter 11 Case the addresses of individual creditors.

**II.    The Court May Authorize the Debtor to List the Addresses of Counsel to the Tort Claimants on the Creditor Matrix and to Serve Notice on the Tort Claimants at Such Addresses.**

15. Pursuant to section 105(a) of the Bankruptcy Code and Local Rule 1001-1(c), the Debtor requests authorization to list the addresses of counsel to the Tort Claimants on the Creditor Matrix and other filings in lieu of the individual addresses of the Tort Claimants and to serve all notices, mailings and other communications on the Tort Claimants' counsel.

16. Generally, Bankruptcy Rule 1007(a) and Local Rules 1007-1(a) and 1007-2(a) require a debtor to file with the voluntary petition for relief a list containing the name and address of each creditor.  However, section 105(a) of the Bankruptcy Code provides that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  In addition, the Court has authority to "enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by [the Bankruptcy Rules]." Fed. R. Bankr. P. 2002(m).  Local Rule 1001-1(c) further allows the modification of the Local Rules by the Court in "the interest of justice."  Del. Bankr. L.R. 1001-1(c).  To satisfy the requirements of due process, notice procedures must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

opportunity to present their objections." *Mullane* v. *Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (describing notice required to satisfy due process).

17. Accordingly, courts in various districts presiding over cases that involve mass litigation have held that due process was satisfied where notice had been provided to the counsel of record for claimants engaged in litigation with the noticing party. *See, e.g.*, *In re Garlock Sealing Techs., LLC*, 2017 WL 2539412, at *15 (W.D.N.C. June 12, 2017) (finding all asbestos claimants had been afforded due process when debtors provided notice of their proposed plan of reorganization and confirmation hearing to asbestos claimants' counsel, rather than to asbestos claimants); *In re Residential Capital, LLC*, 2015 WL 2256683, at *7 (Bankr. S.D.N.Y. May 11, 2015) (finding notice to a creditor's attorney was proper where the attorney represented the creditor in a state court action with a sufficient nexus to the bankruptcy case); *In re Muralo Co., Inc.*, 295 B.R. 512, 525 (Bankr. D. N.J. 2003) ("In a mass tort case such as this . . . this court believes that service on counsel could well be 'better' in substantive terms (not just 'administratively') than certain other individualized service alternatives."); *see also In re Schicke*, 290 B.R. 792, 805-06 (B.A.P. 10th Cir. 2003) (finding notices of chapter 7 proceedings sent to attorney representing a judgment creditor in non-bankruptcy litigation was the best notice possible where the debtor did not know the creditor's contact information), *aff'd*, 97 F. App'x 249 (10th Cir. 2004); *Maldonado* v. *Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985) (indicating that if an attorney had been representing a plaintiff in enforcing her claim against debtor, notice sent to counsel could be imputed to the plaintiff).

18. The Debtor submits that permitting the Debtor to list the addresses of the Tort Claimants' counsel, and to serve notices and mailings upon such counsel, in lieu of the Tort Claimants themselves, satisfies due process and would be in the interest of justice. The Debtor is

a defendant in thousands of Tort Cases, and almost all plaintiffs in such lawsuits are personal injury claimants. Such Tort Claimants are represented by numerous law firms, which will have the most current knowledge of their clients' contact information and are likely better positioned to receive communications on behalf of the Tort Claimants. Further, the contact information of such law firms is more likely to remain unchanged over time. In comparison, the individual plaintiff information that the Debtor possesses is often incomplete, obsolete or unreliable. Additionally, even where the Debtor has a record of a Tort Claimant's contact information, such information is subject to a protective order.

19. Instead, listing and using the addresses of Tort Claimants' counsel to provide notice will dramatically ease the administrative burden on the Debtor and help minimize cost at this critical juncture. In addition, listing and sending communications to the Tort Claimants' counsel may be a more effective means of updating Tort Claimants. In particular, individual Tort Claimants may be unfamiliar with the notices and pleadings that will be served in this Chapter 11 Case and will rely on their counsel to take action in response to such communications. Accordingly, the Debtor requests authorization to list the addresses of counsel to the Tort Claimants on the Creditor Matrix and other filings in lieu of the individual addresses of the Tort Claimants and serve all notices, mailings and other communications on the Tort Claimants' counsel. In addition, for counsel to the Tort Claimants that represent multiple Tort Claimants, the Debtor seeks authorization to serve each document only a single time on such counsel on behalf of all of such counsel's clients; *provided* that any notice or other document relating specifically to one or more particular Tort Claimant (rather than all Tort Claimants represented by a particular firm) shall clearly identify the parties to whom it relates.[2]

---

[2] The Debtor has historically not tracked the names of individual Tort Claimants, which number in the tens of thousands. As a result, the Creditor Matrix filed concurrently with this Motion lists only the named plaintiffs in

20. Courts in this district and others have routinely granted relief similar to the relief requested herein. *See, e.g., In re Aearo Techs. LLC*, Case No. 22-02890 (JJG), (Bankr. S.D. Ind. July 28, 2022), D.I. 134 (authorizing the debtor to list, and serve notice upon, addresses of tort claimants' counsel of record); *In re Cyprus Mines Corp.*, Case No. 21-10398 (LSS) (Mar. 30, 2021), D.I. 202 (authorizing the debtor to list, and serve notice upon, addresses of tort claimants' counsel of record where tort claimants' address was not known and to serve documents once upon counsel representing multiple tort claimants); *In re Paddock Enters., LLC*, Case No. 20-10028 (LSS) (Feb. 11, 2020), D.I. 95 (same); *In re ON Marine Servs. Co. LLC*, No. 20-20007 (CMB) (Bankr. W.D. Pa. Jan. 28, 2020), D.I. 95 (same); *In re Imerys Talc America, Inc.*, No. 19-10289 (LSS) (Mar. 19, 2019), D.I. 248 (same).

