**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (\_\_\_) |

**ORDER (I) AUTHORIZING THE DEBTOR TO (A) FILE UNDER SEAL PORTIONS OF THE CREDITOR MATRIX CONTAINING CERTAIN INDIVIDUAL CREDITOR INFORMATION, (B) LIST ADDRESSES OF TORT CLAIMANTS' COUNSEL IN THE CREDITOR MATRIX AND OTHER FILINGS IN LIEU OF TORT CLAIMANTS' ADDRESSES AND SERVE TORT CLAIMANTS AT SUCH ADDRESSES AND (C) LIST THE TWENTY LAW FIRMS REPRESENTING THE LARGEST NUMBER OF TORT CLAIMANTS INSTEAD OF THE TWENTY LARGEST UNSECURED CREDITORS, (II) APPROVING NOTICE OF COMMENCEMENT PROCEDURES AND (III) WAIVING <u>CERTAIN CAPTION REQUIREMENTS</u>**

Upon the motion (the "<u>Motion</u>")[2] of Kidde-Fenwal, Inc. (the "<u>Debtor</u>"), for entry of an order (this "<u>Order</u>") (a) authorizing the Debtor, in its sole discretion, to (i) file under seal portions of the Creditor Matrix containing certain individual creditor information, (ii) list the addresses of counsel for the Tort Claimants in the Creditor Matrix and other filings in lieu of the Tort Claimants' addresses and serve all notices, mailings and other communications in this Chapter 11 Case on the Tort Claimants' counsel and (iii) file the Top Twenty Counsel List in lieu of filing a list of the 20 largest unsecured creditors, (b) authorizing the Debtor to implement certain procedures for the mailing and publication of Notice of Commencement and (c) waiving certain caption requirements; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized to redact the addresses of its individual creditors from any filings with the Court or made publicly available in this Chapter 11 Case.

3. The Debtor shall provide unredacted copies of any filings redacted pursuant to this Order to (a) the Court, the U.S. Trustee and any official committee appointed in this Chapter 11 Case and (b) any party in interest upon reasonable request.  If a dispute arises regarding the reasonableness of such a request between the Debtor and a party other than the U.S. Trustee or any official committee, and the Debtor is unable to reach an alternative resolution with the requesting party, such party shall request a hearing before the Court to resolve the dispute.  Each party receiving an unredacted copy of the Creditor Matrix or any other applicable documents shall keep personally identifiable information that is otherwise being

redacted pursuant to the authority granted by this Order confidential unless otherwise required to be disclosed by law or court order.

4. Upon request of a party in interest, the Court may, upon a showing of good cause, release some or all of the personally identifiable information that is being redacted pursuant to the authority granted by this Order. All parties' rights are reserved.

5. The Debtor is authorized to list the names, addresses and other contact information, as applicable, of counsel to the Tort Claimants in any creditor or service list, including the Creditor Matrix, provided to the Court or filed on the docket, in lieu of listing the contact information of individual Tort Claimants.

6. The Debtor is authorized to serve and provide all notices, mailings and other communications that are required to be served on the Tort Claimants to the respective counsel of record for such claimants, to the extent available and based upon the information available to the Debtor, in the manner required pursuant to otherwise applicable notice procedures in effect in this Chapter 11 Case.

7. For counsel representing multiple Tort Claimants, the Debtor may serve each document only a single time on such counsel on behalf of all such counsel's clients; *provided* that any notice or other document relating specifically to one or more particular Tort Claimant (rather than all Tort Claimants represented by such counsel) shall clearly identify such parties.

8. The Debtor is authorized to file the Top Twenty Counsel List in lieu of a list of creditors holding that 20 largest unsecured claims.

9. All pleadings filed in this Chapter 11 Case shall bear a caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | |
| KIDDE-FENWAL, INC.,[1] | Chapter 11 |
| Debtor. | Case No. 23-10638 (___) |

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

10. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n), or such requirements are hereby otherwise waived.

11. The Debtor, with the assistance of the Claims and Noticing Agent, shall (a) cause the Notice of Commencement to be published once in the national edition of the *New York Times* and (b) post the Notice of Commencement on the Case Website established by the Claims and Noticing Agent.

12. The form and manner of notice provided herein, including publication notice, are hereby approved in their entirety.

13. The Debtor and the Claims and Noticing Agent are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

14. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.