**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (___) |

**APPLICATION OF DEBTOR FOR AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT
OF STRETTO, INC. AS CLAIMS AND NOTICING AGENT**

Kidde-Fenwal, Inc. (the "Debtor") hereby submits this application (this "Application") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 156(c) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and rule 2002-1(f) and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), appointing Stretto, Inc. ("Stretto") as claims and noticing agent ("Claims and Noticing Agent") in the Debtor's chapter 11 case effective as of the Petition Date (as defined below). In support of this Application, the Debtor submits the declaration of Sheryl Betance (the "Betance Declaration"), attached hereto as Exhibit B. Certain facts supporting this Application are also set forth in the *Declaration of James A. Mesterharm in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration"). In further support of this Application, the Debtor respectfully states as follows:

**Background**

    1.    The Debtor is a Delaware corporation with its headquarters in Ashland, Massachusetts. The Debtor manufactures fire protection and suppression systems, including fire

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

detectors, alarm notification appliances, fire-suppression control units and fire suppression-agent delivery systems. The Debtor also manufactures electronic gas burner controls, mechanical temperature controls and fire and overheat detectors.

2. On the date hereof (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a voluntary petition for relief under the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no creditors' committee, trustee or examiner has been appointed in the Debtor's chapter 11 case (the "Chapter 11 Case").

3. Additional factual background relating to the Debtor's business and the commencement of this Chapter 11 Case is set forth in the First Day Declaration.

## Jurisdiction

4. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 156(c) of the Bankruptcy Code, Local Rules 2002-1(f) and 9013-1(m) and the Court's *Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)*, instituted by the Office of the Clerk of the Bankruptcy Court (the "Clerk") on February 1, 2012 (the "Claims Agent Protocol"). Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order or judgment by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

5.     By this Application, the Debtor requests entry of the Order, substantially in the form attached hereto as Exhibit A, appointing Stretto as Claims and Noticing Agent in this Chapter 11 Case effective as of the Petition Date.

**Basis for Relief**

6.     The Debtor requests entry of an order appointing Stretto as the Claims and Noticing Agent for the Debtor and its Chapter 11 Case, including assuming full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Debtor's Chapter 11 Case. The Debtor's selection of Stretto to act as the Claims and Noticing Agent satisfies the Court's *Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)*, in that the Debtor obtained and reviewed engagement proposals from at least two other court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtor submits, based on all engagement proposals obtained and reviewed, that Stretto's rates are competitive and reasonable given Stretto's quality of services and expertise. The terms of Stretto's retention are set forth in the Engagement Agreement attached as Exhibit 1 to the Order (the "Engagement Agreement"); *provided* that the Debtor is seeking approval solely of the terms and provisions of the Engagement Agreement as set forth in this Application and the Order.

7.     Although the Debtor has not yet filed its schedules of assets and liabilities, it anticipates that there will be thousands of entities to be noticed. Local Rule 2002-1(f) provides that "[i]n all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file [a] motion [to retain a claims and noticing agent] on the first day of the case or within seven (7) days thereafter." In view of the number of anticipated claimants and the complexity of the Debtor's business, the Debtor submits that the

appointment of a claims and noticing agent is required by Local Rule 2002-1(f) and is otherwise in the best interests of both the Debtor's estate and its creditors.

8. Bankruptcy Rule 2002 generally regulates what notices must be given to creditors and other parties-in-interest in bankruptcy cases. Fed. R. Bankr. P. 2002(f). Under Bankruptcy Rule 2002(f), the Court may direct that some person other than the Clerk give notice of the various matters described below. Moreover, section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of a bankruptcy court, authorizes the Court to use "facilities" or "services" other than the Clerk for administration of bankruptcy cases. 28 U.S.C. § 156(c). Specifically, the statute states, in relevant part:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

9. In addition, Local Rule 2002 1(f) provides:

> Upon motion of the debtor or trustee, at any time without notice or hearing, the Court may authorize the retention of a notice and/or claims clerk under 28 U.S.C. § 156(c). In all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file such motion on the first day of the case or within seven days thereafter. The notice and/or claims clerk shall comply with the Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c) (which can be found on the Court's website) and shall perform the [claims and noticing services].

Del. Bankr. L.R. 2002-1(f). Accordingly, Bankruptcy Rule 2002, Local Rule 2002-1(f), and section 156(c) of title 28 of the United States Code empower the Court to utilize outside agents

and facilities for notice and claims purposes, provided that the Debtor's estate bears the cost of such services.

