# EXHIBIT B

**Proposed Final Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (___) |

**FINAL ORDER (I) APPROVING FORM OF ADEQUATE
ASSURANCE OF PAYMENT TO UTILITY COMPANIES,
(II) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING
UTILITY COMPANIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICE AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Kidde-Fenwal, Inc. (the "Debtor"), for entry of an order (this "Final Order") (a) approving the Debtor's Proposed Adequate Assurance for postpetition Utility Services, (b) establishing the Objection Procedures, (c) prohibiting the Utility Companies from altering, refusing or discontinuing service to, or discriminating against, the Debtor on the basis of the commencement of this Chapter 11 Case or outstanding prepetition invoices and (d) granting certain related relief, including scheduling a Final Hearing; and this Court having entered the *Interim Order (I) Approving Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Service and (IV) Granting Related Relief* [D.I. [•]]; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtor is authorized to pay all undisputed postpetition utility charges for all Utility Services provided by the Utility Companies to the Debtor.

3. The Debtor shall serve a copy of this Final Order on each Utility Company listed on <u>Exhibit 1</u> attached hereto no later than two business days following the date this Final Order is entered.

4. To the extent not already done, the Debtor shall cause $40,000 (the "<u>Adequate Assurance Deposit</u>") to be deposited into a segregated account and held during the pendency of this Chapter 11 Case, subject to the procedures approved in this Final Order.

5. The Adequate Assurance Deposit shall automatically, without further order of the Court, be available to the Debtor upon the earlier of: (i) the closing date of a sale of substantially all of the Debtor's assets under section 363 of the Bankruptcy Code, (ii) the

effective date of any chapter 11 plan for the Debtor or (iii) the closing of this Chapter 11 Case; *provided* that there are no outstanding disputes related to postpetition payments owing to any Utility Company.

6. The following Objection Procedures are approved on a final basis:

   a. If a Utility Company is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "Request") upon: (a) proposed counsel to the Debtor, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE, 19899, Attn: Derek C. Abbott (dabbott@morrisnichols.com) and Andrew R. Remming (aremming@morrisnichols.com); (b) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov); and (c) counsel to any official statutory committee appointed in this Chapter 11 Case.

   b. The Request must (a) set forth the account number(s), (b) set forth the outstanding balance for each account, (c) describe any deposits, prepayments, or other security currently held by the requesting Utility Company, (d) explain why the Utility Company believes the Adequate Assurance Deposit is not adequate assurance of payment and (e) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company.

   c. Upon the Debtor's receipt of any Adequate Assurance Request, the Debtor shall have 14 days from the receipt of such Adequate Assurance Request (the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Adequate Assurance Request; *provided* that the Debtor and the applicable Utility Company may extend the Resolution Period by mutual agreement.

   d. The Debtor is authorized to resolve, in its sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of this Court and, in connection with any such agreement, provide a Utility Company with alternative adequate assurance of payment, including cash deposits, prepayments, or other forms of security, without further order of this Court, if the Debtor believes such alternative assurance is reasonable.

   e. If the Debtor determines that an Adequate Assurance Request is not reasonable and is unable to reach an alternative resolution with the applicable Utility Company during the Resolution Period, the Debtor

shall request a hearing before this Court to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code (the "<u>Determination Hearing</u>").  Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering, refusing or discontinuing services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance. The Utility Company may request a hearing on an earlier date in the event that it does not agree to the date proposed by the Debtor.

7. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Objection Procedures.

8. All Utility Companies that do not serve a Request shall be prohibited from discontinuing, altering or refusing services to, or discriminating against, the Debtor on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

9. The inclusion of any entity on, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtor that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses.

10. The Debtor is authorized to amend the Utility Services List to the extent the Debtor terminates the services of any Utility Company or identifies additional Utility Companies, and this Interim Order shall apply to any such Utility Company that is added to the Utility Services List.

11. The Debtor shall increase the amount of the Adequate Assurance Deposit in the event an additional Utility Company is added to the Utility Services List by an amount equal to two weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the past 12 months.

12. The Debtor may terminate the services of any Utility Company and is authorized, following the Reduction Notice Period and if the Utility Company does not timely object, to reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (a) two weeks of the estimated costs for such Utility Services and (b) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Company; *provided* that for any Utility Company for which the Adequate Assurance Deposit is reduced, the Debtor shall have paid such Utility Company in full for any outstanding postpetition Utility Services prior to reducing the Adequate Assurance Deposit.

