## **EXHIBIT B**

**Proposed Final Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (\_\_\_) |

**FINAL ORDER (I) AUTHORIZING THE DEBTOR TO MAINTAIN ITS CUSTOMER PROGRAMS AND HONOR RELATED PREPETITION OBLIGATIONS, (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Kidde-Fenwal, Inc. (the "Debtor"), for entry of an order (this "Final Order") (a) authorizing the Debtor, in its sole discretion, to (i) maintain and administer the Customer Programs and honor all Prepetition Customer Obligations in the ordinary course of business and in a manner consistent with past practice and (ii) renew, replace, implement, modify or terminate Customer Programs as the Debtor deems appropriate in its business judgment, in the ordinary course of business and consistent with past practice, without further order of the Court, (b) authorizing applicable banks and other financial institutions to honor and process related checks and transfers and (c) granting certain related relief, including scheduling the Final Hearing; and this Court having entered the *Interim Order (I) Authorizing the Debtor to Maintain Its Customer Programs and Honor Related Prepetition Obligations, (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers and (III) Granting Related Relief* [D.I. [•]]; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtor is authorized, in its sole discretion, to maintain, continue, renew, replace, implement, modify or terminate, in the ordinary course of business and consistent with past practice, the Customer Programs as needed, including through cash disbursements, without obtaining any further order of the Court.

3. The Debtor is authorized, in its sole discretion, to satisfy the Prepetition Customer Obligations, as they come due in the ordinary course of business.

4. The Debtor is authorized to issue postpetition checks, or to effect postpetition electronic fund transfers, in replacement of any checks or electronic fund transfers in respect of payments authorized by this Final Order that are dishonored or rejected after the Petition Date.

5. The Debtor is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Final Order.

6. In accordance with this Final Order (or other order of this Court), each of the financial institutions at which the Debtor maintains its accounts relating to the payment of the obligations described in the Motion are authorized to (a) receive, process, honor and pay all checks presented for payment and to honor all fund transfer requests made by the Debtor related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtor with respect to which checks, drafts, wires or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on or subsequent to the Petition Date, without any duty to inquire otherwise and without any liability for following the Debtor's instructions.

7. Nothing in the Motion or this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtor or of any claims or causes of action which may exist against any customer, or shall impair the ability of the Debtor to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Final Order.

8. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

9. This Final Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

-4-

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Final Order.