**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | |
| KIDDE-FENWAL, INC.,[1] | Chapter 11 |
| Debtor. | Case No. 23-10638 (___) |

**MOTION OF DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE DEBTOR TO PAY PREPETITION CONTRACT WORKER
OBLIGATIONS, (II) AUTHORIZING THE DEBTOR TO CONTINUE THE
CONTRACT WORKER OBLIGATIONS, (III) AUTHORIZING FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS
AND (IV) GRANTING RELATED RELIEF**

Kidde-Fenwal, Inc. (the "Debtor") hereby submits this motion (this "Motion") for

entry of an interim order, substantially in the form attached hereto as Exhibit A (the "Interim

Order"), and a final order, substantially in the form attached hereto as Exhibit B (the "Final

Order" and together with the Interim Order, the "Orders"), pursuant to sections 105(a), 363(b),

363(c), 507(a)(4) and 507(a)(5), 1107(a) and 1108 of title 11 of the United States Code, 11

U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and rule 2015-2 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"Local Rules"), (a) authorizing the Debtor, in its sole discretion, to pay prepetition Contract

Worker Obligations (as defined below) and continue such obligations postpetition in the ordinary

course of business, (b) authorizing applicable banks and other financial institutions to honor and

process related checks and transfers and (c) granting certain related relief, including scheduling a

hearing to consider approval of the Motion on a final basis (the "Final Hearing").  Certain facts

supporting this Motion are set forth in the *Declaration of James A. Mesterharm in Support of*

---

[1]    The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282.  The Debtor's corporate
headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

*Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration").  In further support of the Motion, the Debtor respectfully states as follows:

## Background

1.      The Debtor is a Delaware corporation with its headquarters in Ashland, Massachusetts.  The Debtor manufactures fire protection and suppression systems, including fire detectors, alarm notification appliances, fire-suppression control units and fire suppression-agent delivery systems.  The Debtor also manufactures electronic gas burner controls, mechanical temperature controls and fire and overheat detectors.

2.      On the date hereof (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a voluntary petition for relief under the Bankruptcy Code.  The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no creditors' committee, trustee or examiner has been appointed in the Debtor's chapter 11 case (the "Chapter 11 Case").

3.      Additional factual background relating to the Debtor's business and the commencement of this Chapter 11 Case is set forth in the First Day Declaration.

## Facts Specific to the Relief Requested

4.      In the ordinary course of business, the Debtor supplements its workforce with outsourced service workers (the "Outsourced Service Workers") and independent sales representatives who receive monthly commission payments only (the "Commissioned Workers" and together with the Outsourced Service Workers, the "Contract Workers").  The Outsourced Service Workers are employed directly by approximately eight staffing agencies, which send invoices to the Debtor.  The Debtor pays approximately five firms on behalf of the Commissioned Workers on a monthly basis based on sales and associated commissions.  As of

the Petition Date, the Debtor has approximately 55 Contract Workers, consisting of 48 Outsourced Service Workers and seven Commissioned Workers.

5.      The Contract Workers are critical to the operation of the Debtor's business.  Contract Workers perform a wide variety of job functions, including engineering, manufacturing, field technicians, maintenance, marketing and communications, information technology, sales, finance and other facility and office management functions.  Many of these individuals are also highly trained and have an essential working knowledge of the Debtor's operations and infrastructure and, therefore, cannot be easily replaced.  Moreover, the Debtor believes that many Contract Workers rely on their compensation to pay their daily living expenses and support their families.  These individuals would experience significant hardship if their compensation were disrupted by this Chapter 11 Case.

6.      By this Motion, the Debtor seeks authorization to honor amounts owed as of the Petition Date to the relevant staffing agencies on account of the Contract Workers, in an amount not to exceed $475,000 on an interim basis and $570,000 on a final basis, and to continue to engage and compensate the Contract Workers postpetition in the ordinary course of business (collectively, the "Contract Worker Obligations").

7.      By the *Motion of Debtor for Entry of (I) an Interim Order Authorizing the Debtor to Continue Operating Under the Shared Services Agreement and (II) a Final Order Authorizing the Debtor's Assumption of the Shared Services Agreement*, filed concurrently herewith, the Debtor is separately seeking approval of a Shared Services Agreement (as defined in therein), pursuant to which the Debtor's ultimate parent, Carrier Global Corporation ("Carrier"), will, as a service provider under the Shared Services Agreement, perform payroll, benefits and related services for the employees of the Debtor at the Debtor's direction.  By this

-3-

Motion, the Debtor is not seeking authority to reimburse Carrier for any prepetition amounts

owed on account of such services.

