# EXHIBIT A

**Proposed Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (\_\_\_) |

### INTERIM ORDER AUTHORIZING THE DEBTOR TO CONTINUE OPERATING UNDER THE SHARED SERVICES AGREEMENT

Upon the motion (the "Motion")[2] of Kidde-Fenwal, Inc. (the "Debtor"), for entry of an order (this "Interim Order") (a) authorizing the Debtor, in its sole discretion, to continue operating under the Shared Services Agreement and (b) granting certain related relief, including scheduling the Final Hearing; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of

---

[1]     The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282.  The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

-2-

the Debtor, its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized to continue operating and performing its obligations under the Shared Services Agreement on an interim basis subject to the entry of the Final Order, including its obligation to pay (or be deemed to pay) the fees, expenses and reimbursement amounts thereunder; *provided* that prior to the entry of the Final Order, the Debtor is not authorized to reimburse Carrier for any expenditure relating to any period prior to the Petition Date.

3. Carrier shall not have any liability to any person for a good faith error made despite implementation of reasonable item handling procedures, including, without limitation, any inadvertent dishonoring of any payment or other disbursement directed to be made by the Debtor. Carrier shall not be responsible for monitoring, or liable to any person for honoring, any payment or other transfer made or directed by the Debtor in contravention of the terms of this Interim Order or any other order of the Court. The Debtor shall remain responsible for any reimbursement or payment due to Carrier under the Shared Services Agreement with respect to any payment or transfer that Carrier was directed by the Debtor to pay.

4. The Debtor is not authorized to reimburse Carrier for payments made on the Debtor's behalf on account of the Bonus Programs or the Severance Practice prior to entry of the Final Order.

5. The Debtor is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

6. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

7. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

8. This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

9. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

10. The final hearing with respect to the relief requested in the Motion shall be held on _____, 2023 at _____ (prevailing Eastern Time). Any objections or responses to entry of the proposed Final Order shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on** _____, 2023 and served on the following parties: (a) proposed co-counsel to the Debtor, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899, Attn: Derek C. Abbott (dabbott@morrisnichols.com) and Andrew R. Remming (aremming@morrisnichols.com); (b) co-counsel to Carrier Corporation, (i) Simpson Thacher & Bartlett LLP, 425 Lexington Ave., New York, NY 10017, Attn: Sunny Singh (sunny.singh@stblaw.com) and Nicholas Baker (nbaker@stblaw.com) and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King St., Wilmington, DE 19801, Attn: Paul N. Heath (Heath@rlf.com) and Zachary I. Shapiro (Shapiro@rlf.com); (c) counsel to any official

statutory committee appointed in this Chapter 11 Case; (d) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov); and (e) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.