## EXHIBIT B

**Proposed Final Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (___) |

**FINAL ORDER AUTHORIZING THE DEBTOR'S ASSUMPTION OF
THE SHARED SERVICES AGREEMENT**

Upon the motion (the "Motion")[2] of Kidde-Fenwal, Inc. (the "Debtor"), for entry of an order (this "Final Order") (a) authorizing the Debtor, in its sole discretion, to assume the Shared Services Agreement and (b) granting certain related relief, including scheduling the Final Hearing; and this Court having entered the *Interim Order Authorizing the Debtor to Continue Operating Under the Shared Services Agreement* [D.I. [•]]; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

-2-

on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtor is authorized to assume the Shared Services Agreement *nunc pro tunc* to the Petition Date. The Debtor is authorized to act and perform in accordance with the terms and conditions of the Shared Services Agreement.

3. The Debtor has demonstrated that it has satisfied the requirements set forth in section 365(b)(1) of the Bankruptcy Code.

4. Assumption of the Shared Services Agreement shall be effective notwithstanding a dispute over the ultimate prepetition affiliate balance. Any cure amount must be paid by the earlier of (a) when the Debtor and Carrier agree to an amount or (b) the date specified in a final and non-appealable order entered by this Court determining such amount.

5. Neither the Debtor nor Carrier shall be deemed to have waived any claims or defenses it may have that do not relate to the Shared Services Agreement for any reason, including, with respect to Carrier, on account of not asserting any additional cure amounts under the Shared Services Agreement.

6. The Shared Services Agreement and any related agreements, documents or instruments may be modified, supplemented or waived by the parties thereto in accordance with the terms thereof, in each case without further order of the Court.

7. The Debtor is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Final Order.

8. Carrier shall not have any liability to any person for a good faith error made despite implementation of reasonable item handling procedures, including, without limitation, any inadvertent dishonoring of any payment or other disbursement directed to be made by the Debtor. Carrier shall not be responsible for monitoring, or liable to any person for honoring, any payment or other transfer made or directed by the Debtor in contravention of the terms of this Final Order or any other order of the Court. The Debtor shall remain responsible for any reimbursement or payment due to Carrier under the Shared Services Agreement with respect to any payment or transfer that Carrier was directed by the Debtor to pay.

9. Nothing in the Motion or this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor or a waiver of the right of the Debtor or of any claims or causes of action which may exist against any Carrier, or shall impair the ability of the Debtor to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Final Order.

10. All parties' rights with respect to the Pool Balance Undisputed Cash, the Advance Payment Deposit, the Disputed Offsets and the Debtor's affiliate balance against the Carrier Cash Pool are reserved.

11. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

12. This Final Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

-4-

13. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Final Order.