**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (LSS)<br><br>**Ref. D.I. 4** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) FILE UNDER SEAL PORTIONS OF THE CREDITOR MATRIX CONTAINING CERTAIN INDIVIDUAL CREDITOR INFORMATION, (B) LIST ADDRESSES OF TORT CLAIMANTS' COUNSEL IN THE CREDITOR MATRIX AND OTHER FILINGS IN LIEU OF TORT CLAIMANTS' ADDRESSES AND SERVE TORT CLAIMANTS AT SUCH ADDRESSES AND (C) LIST THE TWENTY LAW FIRMS REPRESENTING THE LARGEST NUMBER OF TORT CLAIMANTS INSTEAD OF THE TWENTY LARGEST UNSECURED CREDITORS, (II) APPROVING NOTICE OF COMMENCEMENT PROCEDURES AND (III) WAIVING <u>CERTAIN CAPTION REQUIREMENTS</u>**

Upon the motion (the "<u>Motion</u>")[2] of Kidde-Fenwal, Inc. (the "<u>Debtor</u>"), for entry of an order (this "<u>Interim Order</u>") (a) authorizing the Debtor, in its sole discretion, to (i) file under seal portions of the Creditor Matrix containing certain individual creditor information, (ii) list the addresses of counsel for the Tort Claimants in the Creditor Matrix and other filings in lieu of the Tort Claimants' addresses and serve all notices, mailings and other communications in this Chapter 11 Case on the Tort Claimants' counsel and (iii) file the Top Twenty Counsel List in lieu of filing a list of the 20 largest unsecured creditors, (b) authorizing the Debtor to implement certain procedures for the mailing and publication of Notice of Commencement and (c) waiving certain caption requirements; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being

---

[1]     The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282.  The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED on an interim basis as set forth herein.

2.     The Debtor is authorized, on an interim basis, to redact the addresses of its individual creditors from any filings with the Court or made publicly available in this Chapter 11 Case.

3.     The Debtor shall provide unredacted copies of any filings redacted pursuant to this Order to (a) the Court, the U.S. Trustee and any official committee appointed in this Chapter 11 Case and (b) any party in interest upon reasonable request. If a dispute arises regarding the reasonableness of such a request between the Debtor and a party other than the U.S. Trustee or any official committee, and the Debtor is unable to reach an alternative resolution with the requesting party, such party shall request a hearing before the Court to resolve the dispute. Each party receiving an unredacted copy of the Creditor Matrix or any other applicable documents shall keep personally identifiable information that is otherwise being

redacted pursuant to the authority granted by this Order confidential unless otherwise required to be disclosed by law or court order.

4. Upon request of a party in interest, the Court may, upon a showing of good cause, release some or all of the personally identifiable information that is being redacted pursuant to the authority granted by this Order. All parties' rights are reserved.

5. Subject to paragraph 2 of this Order, the Debtor is authorized, on an interim basis, to list in the Creditor Matrix, (a) the name and address of each Tort Claimant whose personal address is known to the Debtor as of the Petition Date, and separately list the name and address of such Tort Claimant's known counsel and (b) with respect to those Tort Claimants whose personal addresses are not known to the Debtor as of the Petition Date, the names of each such Tort Claimant, followed by the name and address of known counsel of record for such Tort Claimant, in lieu of the address of the Tort Claimant. With respect to the Tort Claimants whose personal addresses are known to the Debtor as of the Petition Date, the Debtor shall serve and provide all notices, mailings and other communications that are required to be served on the Tort Claimants to such Tort Claimants at their personal addresses, as well as to the respective counsel of record for such claimants, in the manner required pursuant to otherwise applicable notice procedures in effect in this Chapter 11 Case. With respect to the Tort Claimants whose personal addresses are not known to the Debtor as of the Petition Date, the Debtor shall serve and provide all notices, mailings and other communications that are required to be served on such Tort Claimants to the respective counsel of record for such claimants, to the extent available and based upon the information available to the Debtor, in the manner required pursuant to otherwise applicable notice procedures in effect in this Chapter 11 Case; *provided* that the Debtor will (or direct the Claims and Noticing Agent to) directly serve and provide all notices, mailings and other communications required to be served on any Tort Claimant who

requests such direct notice from the Debtor in writing and provides the Debtor with their address, or who files a request for notice under Bankruptcy Rule 2002.

6. For counsel representing multiple Tort Claimants, the Debtor may serve each document only a single time on such counsel on behalf of all such counsel's clients; *provided* that any notice or other document relating specifically to one or more particular Tort Claimant (rather than all Tort Claimants represented by such counsel) shall clearly identify such parties.

7. Subject to entry of a final order on the Motion, and except as provided by any other subsequent order of this Court (including but not limited to any order establishing the form and manner of noticing of any claims bar dates or plan solicitation and voting procedures in these cases), the Debtor is not required to provide further notice to Tort Claimants beyond the notice set forth herein.

8. The Debtor is authorized, on an interim basis, to file the Top Twenty Counsel List in lieu of a list of creditors holding that 20 largest unsecured claims.

9. All pleadings filed in this Chapter 11 Case shall bear a caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | |
| KIDDE-FENWAL, INC.,[1] | Chapter 11 |
| Debtor. | Case No. 23-10638 (LSS) |

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

10. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n), or such requirements are hereby otherwise waived.

11. The Debtor, with the assistance of the Claims and Noticing Agent, shall (a) cause the Notice of Commencement to be published once in the national edition of the *New York Times* and (b) post the Notice of Commencement on the Case Website established by the Claims and Noticing Agent.

12. The form and manner of notice provided herein, including publication notice, are hereby approved in their entirety.

13. The Debtor and the Claims and Noticing Agent are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

14. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

15. The final hearing with respect to the relief requested in the Motion shall be held on _____, 2023 at _____ (prevailing Eastern Time).  Any objections or responses to entry of the proposed Final Order shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on** _____, 2023 and served on the following parties: (a) proposed co-counsel to the Debtor, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899, Attn: Derek C. Abbott (dabbott@morrisnichols.com) and Andrew R. Remming (aremming@morrisnichols.com); (b) counsel to any official statutory committee appointed in this Chapter 11 Case; (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801,

Attn: Timothy J. Fox (timothy.fox@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.