IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (LSS)<br><br>**Re: D.I. 8** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION CONTRACT WORKER OBLIGATIONS, (II) AUTHORIZING THE DEBTOR TO CONTINUE THE CONTRACT WORKER OBLIGATIONS, (III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Kidde-Fenwal, Inc. (the "Debtor"), for entry of an order (this "Interim Order") (a) authorizing the Debtor, in its sole discretion, to pay prepetition Contract Worker Obligations and continue such obligations postpetition in the ordinary course of business, (b) authorizing applicable banks and other financial institutions to honor and process related checks and transfers and (c) granting certain related relief, including scheduling the Final Hearing; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

-2-

that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized, on an interim basis, in its sole discretion, to pay prepetition Contract Worker Obligations in an aggregate interim amount not to exceed $475,000 prior to entry of the Final Order, and to continue such obligations postpetition in the ordinary course of business.

3. All applicable banks and other financial institutions are authorized, on an interim basis, when requested by the Debtor in its discretion, to receive, process, honor and pay any and all checks and fund transfer requests made by the Debtor related to the Contract Worker Obligations, whether such checks or fund transfer requests were submitted prior to or after the Petition Date. Any such financial institution may rely on the representations of the Debtor as to which checks and fund transfer requests are made and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability for following the Debtor's instructions.

4. The Debtor is authorized, on an interim basis, to issue new postpetition checks, or effect new electronic funds transfers, to replace any prepetition checks or electronic funds transfer requests that may be dishonored or rejected as a result of the commencement of

this Chapter 11 Case with respect to amounts owed in connection with the Contract Worker Obligations.

      5.      The Debtor is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

      6.      Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtor or of any claims or causes of action which may exist against any Contract Worker, or shall impair the ability of the Debtor to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Interim Order.

      7.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

      8.      The requirements set forth in Bankruptcy Rule 6004(a) are waived.

      9.      This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

      10.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

      11.      The final hearing with respect to the relief requested in the Motion shall be held on **June 23, 2023 at 10:00 a.m. (prevailing Eastern Time)**. Any objections or responses to entry of the proposed Final Order shall be filed on or before **4:00 p.m. (prevailing**

**Eastern Time) on June 16, 2023** and served on the following parties: (a) proposed co-counsel to the Debtor, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899, Attn: Derek C. Abbott (dabbott@morrisnichols.com) and Andrew R. Remming (aremming@morrisnichols.com); (b) counsel to any official statutory committee appointed in this Chapter 11 Case; (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.

Dated: May 16th, 2023
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE