IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (LSS)<br><br>**Re: D.I. 9** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION TRADE CLAIMS, (II) GRANTING ADMINISTRATIVE EXPENSE PRIORITY TO ALL UNDISPUTED OBLIGATIONS ON ACCOUNT OF OUTSTANDING ORDERS, (III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Kidde-Fenwal, Inc. (the "Debtor"), for entry of an order (this "Interim Order"), (a) authorizing the Debtor, in its sole discretion, to pay prepetition Trade Claims, (b) granting administrative expense priority to all undisputed obligations on account of Outstanding Orders, (c) authorizing applicable banks and other financial institutions to honor and process related checks and transfers and (d) granting certain related relief, including scheduling the Final Hearing; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282.  The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized to pay the Critical Vendor Claims, as the Debtor determines to be necessary or appropriate, in an interim aggregate amount not to exceed $1.68 million prior to entry of the Final Order.

3. The Debtor is authorized to pay the Foreign Vendor Claims, as the Debtor determines to be necessary or appropriate, in an interim aggregate amount not to exceed $825,000 prior to entry of the Final Order.

4. The Debtor is authorized to pay the HSE Claims, as the Debtor determines to be necessary or appropriate, in an interim aggregate amount not to exceed $20,000 prior to entry of the Final Order.

5. The Debtor is authorized to pay the Critical Vendor Claims, Foreign Vendor Claims and HSE Claims that are 503(b)(9) Claims.

6. The Debtor is authorized to pay the Lien Claims, as the Debtor determines to be necessary or appropriate, in an interim aggregate amount not to exceed $730,000 prior to entry of the Final Order.

7. The Debtor is authorized, in its sole discretion, to treat any and all undisputed obligations on account of Outstanding Orders as an administrative expense priority and pay, in the ordinary course of business, all such amounts when they come due and owing.

8. Any Vendor that accepts payment from the Debtor on account of a Trade Claim shall be deemed to have agreed to the following terms and provisions:

    a. The Debtor, in its sole discretion, subject to the terms set forth below, shall determine which Trade Claims, if any, will be paid pursuant to the Orders;

    b. If a Vendor accepts payment, such Vendor is deemed to have agreed to continue to provide goods and/or services to the Debtor, on terms that are as good as, or better than, the terms and conditions (including credit terms) contained in any binding prepetition contract with the Debtor or, in the absence of such contract, such terms and conditions that existed as of 120 days prior to the Petition Date (collectively, the "Customary Terms"), during the pendency of this Chapter 11 Case;

    c. In the event that a Vendor does not have a binding prepetition contract with the Debtor, and the relationship between such Vendor and the Debtor does not extend to 120 days before the Petition Date, the Customary Terms shall mean the terms that the Vendor generally extends to its customers or such terms as are acceptable to the Debtor in the reasonable exercise of its business judgment;

    d. If a Vendor accepts payment and thereafter does not continue to provide goods and/or services on at least the Customary Terms (or as otherwise agreed by the Debtor) during the pendency of this Chapter 11 Case, then the Debtor may, in its sole discretion, deem (a) any payment on a prepetition claim received by such Vendor to be an unauthorized voidable postpetition transfer under section 549 of the Bankruptcy Code and, therefore, (i) recoverable by the Debtor in cash upon written request and (ii) upon recovery by the Debtor, any such prepetition claim shall be reinstated as if the payment had not been made; or (b) such payment to apply instead to any postpetition amount that may be owing to such Vendor;

    e. If the Debtor seeks to recover a payment from a Vendor because the Vendor does not continue to provide goods and/or services to the Debtor on at least the Customary Terms during the pendency of and after this Chapter 11 Case, the Vendor may contest such action

      by making a written request (a "Request") to the Debtor to schedule a hearing before this Court. If such a Request is made, the Debtor shall provide notice of a hearing on such Request to the Vendor making the Request and other interested parties; and

  f. Prior to making a payment on a disputed claim to a Vendor under the Orders, the Debtor may settle all or some of the disputed prepetition claims of such Vendor for less than their face amount without further notice or hearing.

The Debtor shall provide notice to Vendors of the Debtor's ability to pay prepetition Trade Claims and the consequence of acceptance of such payments.

  9. The Debtor is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

  10. In accordance with this Interim Order (or other order of this Court), each of the financial institutions at which the Debtor maintains its accounts relating to the payment of the obligations described in the Motion are authorized to (a) receive, process, honor and pay all checks presented for payment and to honor all fund transfer requests made by the Debtor related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtor with respect to which checks, drafts, wires or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on or subsequent to the Petition Date, without any duty to inquire otherwise and without any liability for following the Debtor's instructions.

  11. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in the Motion or this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to

pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion or a finding that any particular claim is an administrative expense or other priority claim; (e) a request or authorization to assume any prepetition agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the rights of any party in interest under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) are valid, and the rights of all parties-in-interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

12. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

13. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

14. This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

15. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

16. The final hearing with respect to the relief requested in the Motion shall be held on **June 23, 2023 at 10:00 a.m. (prevailing Eastern Time)**. Any objections or responses to entry of the proposed Final Order shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on June 16, 2023** and served on the following parties: (a) proposed co-counsel to the Debtor, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899, Attn: Derek C. Abbott (dabbott@morrisnichols.com) and Andrew R. Remming

(aremming@morrisnichols.com); (b) counsel to any official statutory committee appointed in this Chapter 11 Case; (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.

**Dated: May 16th, 2023**
**Wilmington, Delaware**

*Laurie Selber Silverstein*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

-6-