IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (LSS)<br><br>Ref. D.I. 10 |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE TO OPERATE ITS CASH MANAGEMENT SYSTEM, (B) PAY OR HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO AND (C) MAINTAIN ITS BANK ACCOUNTS AND EXISTING BUSINESS FORMS, (II) AUTHORIZING AFFILIATE TRANSACTIONS AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Kidde-Fenwal, Inc. (the "Debtor"), for entry of an order (this "Interim Order") (a) authorizing the Debtor, in its sole discretion, to (i) continue to operate the Cash Management System, (ii) pay or honor Prepetition Bank Fees, Prepetition Processing Fees and Card Obligations and (iii) maintain existing its Bank Accounts and existing Business Forms, (b) authorizing Affiliate Transactions and (c) granting certain related relief, including scheduling the Final Hearing; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized, on an interim basis and in its sole discretion, to continue operating its Cash Management System.

3. The Debtor is authorized, on an interim basis and in its sole discretion, to: (a) continue to use, with the same account numbers, the Bank Accounts, including those identified on <u>Exhibit D</u> attached to the Motion; (b) continue to maintain, service and administer the Bank Accounts for all purposes as accounts of the Debtor as debtor-in-possession and continue to use such accounts in the same manner with the same account numbers, styles and document forms as those employed prior to the Petition Date and provide related treasury, accounting and cash management services without interruption and in the ordinary course; (c) receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, credit card payments, other electronic transfers or other items presented, issued or drawn on the Bank Accounts; (d) pay the Prepetition Bank Fees, in addition to any other Bank Fees for prepetition transactions that are charged postpetition; (e) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts and any related cash management, treasury and accounting services, and to otherwise perform its obligations under

any and all documents and agreements governing the Bank Accounts and related cash management, treasury and accounting services, irrespective of whether such fees arose prior to or after the Petition Date; and (f) otherwise perform its obligations under the documents governing the Bank Accounts.

4. The Debtor is authorized to (a) pay the Prepetition Processing Fees, in addition to any other Processing Fees for prepetition transactions that are charged postpetition and (b) pay any ordinary course Processing Fees incurred postpetition.

5. The Debtor is authorized to continue the Card Program in the ordinary course of business and pay the Card Obligations, including prepetition Card Obligations in an aggregate amount not to exceed $20,000, in the ordinary course of business.

6. The Debtor is authorized to implement any changes to the Cash Management System it may deem necessary and appropriate in its sole discretion, in the ordinary course of business consistent with past practices, including opening any additional bank account or closing any Bank Account; *provided* that the Debtor shall give notice of any material change to the Cash Management System to the US. Trustee and counsel to any official statutory committee appointed in this Chapter 11 Case, within 15 days of such change; *provided further* that any new bank account opened by the Debtor shall be maintained with a bank that is an approved depository institution in accordance with the U.S. Trustee Guidelines.

7. The Debtor is authorized to continue using its existing Business Forms, in their present form, without reference to the Debtor's status as a debtor-in-possession; *provided*, *however*, that once the Debtor exhausts its existing Business Forms, any new Business Forms shall be clearly labeled "Debtor-in-Possession" and include the case number; *provided*, *further*, that within 15 days of entry of this Interim Order, the Debtor will update any electronically

produced Business Forms, or any other Business Forms which the Debtor or its agents print themselves, to reflect their status as "Debtor-in-Possession" and include the case number.

8. Each Bank[3] is authorized to permit the Debtor to continue to use the Cash Management System currently in place, as such Cash Management System is more fully described in the Motion, and manage the Debtor's cash in a manner consistent with the Debtor's prepetition practices; *provided* that the Bank is not authorized to settle prepetition Affiliate Transactions. Such Bank is hereby authorized to continue to maintain, service and administer all of the Bank Accounts as accounts of the Debtor as a debtor-in-possession without interruption and in the ordinary course of business in a manner consistent with any agreements between the Bank and the Debtor that existed prior to and as of the Petition Date, and to receive, process, honor and pay any and all checks, drafts, wires, ACH transfers, credit card payments, other electronic transfer requests and other items which originated (a) prepetition and were presented prepetition but honored postpetition, (b) prepetition but presented to the Bank for payment on a postpetition basis and (c) postpetition and are presented to the Bank for payment on a postpetition basis; *provided, however*, the Debtor may provide the Bank specific instructions to dishonor or refuse to pay particular prepetition checks, drafts and other items presented for payment against the Bank Accounts, subject to the normal procedures, fees and charges set forth in the account agreements relating to the Bank Accounts, and the Bank shall use commercially reasonable efforts to comply with all such specific instructions.

9. Any Bank participating in the Cash Management System shall not be liable to the Debtor, its estate or creditors for honoring or dishonoring a prepetition or postpetition check or other item drawn on any of the Bank Accounts as a result of this Interim

---

[3] The term "Bank" as used in this Interim Order shall include, in addition to the Bank with which the Debtor already maintains accounts, any other banks with which the Debtor opens new accounts pursuant to the terms of this Interim Order.

4

Order or at the direction of the Debtor.  No Bank shall have any liability to any person for a good faith error made despite implementation of reasonable item handling procedures, including, without limitation, any inadvertent dishonoring of any payment or other disbursement directed to be made by the Debtor.  No Bank shall be responsible for monitoring, or liable to any person for honoring, any payment or other transfer made or directed by the Debtor in contravention of the terms of this Interim Order or any other order of the Court.

10. The Debtor is authorized to settle postpetition Affiliate Transactions relating to the postpetition sale or receipt of goods with non-Debtor affiliates in cash; *provided* that pending entry of the Final Order, payments made by the Debtor to non-Debtor affiliates relating to the postpetition receipt of goods shall not exceed $1,000,000 in the aggregate.

11. The Debtor shall maintain accurate and detailed records of all transfers and transactions, including Affiliate Transactions, within the Cash Management System such that all postpetition transfers and transactions are adequately and promptly documented in, and readily ascertainable from, and traced and recorded properly on, their books and records.

12. The Bank shall not honor or pay any bank payments drawn on the Bank Accounts or otherwise issued before the Petition Date for which the Debtor specifically issues stop payment orders in accordance with applicable account agreements.

13. To the extent not already done, the Debtor shall promptly advise the Bank of the commencement of this Chapter 11 Case, and as soon as possible after entry of this Interim Order, the Debtor shall (a) serve a copy of this Interim Order on the Bank and (b) request that the Bank internally code each of the Bank Accounts as "debtor-in-possession" accounts.

14. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that

are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with the relief granted herein.

15. The Debtor is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

16. Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtor or of any claims or causes of action which may exist against any Bank, or shall impair the ability of the Debtor to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Interim Order.

17. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

18. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

19. This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

20. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

21. The final hearing with respect to the relief requested in the Motion shall be held on **June 23, 2023 at 10:00 a.m. (prevailing Eastern Time)**.  Any objections or responses to entry of the proposed Final Order shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on June 16, 2023** and served on the following parties: (a) proposed co-

counsel to the Debtor, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899, Attn: Derek C. Abbott (dabbott@morrisnichols.com) and Andrew R. Remming (aremming@morrisnichols.com); (b) counsel to any official statutory committee appointed in this Chapter 11 Case; (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.

Dated: May 16th, 2023  
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN  
UNITED STATES BANKRUPTCY JUDGE