IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10638<br><br><br>**Hearing: May 7, 2024 at 2:00 PM ET**<br><br>**Objections Due April 30, 2024 at 4:00PM** |

## THE CHUBB INSURERS' 2004 MOTION

1.	The Debtor is engaged in ongoing mediation with the Official Committee of Unsecured Creditors, the Ad Hoc Committee of Governmental Claimants, and the Plaintiff Executive Committee charged with prosecuting the multi-district litigation pending in the District Court for the District of South Carolina in the proceeding captioned *In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG (the "Committees"). *See* D.I. 660 (the "Mediation Order"). The mediation is, among other things, aimed at settling lawsuits against the Debtor related to its alleged manufacture, sale, and/or distribution of AFFF. Based on representations made by Debtor's counsel, ACE American Insurance Company, Century Indemnity Company (as successor to CIGNA Specialty Insurance Company f/k/a California Union Insurance Company; and as successor to CCI Insurance Company, as successor to Insurance Company of North America), Federal Insurance Company, and Pacific Employers Insurance Company (collectively, "the Chubb Insurers") understand that, in the mediation thus far, the Debtor and the Committees have exchanged various documents, including but not limited to drafts

of a plan of reorganization.  The Chubb Insurers are named defendants in an adversary proceeding within this bankruptcy case—*Kidde-Fenwal, Inc. v. Ace American Insurance Company et al.* (No. 23-50758)—in which the Debtor (i) asserts a breach of contract claim against its primary insurers for failing to reimburse approximately $10 million in prior defense costs, and (ii) seeks a declaration that future defense costs and indemnity obligations are covered by the Chubb Insurers' policies, among others.[1]  *See generally* Adv. Pro. D.I. 1.

2.  The Chubb Insurers' requested relief is straightforward and simple: the Chubb Insurers seek copies of the documents, including but not limited to drafts of the plan of reorganization, that the Debtor and the Committees have exchanged in the mediation so that the Chubb Insurers can fully and effectively protect their rights as parties-in-interest in the bankruptcy case, and meaningfully evaluate the underlying claims and any proposed resolution of such claims in a plan for compliance with the bankruptcy code.  The Debtor has to date declined to share with the Chubb Insurers documents that the Debtor has acknowledged it is sharing with the Committees.

3.  Bankruptcy Rule 2004 was created for this very purpose—to allow parties-in-interest to evaluate the claims asserted against the estate in connection with the Debtor's reorganization efforts and participate in the formulation of a plan.  The Chubb Insurers' requests impose no burden on the Debtor because all the Chubb Insurers are seeking at this time are the same documents the Debtor and the Committees have exchanged in the mediation so that the Chubb Insurers can meaningfully participate in the plan process.

---

[1] The Chubb Insurers dispute that this Adversary Proceeding is a core proceeding under 28 U.S.C. § 157. An adversary proceeding that does not invoke a substantive right created by the Bankruptcy Code, such as a proceeding that is solely in the nature of a state law contract claim, is a non-core proceeding.  *See In re Centennial Coal, Inc.*, 278 B.R. 54, 57–58 (Bankr. D. Del. 2002).  Here, the Adversary Complaint consists entirely of claims for declaratory relief and breach of contract.  The Chubb Insurers reserve all rights against the Adversary Complaint, including to move for its dismissal and/or the withdrawal of the District Court's reference to the Bankruptcy Court.

4. Sharing of documents relevant to the Debtor's chapter 11 plan formation and claims allowance procedures will facilitate efforts to arrange a consensual plan. This is especially so when it has already shared such documents with the Committees. These documents are essential to the plan and claims allowance process and will allow the Chubb Insurers to fully and fairly protect their rights therein. The Chubb Insurers' request for these documents—a discrete set of documents that has already been produced in the mediation—will promote a more streamlined, efficient resolution of this bankruptcy.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought in this Motion are sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rule 2004.

## REQUESTED RELIEF

6. The Chubb Insurers respectfully request that the Court enter the Proposed Order (i) authorizing the Chubb Insurers to serve the Subpoena upon the Debtor, and compelling the Debtor to produce to the Chubb Insurers the documents, including but not limited to drafts of a plan of reorganization, exchanged with the Committees in the mediation and (ii) granting such other relief as the Court deems just and proper.

