**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (LSS)<br><br>**Hearing Date**<br>**July 10, 2024 at 2:30 pm (ET)**<br><br>**Objection Deadline**<br>**July 1, 2024 at 4:00 p.m. (ET)** |

**MOTION TO ADOPT AN ADDENDUM TO THE**
**STIPULATION FOR PROTECTIVE ORDER FOR APPLICATION IN**
**ADVERSARY PROCEEDINGS INVOLVING INSURANCE**

1.    Pursuant to Section 33 of the Stipulation for Protective Order (D.I. 337-1), the defendants to Adversary Proceeding No. 23-50758 and Adversary Proceeding No. 24-50015 (herein, "Movants" or "Insurers"),[2] as parties in interest to the chapter 11 case, hereby submit this motion ("Motion"), by and through their undersigned counsel, for an order that the Addendum to Protective Order for Adversary Proceedings Involving Insurance (the "Addendum"), attached hereto as <u>Exhibit A</u>, shall modify the Stipulation for Protective Order with respect to the following adversary proceedings ("Adversary Proceedings Involving Insurance")[3] initiated by Kidde-Fenwal, Inc. ("Debtor" or "KFI" and, with the Insurers, the "Parties"):

| Adversary Proceedings Involving Insurance ||
|---|---|
| **Case Caption** | **Adversary Proceeding No.** |
| *Kidde-Fenwal, Inc. v. ACE Am. Ins. Co., et al.* | 23-50758 (LSS) |
| *Kidde-Fenwal, Inc. v. Hartford Accident & Indem. Co.* | 24-50015 (LSS) |

2.    In support of the Motion, the Movants respectfully state as follows:

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

[2] Movants include all defendants in the Adversary Proceedings Involving Insurance.

[3] By Order dated May 17, 2024, the Adversary Proceedings Involving Insurance were consolidated under Adv. Proc. No. 23-50758 (LSS). (Adv. Proc. D.I. 318).

1

**RELIEF REQUESTED**

3. By this Motion, the Movants respectfully request that the Court enter the proposed Addendum, which shall modify the Stipulation for Protective Order entered in the Bankruptcy Proceeding (D.I. 337-1) with respect to the Adversary Proceedings Involving Insurance.

**JURISDICTION**

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(c), 1334(b) and 1452 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.[4]

**BACKGROUND**

5. KFI has been named as a defendant in actions arising out of the alleged design, manufacture, sale and distribution of aqueous film-forming foam, or AFFF (the "AFFF Claims"). In pertinent part, the claimants in the AFFF Claims seek to hold KFI liable for harm they allegedly sustained as a result of exposure to or use of AFFF. KFI disputes liability for the AFFF Claims.

6. Many of the AFFF Claims have been consolidated in a multi-district litigation pending in the United States District Court for the District of South Carolina in the proceeding captioned *In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG (the "MDL").

7. On May 14, 2023, KFI filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Proceeding").

---

[4] On June 11, 2024, the District Court denied certain insurers' motion to withdraw the reference to the bankruptcy court "without prejudice to Movants' rights to request withdrawal of the reference at such time as the [Adversary Proceedings Involving Insurance] [are] ready for trial." (*See* Case No. 1:24-cv-191-GBW, D.I. 41). Movants continue to reserve all rights and waive none with respect to any renewed motion to withdraw the reference.

2

8. On August 3, 2023, this Court entered an Order (D.I. 337) approving the Stipulation for Protective Order (D.I. 337-1) in the Bankruptcy Proceeding.

9. Movants were not involved in the negotiation of the Stipulation for Protective Order and are not parties thereto.

10. On November 9, 2023, KFI commenced Adversary Proceeding No. 23-50758 (LSS), and on February 8, 2024, KFI commenced Adversary Proceeding No. 24-50015 (LSS).

11. On May 17, 2024, the Adversary Proceedings Involving Insurance were consolidated under Adv. Proc. No. 23-50758 (LSS). (Adv. Proc. D.I. 318).

12. Movants are named defendants in the Adversary Proceedings Involving Insurance, in which the Debtor (i) asserts a breach of contract claim against its alleged primary insurers for failing to reimburse approximately $10 million in prior defense costs, and (ii) seeks a declaration as to insurance coverage for future defense costs and indemnity obligations arising from the AFFF Claims. (*See generally* Adv. Pro. D.I. 1).

13. In order to provide the Insurers with access to certain documents previously produced and designated as Confidential Material, Intermediate Confidential Material, and Highly Confidential-AEO Material pursuant to the Stipulation for Protective Order, the Parties have negotiated the attached Addendum.

**BASIS FOR RELIEF**

14. Section 33 of the Stipulation for Protective Order provides that this Court "retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation upon appropriate motion by a party in interest. Nothing herein shall preclude any person from seeking

to amend or modify the terms of this Protective Order upon appropriate motion and order of the Court." (D.I. 337-1).

15. Movants, as defendants in the Adversary Proceedings Involving Insurance, are parties in interest to the Bankruptcy Proceeding.