### III. The Court May Authorize the Debtor to File a List of the Twenty Law Firms Representing the Largest Number of Tort Claimants.

21. Pursuant to Bankruptcy Rule 1007(d), "a debtor in a voluntary chapter 11 reorganization case shall file with the petition a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders, as prescribed by the appropriate Official Form." Fed. R. Bankr. P. 1007(d). This list is used by the U.S. Trustee to evaluate the number, amounts and type of unsecured claims against a debtor and thus identify potential members of an official committee of unsecured creditors that may be appointed in the debtor's case under section 1102 of the Bankruptcy Code.

22. Because the vast majority of the Debtor's creditors are expected to be Tort Claimants, the Debtor believes that publishing a list of the law firms representing the largest number of Tort Claimants (the "Top Twenty Counsel List") would best facilitate the U.S.

---

the Tort Cases. However, the Debtor is currently working with the Claims and Noticing Agent on assembling a list of all names of individual Tort Claimants and will supplement the Creditor Matrix once that information becomes available.

Trustee's appointment of a committee. In comparison, compiling a list of individual Tort Claimants holding the largest unsecured claims in this Chapter 11 Case would be imprecise and not useful. The Debtor cannot accurately determine which of the thousands of potential tort claims are the largest as the alleged damages remain in dispute and unliquidated. In turn, publishing an imprecise and unreliable list of Tort Claimants would hinder, rather than facilitate, the U.S. Trustee's efforts to appoint the committee. Therefore, the Debtor maintains that filing the Top Twenty Counsel List would facilitate the disclosure of information as required by Bankruptcy Rule 1007(d).

23. Courts in this district and others have routinely granted relief similar to the relief requested herein. *See, e.g., In re Cyprus Mines Corp.*, No. 21-10398 (LSS) (Mar. 30, 2021), D.I. 202 (permitting debtor to file a list of the 20 law firms with the most significant tort claimants representation in lieu of listing individual tort claimants with the 20 largest unsecured claims); *In re Imerys Talc America, Inc.*, No. 19-10289 (LSS) (Mar. 19, 2019), D.I. 248 (permitting debtor to file a list of the top 30 law firms representing the most significant claimant representations and a separate list of creditors holding the 30 largest unsecured claims other than tort claims); *In re Yarway Corp.*, No. 13-11025 (BLS) (Apr. 25, 2013), D.I. 21 (permitting debtor to file a list of the top 20 law firms representing the largest numbers of claimants).

**IV.    The Court May Authorize the Special Procedures for Mailing and Publishing the Notice of Commencement.**

24. Bankruptcy Rule 2002(a)(1) provides that the clerk (or other persons as directed by the court) must give the debtor, the trustee, all creditors and any indenture trustee at least 21 days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code. Bankruptcy Rules 2002(m) and 9007 empower the Court with the general authority to regulate the manner in which notices required under the Bankruptcy Rules are provided.

Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m). Similarly, Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these rules, the court shall designate the time within which, the entities to whom, and the form and manner in which the notice shall be given. Fed. R. Bankr. P. 9007.

25. Furthermore, the Court has authority under Bankruptcy Rule 2002(l) to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). Additional authority for the court to designate the form and manner of notice can be found in section 105(a) of the Bankruptcy Code, which provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

26. As described above, the Creditor Matrix filed concurrently herewith does not yet contain all of the names of individual Tort Claimants. In addition, however, the Debtor, through the Claims and Noticing Agent, has established a dedicated case website (the "Case Website") and toll-free number in connection with this Chapter 11 Case. Therefore, in addition to mailing the Notice of Commencement to the parties identified on the Creditor Matrix, the Debtor proposes to publish, as soon as practicable, the Notice of Commencement (a) once in the national edition of the *New York Times* and (b) on the Case Website. The Debtor believes that this form of publication notice is most likely to reach those parties-in-interest who may not have received notice by mail before the Debtor has been able to supplement the Creditor Matrix.

27. The Debtor submits that the approval of the form and manner of the Notice of Commencement, as set forth above, is appropriate and within the Court's authority

under section 105 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007. Accordingly, the Debtor respectfully requests that the Court approve the form and manner of service contained herein, including notice by publication, of the Notice of Commencement.

### Notice

28. No creditors' committee, trustee or examiner has been appointed in this Chapter 11 Case. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the Office of the United States Attorney for the District of Delaware; (f) Plaintiff's Liaison Counsel; (g) the state attorneys general who have commenced litigation proceedings against the Debtor; (h) the parties identified on the Top Twenty Counsel List; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered in connection with this Motion will be served on all parties in accordance with Local Rule 9013-1(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: May 14, 2023  
       Wilmington, Delaware

**MORRIS NICHOLS ARSHT & TUNNELL LLP**

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Tamara K. Mann (No. 5643)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (*pro hac vice* pending)
Brian D. Glueckstein (*pro hac vice* pending)
Justin J. DeCamp (*pro hac vice* pending)
Alexa J. Kranzley (*pro hac vice* pending)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        gluecksteinb@sullcrom.com
        decampj@sullcrom.com
        kranzleya@sullcrom.com

*Proposed Counsel for the Debtor and Debtor-in-Possession*