11. 10. For all of the foregoing reasons, the Debtor believes that the appointment of Stretto as the Claims and Noticing Agent in this Chapter 11 Case is necessary and in the best interests of the Debtor, its estate and creditors, and all parties-in-interest. Furthermore, the Debtor submits that the fees and expenses that would be incurred by Stretto under the proposed engagement would be administrative in nature and, therefore, should not be subject to standard fee application procedures of professionals.

11. By separate application, the Debtor intends to seek authorization to retain and employ Stretto as the administrative agent in this Chapter 11 Case, pursuant to section 327(a) of the Bankruptcy Code, because the administration of this Chapter 11 Case will require Stretto to perform duties outside the scope of 28 U.S.C. § 156(c).

**Stretto's Qualifications**

12. Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide. Stretto has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties-in-interest. Stretto's active and former cases include: *In re Pear Therapeutics, Inc.*,

Case No. 23-10429 (TMH) (Bankr. D. Del. Apr. 12, 2023); *In re AmeriMark Interactive, LLC*, Case No. 23-10438 (TMH) (Bankr D. Del. Apr. 13, 2023); *In re Codiak BioSciences, Inc.*, Case No. 23-10350 (MFW) (Bankr. D. Del. Mar. 29, 2023); *In re Ryze Renewables II, LLC*, Case No. 23-10289 (BLS) (Bankr. D. Del. Mar. 11, 2023); *In re Allegiance Coal USA Ltd.*, Case No. 23-10234 (CTG) (Bankr. D. Del. Mar. 9, 2023); *In re AD1 Urban Palm Bay, LLC*, Case No. 23-10074 (KBO) (Bankr. D. Del. Mar. 27, 2023); *In re Sears Authorized Hometown Stores, LLC*, Case No. 22-11303 (BLS) (Bankr. D. Del. Dec. 15, 2022); *In re Quanergy Systems, Inc.*, Case No. 22-11305 (CTG) (Bankr. D. Del. Dec. 14, 2022); *In re Fast Radius, Inc.*, Case No. 22-11051 (JKS) (Bankr. D. Del. Nov. 9, 2022); and *In re Allena Pharmaceuticals, Inc.*, Case No. 22-10842 (KBO) (Bankr. D. Del. Sept. 7, 2022).

13.    By appointing Stretto as the Claims and Noticing Agent in this Chapter 11 Case, the distribution of notices and the processing of claims will be expedited, and the Clerk will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

### Services to be Provided

14.    This Application pertains only to the work to be performed by Stretto under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f). Any work to be performed by Stretto outside of this scope is not covered by this Application or by any order granting approval hereof. Specifically, Stretto will perform the following tasks, as necessary, in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

    (a)    Prepare and serve required notices and documents in this Chapter 11 Case in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtor and/or the Court, including (i) notice of the commencement of this Chapter 11 Case and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of

        objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtor's plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan, and (vii) all other notices, orders, pleadings, publications and other documents as the Debtor or Court may deem necessary or appropriate for an orderly administration of this Chapter 11 Case;

(b)     Maintain an official copy of the Debtor's schedules of assets and liabilities and statement of financial affairs (collectively, the "<u>Schedules</u>"), listing the Debtor's known creditors and the amounts owed thereto;

(c)     Maintain (i) a list of all potential creditors, equity holders, and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

(d)     Furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount, and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in the case where the Schedule indicates no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e)     Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f)     Maintain an electronic platform for purposes of filing proofs of claim;

(g)     For all notices, motions, orders, or other pleadings or documents served, prepare and file, or cause to be filed with the Clerk, an affidavit or certificate of service within seven business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(h)     Process all proofs of claim received, including those received by the Clerk, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

(i)     Maintain the official claims register for the Debtor (the "<u>Claims Register</u>") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with

certified, duplicate unofficial Claims Register; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) the amount asserted; (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.); (vi) the applicable Debtor; and (vii) any disposition of the claim;

(j) Provide public access to the Claims Register, including complete proofs of claim with attachments, if any, without charge;

(k) Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(l) Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(m) Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Stretto, not less than weekly;

(n) Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Register for the Clerk's review (upon the Clerk's request);

(o) Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(p) Identify and correct any incomplete or incorrect addresses in any mailing or service lists (to the extent such information available);