13. The Debtor shall serve a copy of this Final Order upon any Utility Company that is added to the Utility Services List following entry of this Final Order.

14. The Debtor is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Final Order.

15. Nothing in the Motion or this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtor or of any claims or causes of action which may exist against any Utility Company, or shall impair the ability of the Debtor to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Final Order.

16. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

17. This Final Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

-6-

      18.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Final Order.

**EXHIBIT 1**

**Utility Services List**

| Utility Company | Account Number | Address | Description of Utility Services | Monthly Average | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| AT&T | | 2180 LAKE BLVD. NE 10B85 ATLANTA, GA 30319; PO BOX 5095 CAROL STREAM, IL 60197-5095 | Telephone | $301.22 | $0 | $139.03 |
| AVAYA CLOUD, INC. | 599707032 | 4655 GREAT AMERICA PARKWAY SANTA CLARA, CA 95054 | Telephone | $9,800.42 | $0 | $4,523.27 |
| COMCAST CABLE COMMUNICATION MGT | 8773100500306358; 8773100500298183 | MANAGEMENT LLC PO BOX 70219 PHILADELPHIA, PA 19176-0219 | Telephone | $401.45 | $0 | $185.28 |
| DIRECT ENERGY BUSINESS | 1572532 | PO BOX 32179 NEW YORK, NY 10087-2179; PO BOX 70220 PHILADELPHIA, PA 19176-0220 | Electricity | $27,692.03 | $0 | $12,780.94 |

| Utility Company | Account Number | Address | Description of Utility Services | Monthly Average | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| EVERSOURCE | 1637 371 0017; 1072 949 0028; 1637 372 0016; 2574 933 1002 | PO BOX 56007 BOSTON, MA 02205-6007 | Electricity; Natural Gas | $24,322.12 | $0 | $11,225.59 |
| GRANITE TELECOMMUNICATIONS LLC | 1659852 | PO BOX 983119 BOSTON, MA 02298-3119; 100 NEWPORT AVENUE EXTENSION QUINCY, MA 02171 | Telephone | $59.66 | $0 | $27.54 |
| HERITAGE INTERACTIVE SERVICES | N/A | 3719 W 96TH ST INDIANAPOLIS, IN 46268; PO BOX 681490 INDIANAPOLIS, IN 46268 | Waste Removal | $8,794.97 | $0 | $4,059.22 |
| KLT CARTING INC | N/A | 482 SOUTHBRIDGE ST, UNIT 338 AUBURN, MA 01501 | Waste Removal | $3,035.71 | $0 | $1,401.10 |

| Utility Company | Account Number | Address | Description of Utility Services | Monthly Average | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| LIFE SUPPORT SYSTEMS | N/A | 59 ALLIED DRIVE DEDHAM, MA 02026-6100 | Waste Removal | $71.30 | $0 | $32.91 |
| SPRAGUE OPERATING RESOURCES LLC | 72000221; 16373720016; 16373710017; 10729490028 | PO BOX 842985 BOSTON, MA 02284-2985; PO BOX 782532 PHILADELPHIA, PA 19178-2532 | Natural Gas | $2,649.75 | $0 | $1,222.96 |
| TOWN OF ASHLAND | 60003; 10-00100010-01; 10-00100020-01; 10-00100050-01; 10-00100060-01 | OFFICE OF COLLECTOR PO BOX 841 READING, MA 01867-0407; DEPT OF PUBLIC SERVICES 20 PONDEROSA RD. ASHLAND, MA 01721-1092; 101 MAIN ST. ASHLAND, MA 01721-1191 | Water/Sewer | $1,611.92 | $0 | $743.96 |

| Utility Company | Account Number | Address | Description of Utility Services | Monthly Average | Existing Deposits | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| VERIZON | 551-412-004-0001-47 | PO BOX 15124 ALBANY, NY 12212-5124 | Telephone | $763.27 | $0 | $352.28 |
| SUBURBAN PROPANE | 1108-129008 | PO BOX G WHIPPANY, NJ 07981-0406 | Propane Provider | $1,367.18 | $0 | $631.01 |