## Jurisdiction

8.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory predicates for the relief requested herein are sections 105(a), 363(b), 363(c),

507(a)(4) and 507(a)(5), 1107(a) and 1108 of the Bankruptcy Code and Local Rule 2015-2.

Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order or judgment

by the Court in connection with this Motion to the extent it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of

the United States Constitution.

## Relief Requested

9.      By this Motion, the Debtor requests entry of the Interim and Final Orders,

substantially in the forms attached hereto as Exhibit A and Exhibit B, respectively,

(a) authorizing the Debtor, in its sole discretion, to pay prepetition Contract Worker Obligations

and continue such obligations postpetition in the ordinary course of business, (b) authorizing

applicable banks and other financial institutions to honor and process related checks and

transfers and (c) granting certain related relief, including scheduling the Final Hearing.

## Basis for Relief

**I.      Sufficient Cause Exists to Authorize the Debtor to Honor Prepetition Contract
Worker Obligations.**

10.      Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code entitle the

Contract Worker Obligations to priority treatment to the extent such payments do not exceed

$15,150 for each individual. As priority claims, the Debtor is required to pay these claims in full to confirm a chapter 11 plan. *See* 11 U.S.C. § 1129(a)(9)(B) (requiring payment in full of certain allowed unsecured claims, given priority under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, for (a) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual and (b) contributions to an employee benefit plan). Granting the relief requested herein is consistent with the Bankruptcy Code's purpose of ensuring that the Contract Workers are paid in full on account of the priority status of their claims, up to the statutorily imposed limit. To the extent that a Contract Worker receives less than $15,150 on account of claims entitled to priority, payment of such amounts affects only the timing of such payments and does not have any negative impact on the Debtor's estate. Accordingly, the Debtor submits that no prejudice to creditors or other parties in interest would result from granting the relief requested herein.

11. Furthermore, the Debtor submits that payment of the prepetition Contract Worker Obligations at this time reduces the risk of attrition that would inevitably result if the Debtor ceased payments. The continued and dedicated performance of the Contract Workers is vital to the success of this Chapter 11 Case. Such engagement cannot be achieved absent continued payment and administration of the Contract Worker Obligations.

**II.  Payment of the Contract Worker Obligations Is Appropriate Under Sections 105(a), 363(b), 1107(a) and 1108 of the Bankruptcy Code.**

12. Payment of the Contract Worker Obligations is also appropriate under sections 105(a), 363(b), 1107(a) and 1108 of the Bankruptcy Code. The Debtor is operating its business as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code, and is therefore a fiduciary "holding the bankruptcy estate and operating the business for the benefit of its creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the duties of a chapter 11 debtor-in-possession is the

duty "to protect and preserve the estate, including an operating business's going-concern value." *Id*. Consistent with a debtor's fiduciary duties to preserve the estate, courts have authorized payment of prepetition obligations pursuant to sections 105(a) and 363(b) of the Bankruptcy Code. *See*, *e.g.*, *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) ("the bankruptcy court has considerable discretion" in granting motions pursuant to section 363(b)); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (stating that section 363(b) provides a court "broad flexibility" to authorize a debtor to satisfy prepetition claims where supported by a proper business justification); *In re Just for Feet, Inc.*, 242 B.R. 821, 824 (D. Del. 1999) ("Section 105(a) of the Code provides a statutory basis for the payment of pre-petition claims."). Indeed, courts have recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the preplan satisfaction of a prepetition claim." *In re CoServ, L.L.C.*, 273 B.R. at 497.

13.    Section 363(b) of the Bankruptcy Code empowers the Court to allow a debtor, in the exercise of its sound business judgment and after notice and a hearing, to "use, sell, or lease, other than in the ordinary course of business, property of the estate." *See* 11 U.S.C. § 363(b)(1); *see also In re Just For Feet, Inc.*, 242 B.R. at 825 ("The Supreme Court, the Third Circuit, and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11."). For a court to approve the use, sale, or lease of estate property under section 363(b) of the Bankruptcy Code, including the payment of prepetition claims, the debtor must "articulate some business justification, other than mere appeasement of major creditors . . . ." *In re Ionosphere Clubs, Inc.*, 98 B.R. at 175; *see also In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 939 (Bankr. D. Del. 1992) (recognizing that "[i]f payment of a pre-petition claim 'is essential to the continued operation of [the debtor], payment may be authorized'") (citing *In re Lehigh & N. E. Ry. Co.*,

657 F.2d 570, 581 (3d Cir. 1981)).  Moreover, "[w]here the debtor articulates a reasonable basis

for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts

will generally not entertain objections to the debtor's conduct."  *In re Johns-Manville Corp.*, 60

B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted).  Under this section, a court may

authorize a debtor to pay certain prepetition claims.  *See In re Ionosphere Clubs, Inc.*, 98 B.R. at

175 (stating that the bankruptcy court's prior determination to permit payment of prepetition

claims under section 363(b) was justified).