## ARGUMENT

**I. The Chubb Insurers Seek Documents That are Subject to Disclosure Under Bankruptcy Rule 2004.**

7. The Chubb Insurers, like the Committees, need the documents and draft plan in order to meaningfully and effectively evaluate whether a proposed plan, which is expected to provide a means for resolving the Debtor's alleged AFFF liabilities or incorporate a settlement of

those liabilities, complies with the bankruptcy code and how that plan affects the Chubb Insurers' rights and interests. The Chubb Insurers are parties-in-interest in the bankruptcy case and have a direct and material stake in how the claims and contracts of insurance are treated under any plan of reorganization. *See In re Diocese of Camden, New Jersey*, No. 20-21257, 2022 WL 3369087, at *5 (Bankr. D.N.J. Aug. 12, 2022) (finding insurers "are entitled to discovery on the issues that threaten their legally protected interests," including plan confirmation).

8. Bankruptcy Rule 2004 broadly permits "any party-in-interest" to seek disclosure from "any entity" regarding "the acts, conduct, or property or [ ] the liabilities and financial condition of the debtor, or [ ] any matter which may affect the administration of the debtor's estate," and in a chapter 11 reorganization, the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the Debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan. *See* Bankruptcy Rules 2004 and 9016.

9. "[T]he scope of Rule 2004 examinations is recognized as broad, unfettered and in the nature of a 'fishing expedition.'" *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008). *See also In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed.").

10. Here, the Chubb Insurers request is modest when measured against the broad standard that applies to Rule 2004. The Chubb Insurers are not seeking fishing-expedition discovery, nor do they intend to supplant the Debtor's discovery rights in the adversary proceeding; rather, the Chubb Insurers are seeking a discrete set of documents related to the mediation, which

4

have already been exchanged *in* the mediation.  Moreover, some of the Chubb Insurers are not properly in the adversary proceeding (for example, because their policies contain arbitration provisions), and thus may never benefit from discovery taken in the adversary proceeding,  These insurers are, as parties-in-interest in the bankruptcy, nonetheless entitled to the information sought here.  Lastly, the mediation involves Debtor parent companies as primary mediating parties.[2]  These parent companies are not parties to the adversary proceeding.  The subject matter of the mediation thus goes beyond what is at issue in the adversary proceeding (and the policies implicated in the adversary proceeding are only a subset of those that could be at issue in the bankruptcy).  The Chubb Insurers' request for production of the same documents that the Debtor produces to the Committees in the mediation is therefore both necessary and appropriate.

**II.     The Chubb Insurers' Rule 2004 Requests Impose No Burden on the Debtor.**

11.     Since the Debtor has already exchanged documents, including but not limited to plan drafts, to the Committees in the mediation, the Chubb Insurers' Rule 2004 requests require only that the Debtor turn over the same documents to the Chubb Insurers.  Because the Debtor produced such documents to the Committees electronically, the Debtor need only forward the same email link containing its prior Rule 2004 production to the Committees to the Chubb Insurers.

12.     Nor is there any issue of confidentiality or privilege.  The Court entered a Protective Order, drafted by the Debtor and consented to by the Committees, which contemplates its application to discovery production to other parties.  *See* D.I. 337-1.  The Chubb Insurers consent to keep the plan documents confidential pending the filing of a plan.

---

[2] *See* Mediation Order ¶ 2 (referring to the "Carrier Parties").

## CERTIFICATION OF COUNSEL

15.     Pursuant to Local Rule 2004-1, prior to filing this Motion, counsel acting on behalf of the Chubb Insurers (Eli A. Grossman) met and conferred with Debtor's counsel (Alexis Dyschkant) on February 9, 2024, and no agreement was reached.

## NOTICE

16.     The Chubb Insurers have provided notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Debtor; (c) the Committees; and (d) any other party that has requested notice pursuant to Bankruptcy Rule 2002.

## CONCLUSION

17.     This Chubb Insurers respectfully request that this Court immediately take notice of this application and enter the Proposed Order attached hereto as **Exhibit A**, granting the relief requested herein, and such other and further relief as may be equitable and just.

Dated: April 25, 2024

By: /s/ *Stamatios Stamoulis*
Stamatios Stamoulis

STAMOULIS & WEINBLATT LLC
Stamatios Stamoulis (No. 4606)
800 N. West Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com

-and-

O'MELVENY & MYERS LLP
Andrew Frackman (*pro hac vice*)
Tancred Schiavoni (*pro hac vice*)
Eli A. Grossman (*pro hac vice*)
7 Times Square
New York, NY 10036-6524
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
afrackman@omm.com
tschiavoni@omm.com
egrossman@omm.com

*Counsel for Century Indemnity Company (as successor to CCI Insurance Company, as successor to Insurance Company of North America)*