16. In order to evaluate KFI's coverage claims and support their defenses in the Adversary Proceedings Involving Insurance, the Insurers require access to certain documents relating to the AFFF Claims, including documents produced in the Bankruptcy Proceeding and/or the MDL and designated as Confidential Material, Intermediate Confidential Material, and Highly Confidential-AEO Material pursuant to the Stipulation for Protective Order.

17. The Insurers are subject to certain regulatory and contractual obligations that require them to provide documents to regulators, reinsurers and/or auditors, including documents produced in the Bankruptcy Proceeding and/or the MDL and designated as Confidential Material, Intermediate Confidential Material, and Highly Confidential-AEO Material pursuant to the Stipulation for Protective Order.

18. Accordingly, Movants respectfully request that the Court enter the proposed Addendum, which modifies the Stipulation for Protective Order in order to provide the Insurers with appropriate access to confidential documents for use in the Adversary Proceedings Involving Insurance, as provided in the Addendum.

WHEREFORE, for the reasons set forth herein, the Movants respectfully request that the Court enter an order that the proposed Addendum attached hereto shall modify the Stipulation for Protective Order with respect to the Adversary Proceedings Involving Insurance.

Dated: June 26, 2024

                                                                                                                        */s/ Louis J. Rizzo, Jr.*
Louis J. Rizzo, Jr. (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, Delaware 19803
(302) 477-7100
Email: lrizzo@regerlaw.com

and

Stephen V. Gimigliano (admitted *pro hac vice*)
John Maloney (admitted *pro hac vice*)
Christopher K. Kim (admitted *pro hac vice*)
GIMIGLIANO MAURIELLO & MALONEY, P.A.
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360

Attorneys for Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)

## EXHIBIT A

## Addendum to Protective Order for Adversary Proceedings Involving Insurance

1. **Adversary Proceedings Involving Insurance**. This Addendum to Protective Order for Adversary Proceedings Involving Insurance ("Addendum") shall modify the Stipulation for Protective Order (D.I. 337-1) with respect to the following Adversary Proceedings Involving Insurance:

| Adversary Proceedings Involving Insurance | |
|---|---|
| **Case Caption** | **Adversary Proceeding No.** |
| *Kidde-Fenwal, Inc. v. ACE Am. Ins. Co., et al.* | 23-50758 (LSS) |
| *Kidde-Fenwal, Inc. v. Hartford Accident & Indem. Co.* | 24-50015 (LSS) |

2. **Insurers' Access to Discovery Material**. This Addendum applies to the following persons, upon execution of the Acknowledgment attached to the Stipulation for Protective Order as **Exhibit A**: (a) Debtor; (b) insurers that are parties to the Adversary Proceedings Involving Insurance and any agents retained by such alleged insurers including independent claims management personnel and third-party administrators providing services to such party in connection with the matters at issue in this adversary proceeding (the "**Insurers**"); and (c) any other party to an Adversary Proceeding Involving Insurance. Such Acknowledgment may be executed by one natural person on behalf of each organization that intends to be bound.

3. **Insurer Practices, Insurer Notice Obligations, and Parties' Retention Rights**.

    a.    The Insurers may use Discovery Material,[1] including Confidential Material, Intermediate Confidential Material, and Highly Confidential-AEO Material, in connection with the Chapter 11 Case as well as for purposes of claims handling, reinsurance, and regulatory

---

[1] Capitalized terms herein shall have the same meaning as those in the Stipulation for Protective Order, where applicable.

6

compliance, both in relation to Debtor's insurance claims regarding aqueous film-forming foam ("AFFF") claims and lawsuits against Debtor ("AFFF Claims");

        b.    The Insurers may, to the extent necessary, disclose or disseminate Discovery Material, including Confidential Material, Intermediate Confidential Material, and Highly Confidential-AEO Material, to their accountants, auditors, and regulators and to any reinsurers, retrocessionaires, reinsurance intermediaries, as well as any agents retained by such reinsurers, retrocessionaires or reinsurance intermediaries, including independent claims management personnel ("Reinsurers"), and accountants of such Reinsurers; *provided*, however, that upon such disclosure or dissemination, the Insurers shall provide such recipient with a copy of the Stipulation for Protective Order and this Addendum, advise such recipient of the confidential nature of the Discovery Material being disclosed or disseminated, and request confidential treatment thereof; as to the notice requirements set forth in Sections 7(i) and 8(i) of the Stipulation for Protective Order, the Insurers: shall not be required to provide the Producing Party with notice of such disclosure or dissemination to their accountants, auditors, Reinsurers, accountants of such Reinsurers, or regulators; and

        c.    Notwithstanding Paragraph 30 of the Stipulation for Protective Order, the Parties may retain (1) attorney work product, including an index regarding designated Confidential, Intermediate Confidential, or Highly-Confidential-AEO Information, and (2) one complete set of all documents filed in the Adversary Proceedings Involving Insurance, including those filed under seal. Multiple instances of a single document stored in counsel's document management system, such as automatic system backups, cache files, temporary files, storage system files, recovery files, and similar copies are deemed to be a single instance for purposes of this paragraph. Further, there is no obligation to search for and return or destroy Confidential,