(q) Assist in the dissemination of information to the public and respond to requests for administrative information regarding this Chapter 11 Case as directed by the Debtor or the Court, including through the use of a case website and/or call center;

(r) If this Chapter 11 Case is converted to a case under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three days of notice to Stretto of entry of the order converting the case;

(s) Thirty days prior to the close of this Chapter 11 Case, to the extent practicable, request that the Debtor submits to the Court a proposed order dismissing Stretto as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of this Chapter 11 Case;

  (t)  Within seven days of notice to Stretto of entry of an order closing this Chapter 11 Case, provide to the Court the final version of the Claims Register as of the date immediately before the close of the chapter 11 case; and

  (u)  At the close of this Chapter 11 Case, (i) box and transport all original documents, in proper format, as provided by the Clerk's office, to (A) the Federal Archives Record Administration, or (B) any other location requested by the Clerk's office, and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

15.  The Claims Register shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Stretto.

## Professional Compensation

16.  The Debtor requests that the undisputed fees and expenses incurred by Stretto in the performance of the above services be treated as administrative expenses of the Debtor's chapter 11 estate pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court. Stretto agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtor, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

17.  Prior to the Petition Date, the Debtor provided Stretto an advance in the amount of $25,000. Stretto seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to

hold the advance under the Engagement Agreement during this Chapter 11 Case as security for the payment of fees and expenses incurred under the Engagement Agreement.

18. Additionally, under the terms of the Engagement Agreement, the Debtor has agreed to indemnify, defend, and hold harmless Stretto and its members, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Stretto's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Proposed Order. The Debtor believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in this Chapter 11 Case.

### **Disinterestedness**

19. Although the Debtor does not propose to employ Stretto under section 327 of the Bankruptcy Code pursuant to this Application (such retention will be sought by separate application), Stretto has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtor and, to the best of the Debtor's knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto has represented that it neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed.

20. Moreover, in connection with its retention as Claims and Noticing Agent, Stretto represents in the Betance Declaration, among other things, that:

(a) Stretto is not a creditor of the Debtor;

(b) Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in this Chapter 11 Case;

(c) By accepting employment in this Chapter 11 Case, Stretto waives any rights to receive compensation from the United States government in connection with this Chapter 11 Case;

(d) In its capacity as the Claims and Noticing Agent in this Chapter 11 Case, Stretto will not be an agent of the United States and will not act on behalf of the United States;

(e) Stretto will not employ any past or present employees of the Debtor in connection with its work as the Claims and Noticing Agent in this Chapter 11 Case;

(f) Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g) In its capacity as Claims and Noticing Agent in this Chapter 11 Case, Stretto will not intentionally misrepresent any fact to any person;

(h) Stretto shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i) Stretto will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by Stretto as Claims and Noticing Agent in this Chapter 11 Case shall be at the expense of the Clerk's office.

21. Stretto will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**Compliance with Claims and Noticing Agent Protocol**

22. This Application complies with the Claims Agent Protocol, in that the Debtor has obtained and reviewed engagement proposals from at least two other Court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtor submits, based on all engagement proposals obtained and reviewed, that Stretto's rates are competitive and reasonable given Stretto's quality of services and expertise.

23. To the extent that there is any inconsistency between this Application, the order granting the relief in the Application, and the Engagement Agreement, the order granting relief in the Application shall govern.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

24.     To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**Notice**

25.     No creditors' committee, trustee or examiner has been appointed in this Chapter 11 Case. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the Office of the United States Attorney for the District of Delaware; (f) liaison counsel to the tort claimants; (g) the state attorneys general who have commenced litigation proceedings against the Debtor; (h) the parties identified on the Debtor's list of top 20 counsel; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered in connection with this Motion will be served on all parties in accordance with Local Rule 9013-1(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: May 14, 2023
      Wilmington, Delaware

**MORRIS NICHOLS ARSHT & TUNNELL LLP**

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Tamara K. Mann (No. 5643)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (*pro hac vice* pending)
Brian D. Glueckstein (*pro hac vice* pending)
Justin J. DeCamp (*pro hac vice* pending)
Alexa J. Kranzley (*pro hac vice* pending)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        gluecksteinb@sullcrom.com
        decampj@sullcrom.com
        kranzleya@sullcrom.com

*Proposed Counsel for the Debtor and Debtor-in-Possession*