14.     Additionally, section 105(a) of the Bankruptcy Code authorizes the Court

to issue "any order, process, or judgment that is necessary or appropriate to carry out the

provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  A bankruptcy court's use of its

equitable powers to "authorize the payment of prepetition debt when such payment is needed to

facilitate the rehabilitation of the debtor is not a novel concept."  *In re Ionosphere Clubs, Inc.*, 98

B.R. at 175.  Under section 105(a), the Court "can permit pre-plan payment of a pre-petition

obligation when essential to the continued operation of the debtor."  *In re NVR L.P.*, 147 B.R.

126, 127 (Bankr. E.D. Va. 1992); *see also In re Just for Feet, Inc.*, 242 B.R. at 825 ("To invoke

the necessity of payment doctrine, a debtor must show that payment of the pre-petition claims is

critical to the debtor's reorganization."); *see also In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835

(Bankr. S.D.N.Y. 1996) (recognizing that the doctrine of necessity "permits the bankruptcy court

to authorize the payment of prepetition claims prior to confirmation").

15.     Courts in this district have recognized the "necessity of payment"

doctrine.  *See, e.g.*, *In re Energy Future Holdings Corp.*, 561 B.R. 630, 642-43 (Bankr. D. Del.

2016) ("The Third Circuit has explained that a 'necessity of payment' rule is intended to benefit

all parties and is applicable when such payment is critical to the Debtors' reorganization."); *In re*

*Lehigh & N. E. Ry. Co.*, 657 F.2d at 581 ("[T]he 'necessity of payment' doctrine . . . teaches no

more than, if payment of a claim which arose prior to reorganization is essential to the continued operation of the [debtor] during reorganization, payment may be authorized even if it is made out of corpus.").

16.     The necessity of payment doctrine is designed to foster a debtor's rehabilitation, which courts have recognized is "the paramount policy and goal of Chapter 11." *In re Ionosphere Clubs, Inc.*, 98 B.R. at 176; *In re Chateaugay Corp.*, 80 B.R. 279, 287 (S.D.N.Y. 1987) (authorizing payment of prepetition workers' compensation claims on grounds that the fundamental purpose of reorganization and equity powers of bankruptcy courts "is to create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately"); *In re Just for Feet*, 242 B.R. at 826 (finding that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization"); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[A] general practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment."); *In re CoServ, L.L.C.*, 273 B.R. at 497 ("[I]t is only logical that the bankruptcy court be able to use Section 105(a) of the [Bankruptcy] Code to authorize satisfaction of the prepetition claim in aid of preservation or enhancement of the estate."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (approving payment of prepetition unsecured claims of tool makers as "necessary to avert a serious threat to the Chapter 11 process").

17.     The relief requested herein represents a sound exercise of the Debtor's business judgment and is necessary for the preservation of the Debtor's resources and going-concern value of its estate.  Payment of the Contract Worker Obligations is critical to the Debtor's uninterrupted operations.  The Contract Workers comprise a critical part of the Debtor's

workforce.  Failure to pay outstanding prepetition amounts to the Contract Workers could result in their departures, which in turn would disrupt the Debtor's operations at this critical juncture. Accordingly, the Debtor submits that the relief requested is essential, appropriate, and in the best interests of the estate and should be granted.

18.    Courts in this district have routinely granted relief similar to the relief requested herein.  *See*, *e.g.*, *In re Lucira Health Inc.*, No. 23-10242 (MFW) (Mar. 21, 2023) (authorizing the debtors to pay accrued compensation and other amounts owed to employees and independent contractors); *In re Codiak BioSciences, Inc.,* No. 23-10350 (MFW) (Apr. 17, 2023) (same); *In re Boxed, Inc.,* 23-10397 (BLS) (Apr. 25, 2023) (same); *In re Nuverra Envtl. Solutions, Inc.*, No. 17-10949 (KJC) (June 5, 2017) (authorizing the debtors to pay wages, salaries and other accrued compensation to employees, independent contractors, and directors).