Intermediate Confidential, or Highly-Confidential-AEO Information in e-mails or contained on backup tapes. Any retained Confidential, Intermediate Confidential, or Highly-Confidential-AEO Information shall continue to be protected under this Protective Order for Adversary Proceedings Involving Insurance and shall not be disclosed or used in any other litigation or proceeding or used by any Party for any other purpose whatsoever.

        d.        Notwithstanding the foregoing, the Parties may use Discovery Material, including Confidential Material, Intermediate Confidential Material, and Highly Confidential-AEO Material, and an attorney may use his or her work product relating to or incorporating such Discovery Material, in subsequent insurance coverage litigation adjudicating the ultimate liability of any Party to pay for defense and/or indemnity costs and fees arising out of the AFFF Claims, provided that such use does not disclose Confidential, Intermediate Confidential, or Highly-Confidential-AEO Information to a party that has not either (i) executed **Exhibit A** to the Stipulation for Protective Order, or (ii) entered into a protective order with protections materially equivalent to the Stipulation for Protective Order as modified by this Addendum. Further, the Insurers may, where necessary to satisfy reinsurance, regulatory, and/or legal requirements, maintain the Confidential, Intermediate Confidential, or Highly-Confidential-AEO Information in conformity with the terms of this Addendum, which terms, under this provision, shall survive the termination of the Chapter 11 Case.

    4.    **Confidentiality Designations and Challenges**.

        a.        The Parties agree to refrain from designating Discovery Material produced in the Adversary Proceedings Involving Insurance as "Intermediate Confidential Material" or "Intermediate Confidential," as those terms are defined in Section 6(i) and referenced throughout the Stipulation for Protective Order; *provided*, however, that a party may so designate documents

when re-producing in an Adversary Proceeding Involving Insurance a document or information that was previously produced with a designation of "Intermediate Confidential Material" or "Intermediate Confidential" in the bankruptcy action captioned *In re Kidde-Fenwal, Inc.*, Case No. 23-10638 (LSS).

    b. To the extent that a Producing Party is authorized to re-produce in the Adversary Proceedings Involving Insurance any Discovery Material that was produced and designated in the MDL as "Export Control Information" or "Department of Defense Distribution Statement F Information," the re-production will be subject to all applicable laws and regulations and otherwise treated as Highly Confidential-AEO Material; and

    c. Any Party to the Adversary Proceedings Involving Insurance shall have the right, pursuant to the procedures set forth in Section 20 of the Stipulation for Protective Order, to challenge any confidentiality designation made by a Producing Party as to the Producing Party's own documents produced in the Adversary Proceedings Involving Insurance, regardless of whether the Producing Party previously produced those documents in the multi-district litigation captioned *In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG (the "MDL");

    d. Any Party seeking to challenge any designation claimed as to a document re-produced in an Adversary Proceeding Involving Insurance that was produced in the MDL by a person that is not a Party to an Adversary Proceeding Involving Insurance must attempt to do so pursuant to the procedures set forth in the Case Management Order 4.A, MDL (D.S.C. Apr. 16, 2021), ECF No. 1523, except that any Party seeking to challenge any designation of confidentiality pursuant to the September 5, 2023 Stipulation [D.I. 554-1] in *In re Kidde-Fenwal, Inc.*, Case No. 23-10638 (LSS) (the "Stipulation") that is more restrictive than the level of protection claimed by

a party originally producing such documents in the MDL must attempt to do so pursuant to Paragraph 2 of the Stipulation.

5. **Electronically Stored Information ("ESI").** The ESI production requirements set forth in Section 25 of the Stipulation for Protective Order and Exhibit C thereto shall not apply to the Adversary Proceedings Involving Insurance.

6. **Reasonable Best Efforts**. The Parties' obligation to return, destroy, or cause to be destroyed Confidential, Intermediate Confidential, or Highly-Confidential-AEO Information pursuant to Section 30 of the Stipulation for Protective Order shall be subject to a "reasonable best efforts" standard.

7. **Preservation of Rights.** A Party to an Adversary Proceeding Involving Insurance does not waive, and preserves, any rights (including arbitration rights) or affirmative defenses by signing **Exhibit A** to the Stipulation for Protective Order and agreeing to be bound by the Stipulation for Protective Order as modified by this Addendum. Certain Defendant Insurers to Adversary Proceeding, No. 23-50758 (LSS) and Hartford Accident and Indemnity Company in Adversary Proceeding No. 24-50015 (LSS) (collectively, "Certain Insurers") have filed a motion to withdraw the reference of Adversary Proceeding Nos. 23-50758 and 24-50015 to the United States Bankruptcy Court for this District, or a joinder to the aforementioned motion. Participating in discovery and agreeing to this Protective Order shall not be construed as a waiver of, and Certain Insurers' expressly reserve, any right to a jury trial which might be available on any issue during the course of these proceedings, and any and all defenses and arguments that may be available to them, including without limitation all defenses asserted in Certain Insurers' Answers to the Complaint, as well as any and all arguments that the Bankruptcy Court cannot enter final orders or judgments in accordance with Article III of the United States Constitution.