## III.    Cause Exists to Authorize Applicable Banks and/or Financial Institutions to Honor Checks and Electronic Fund Transfers.

19.    In order to stabilize the Debtor's operations and to smoothly transition into chapter 11, it is imperative that the Debtor maintains its ability to perform its most basic functions.  The Debtor therefore requests that all applicable banks and other financial institutions should be authorized, when requested by the Debtor in its discretion, to receive, process, honor and pay any and all checks and fund transfer requests made by the Debtor related to the Contract Worker Obligations, whether such checks or fund transfer requests were submitted prior to or after the Petition Date.  Any such financial institution may rely on the representations of the Debtor as to which checks and fund transfer requests are made and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability for following the Debtor's instructions.  The Debtor also seeks authority to issue new postpetition checks, or effect new electronic funds transfers, to replace any prepetition checks or electronic funds transfer requests that may be dishonored or rejected as a result of the commencement of

this Chapter 11 Case with respect to amounts owed in connection with the Contract Worker Obligations.

## **Bankruptcy Rule 6003 Is Satisfied**

20.     In order for a debtor to obtain relief to make payments within 21 days of the Petition Date, it must establish that making such payments satisfies the requirements mandated by Bankruptcy Rule 6003—namely, the relief requested is necessary to avoid "immediate and irreparable harm."  If a debtor's prospect of reorganizing is threatened, or swift diminution in value of the debtor's estate is likely absent the granting of the requested relief, immediate and irreparable harm likely exists.  *See In re WorldSpace, Inc.*, 2008 WL 8153639, at *2 (Bankr. D. Del. Oct. 20, 2008) (finding that relief requested by the debtors was necessary to avoid irreparable harm to the debtors and their estates because such relief was essential for the continued operation of the debtors' businesses).

21.     Immediate and irreparable harm would result if the relief requested herein is not granted.  Failure to pay the prepetition Contract Worker Obligations would risk a reduced workforce and distract the Debtor from its vital task of stabilizing its business as it transitions into chapter 11.  These events would adversely affect the Debtor's business, thereby causing immediate and irreparable harm.  Failure to receive the requested relief during the first 21 days of this Chapter 11 Case would severely disrupt the Debtor's operations at this important juncture.  For the reasons discussed herein, the relief requested is necessary for the Debtor to operate its business in the ordinary course and preserve the value of the Debtor's assets and maximize the value of the estate for the benefit of all stakeholders.  Accordingly, the Debtor respectfully submits that it has satisfied Bankruptcy Rule 6003 as it relates to the relief requested herein.

-10-

## **Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

22.     Given the nature of the relief requested herein, the Debtor respectfully requests a waiver of (a) the notice requirements under Bankruptcy Rule 6004(a) and (b) the 14 day stay under Bankruptcy Rule 6004(h).  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise."  For the reasons described above, the relief requested is essential to prevent potentially irreparable damage to the Debtor's operations, value and ability to reorganize.

## **Reservation of Rights**

23.     Nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its estate; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate to contest the validity, priority, or amount of any claim against the Debtor or its estate; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtor.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## **Notice**

24.     No creditors' committee, trustee or examiner has been appointed in this Chapter 11 Case.  Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Securities and Exchange Commission; (c) the

Internal Revenue Service; (d) the United States Department of Justice; (e) the Office of the United States Attorney for the District of Delaware; (f) liaison counsel to the tort claimants; (g) the state attorneys general who have commenced litigation proceedings against the Debtor; (h) the parties identified on the Debtor's list of top 20 counsel; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered in connection with this Motion will be served on all parties in accordance with Local Rule 9013-1(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

### Conclusion

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter the Interim Order, substantially in the form attached hereto as <u>Exhibit A</u>, (b) enter the Final Order, substantially in the form attached hereto as <u>Exhibit B</u>, and (c) grant such other and further relief as is just and proper.

Dated: May 14, 2023
       Wilmington, Delaware

**MORRIS NICHOLS ARSHT & TUNNELL LLP**

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Tamara K. Mann (No. 5643)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (*pro hac vice* pending)
Brian D. Glueckstein (*pro hac vice* pending)
Justin J. DeCamp (*pro hac vice* pending)
Alexa J. Kranzley (*pro hac vice* pending)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       gluecksteinb@sullcrom.com
       decampj@sullcrom.com
       kranzleya@sullcrom.com

*Proposed Counsel for the Debtor and Debtor-in-Possession*