IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>KFI Wind-Down Corp.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10638 (LSS)<br><br>**Hearing Date: October 9, 2024, at 10:00 a.m. EST**<br><br>**Objection Deadline: September 19, 2024, at 4:00 p.m. EST**<br><br>Re: D.I. 1444 |

**THE PEOPLE OF THE STATE OF CALIFORNIA'S OBJECTION TO FIFTEENTH MONTHLY FEE STATEMENT OF SULLIVAN & CROMWELL LLP AS COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM JULY 1, 2024 THROUGH AND INCLUDING JULY 31, 2024**

The People of the State of California, *ex rel.* Rob Bonta, Attorney General of California ("the People"), respectfully submit this objection ("Objection") to Sullivan & Cromwell LLP's Fifteenth Monthly Fee Statement ("Fee Statement") [D.I. 1444] and respectfully represent as follows:

**PRELIMINARY STATEMENT**

1. The People object to Sullivan & Cromwell's Fee Statement, which covers billings for July 2024, because the Fee Statement contains billings that are unreasonable, unnecessary, and redundant, and are thus prohibited under the Bankruptcy Code. *See* 11 U.S.C. § 330(a). The Court has

---

[1] The last four digits of the Debtor's tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

the ability, and indeed the obligation, to deny requests for compensation when the services rendered do not serve to efficiently and effectively further the interests of the estate. *See In re Congoleum Corp.*, 426 F.3d 675, 693 (3d Cir. 2005).

2. Courts have deemed services unreasonable and unnecessary where the professional's billings are duplicative and redundant due to overstaffing. *See In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 856 (3d Cir. 1994); *In re SC SJ Holdings LLC*, No. 21-10549 (JTD), 2023 WL 4842101, at *7-9 (Bankr. D. Del. July 11, 2023).

3. Sullivan & Cromwell's billings in the Mediation category in its Fee Statement are replete with instances of duplicative and redundant services due to the presence of up to five top billers on numerous tasks, at a billing rate of $2,375 per hour per top biller. For instance, on nine days in July 2024, the Fee Statement reveals, Sullivan & Cromwell used three or more top billers to attend calls and meetings. While the use of two top billers for such tasks is reasonable, the use of three, four, or five top billers to perform routine internal and external meetings is not. Furthermore, Sullivan & Cromwell's excessive use of top billers stands in stark contrast to other legal professionals in this bankruptcy, including Brown Rudnick and Schulte Roth, who routinely use only one top biller to handle calls and meetings, whether internal or external, and rarely use two top billers for the same task.

4. If approved, Sullivan & Cromwell's excessive billing in the Mediation category in the Fee Statement would cost the Estate **$31,825.00**.

5. The People respectfully request that the Court deny the portion of Sullivan & Cromwell's Fee Statement that reflects the excessive, unreasonable, and unnecessary billings identified by the People in this Objection, as well as any other such billings the Court discovers. Such an action by the Court will not only preserve value in the Estate, but also will send a message to the professionals in this bankruptcy—who have billed a total of $94,909,846 and counting (roughly

$200,000 per day) to the Estate—to further scrutinize their billings and request only reasonable compensation. [*See* D.I. 1435, at 8.]

## JURISDICTION AND CREDITOR STATUS

6. 11 U.S.C. § 330(a)(1) requires notice to parties in interest and a hearing before the court may award "reasonable compensation for actual, necessary services rendered" by professionals employed under 11 U.S.C. § 327. 11 U.S.C. § 330(a)(1).

7. The People are an unsecured creditor of Debtor by virtue of a Complaint filed by the People on November 17, 2022. At the time of the bankruptcy filing, the People's action had been removed to federal court and transferred to the Aqueous Film-Forming Foams (AFFF) Products Liability Litigation, MDL No. 2873 (MDL), pending in the District of South Carolina.

8. The People are also a defendant in Debtor's adversary proceeding (Case Number: 23-50387 (LSS)), to which the People filed an answer on June 22, 2023. [Adv. Proc. D.I. 23.]

## RELEVANT PROCEDURAL BACKGROUND

9. On May 14, 2023, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. [D.I. 1.]

10. On July 27, 2023, the Court entered an Order authorizing the retention of Sullivan & Cromwell as Debtor's counsel. [D.I. 322.]

11. On November 21, 2023, the Court entered an Order appointing mediators and designating the following entities as mediation parties: the Debtor, the Carrier Parties (including Carrier Global and various subsidiaries), the Official Committee of Unsecured Creditors ("UCC"), the Ad Hoc Committee of Governmental Claimants, and the Plaintiffs' Executive Committee in the AFFF Multi-District Litigation in the District of South Carolina. [D.I. 660.]

12. On August 30, 2024, Sullivan & Cromwell submitted its fifteenth Fee

Statement, covering the month of July 2024. [D.I. 1444.] Of the $840,418.50 total compensation sought, Sullivan & Cromwell billed $457,887.50 to the Mediation billing category. [*Id.*, at 3.] Sullivan & Cromwell used six top billers in the Mediation billing category: J. DeCamp, A. Dietderich, C. Dunne, R. Guiffra, B. Glueckstein, and K. Pagani. [D.I. 1444-2, at 45-61.]

13. On August 15, 2024, the UCC's counsel, Brown Rudnick, submitted its Fourteenth Monthly Fee Application, covering the month of July 2024. [D.I. 1400.] Of the $248,534.00 total compensation sought, Brown Rudnick billed $205,675.00 to the Mediation billing category. [D.I. 1400-1, at 32.] Brown Rudnick used only two top billers in the Mediation billing category, D. Molton and J. Jonas. [*Id.*, at 31.]

14. On September 12, 2024, the Special Committee to the Debtor's Board of Directors' counsel, Schulte Roth, submitted its Fifteenth Monthly Fee Statement, covering the month of July 2024. [D.I. 1479.] Of the $270,074.00 total compensation sought, Schulte Roth billed $167,382.50 to the Mediation billing category. [D.I. 1479-2, at 45.] Schulte Roth used only two top billers in the Mediation billing category, A. Harris and B. Gussman. [*Id.*]

15. Sullivan & Cromwell billed a total of 210 hours to the Mediation billing category. [D.I. 1444, at 3.] Five of the six top billers Sullivan & Cromwell used in this category regularly participated in tasks in which three or more total top billers participated in the same task. [D.I. 1444-2, at 45-61.] The hourly rate of these top billers is $2,375.00. [D.I. 1444.]

16. For example, on July 29, 2024, five top billers participated in an internal meeting to discuss the Mediation. [D.I. 1444-2, at 57-58.] If approved, the total cost to the Estate for this meeting would be $11,875, with $7,125 attributable to three of the five top billers.

4

17.     The chart below is derived from the Mediation entries of Sullivan & Cromwell's Fee Statement. [D.I. 1444-2, at 45-61.] As the chart demonstrates, three or more top billers were involved in the same task on nine dates in the billing period. If approved, the total cost to the Estate for Sullivan & Cromwell's fees beyond the first two top billers would be $31,825.00.

| Billing Date | Nature of Billing | A. Dietderich ($2,375) | B. Glueckstein ($2,375) | J. DeCamp ($2,375) | K. Pagani ($2,375) | R. Giuffra ($2,375) | Additional Biller Time (beyond 2) | Cost of Additional Billers (beyond 2) |
|---|---|---|---|---|---|---|---|---|
| 7/11/2024 | Call w/ Special Committee | 0.2 | 0.2 | 0.2 | | | 0.2 | **$475.00** |
| 7/17/2024 | Meeting w/ Special Committee | 0.9 | 0.9 | 0.9 | | | 0.9 | **$2,137.50** |
| 7/22/2024 | Call w/ Special Committee | 1.5 | 1.5 | 1.5 | | | 1.5 | **$3,562.50** |
| 7/23/2024 | Call w/ Special Committee | 1 | 1 | 1 | | | 1 | **$2,375.00** |
| 7/25/2024 | Call w/ Carrier and expert | 1 | 1 | 1 | | | 1 | **$2,375.00** |
| 7/26/2024 | Attend mediation | 2 | 2 | 2 | | | 2 | **$4,750.00** |
| 7/29/2024 | Internal meeting | 1 | 1 | 1 | 1 | 1 | 3 | **$7,125.00** |
| 7/30/2024 | Call w/ Carrier | 1.4 | 1.4 | 1.4 | | 1.4 | 2.8 | **$6,650.00** |
| 7/31/2024 | Call w/ Special Committee | 0.5 | 0.5 | 0.5 | | 0.5 | 1 | **$2,375.00** |
| | | | | | | | ***Total Cost of Additional Billers*** | ***$31,825.00*** |

## LEGAL STANDARDS

18.     The Third Circuit recognizes a bankruptcy "court's inherent obligation to monitor the debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc.,* 19 F.3d 833, 841 (3d Cir. 1994) ("[T]he bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Id.* at 844). Furthermore, the Third Circuit recognizes that bankruptcy courts have "an obligation to

5

prevent unnecessary expenditures in the administration of an estate." *In re Congoleum Corp.*, 426 F.3d 675, 693 (3d Cir. 2005).

19. A debtor's professionals are entitled to "reasonable compensation for actual, necessary services rendered" on the debtor's behalf. 11 U.S.C. § 330(a)(1)(A). However, courts are empowered to "award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2). Courts examine multiple factors in determining reasonableness of compensation, *see* 11 U.S.C. § 330(a)(3), but "the court shall not allow compensation for--(i) unnecessary duplication of services; or (ii) services that were not--(I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A).

20. Courts have cautioned those submitting fee applications to exercise "the same 'billing judgment' as do non-bankruptcy attorneys by, for example, writing off…duplicative services [and] redundant costs precipitated by overstaffing." *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d at 856. One court in this District has reduced fees for, among other things, senior attorneys performing tasks that lower billing staff could perform and overstaffing of senior attorneys on tasks. *See In re SC SJ Holdings LLC*, No. 21-10549 (JTD), 2023 WL 4842101, at *7-9 (Bankr. D. Del. July 11, 2023) ("It is clear from the invoices that there was little effort by [the law firm] to staff the case efficiently or ensure that work was delegated appropriately. Each task often had an excessive number of attorneys involved, particularly senior-level attorneys.").

**ARGUMENT**

I. **This Court Should Not Allow Unreasonable and Unnecessary Charges to the Estate Due to Sullivan & Cromwell's Redundancy and Overstaffing by Top Billers.**

21. Sullivan & Cromwell's billings in the Mediation category are replete with unreasonable and unnecessary charges that demonstrate duplication and overstaffing by top billers. Such charges are draining the Estate of "wealth which by right should inure to the benefit of unsecured

6

creditors." *In re Busy Beaver Bldg. Centers, Inc.,* 19 F.3d at 844. Here, those unsecured creditors include state and territorial law enforcement agencies and water providers seeking to clean up drinking water contaminated by PFAS from the Debtor's AFFF and personal injury plaintiffs with ailments that they attribute to AFFF, including firefighters, first responders, and current and former members of our armed forces, as well as their surviving spouses.

22.     Sullivan & Cromwell's billings stand in stark contrast to the billings of every other legal professional in the bankruptcy. For example, the amount Sullivan & Cromwell billed to the Mediation category for the month of July is more than double that of Brown Rudnick's billings ($457,887.50 vs. $205,675.00) or Schulte Roth's billings ($457,887.50 vs. $167,382.50). This wide disparity led the People to scrutinize Sullivan & Cromwell's billings, specifically in the Mediation category.

23.     Sullivan & Cromwell has staffed redundantly, particularly with top billers. On nine billing dates in July 2024, three or more top billers participated in the same billing task, including internal meetings, meetings with Carrier, and meetings with other groups in the bankruptcy. On July 30 and 31, *four* top billers attended the same calls. On July 29, *five* top billers attended the same internal meeting. These additional top billers added tens of thousands of dollars to the billings Sullivan & Cromwell has submitted to the Court in the Mediation category. Such top-heavy staffing goes against the dictates of the Third Circuit and other bankruptcy courts within this District.

24.     While the use of three, or four, or five top billers on the same task appears unreasonable at first glance, such a practice is even more egregious when compared to the reasonable billing practices of the other legal professionals in this bankruptcy for July 2024. Without commenting on the propriety or utility of the Mediation in general, [*see* the People's Objection to Ninth Stipulation Extending the Medation, D.I. 1472],

the People note the following: Brown Rudnick used only one top biller with any frequency in the Mediation category in its July fee application. [D.I. 1400-1, at 31.] Schulte Roth billed similarly to Brown Rudnick in the Mediation category, primarily using one top biller, and the two top billers never billed for the same task. [D.I. 1479-2, at 45-51.] Such judicious use of attorney time, which safeguards Estate resources, is the type of good "billing judgment" the Third Circuit supports. *See In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d at 856.

25. The People urge the Court to use the discretion the Bankruptcy Code gives it to "award compensation that is less than the amount of compensation that is requested," 11 U.S.C. § 330(a)(2), and to deny compensation for the excessive billing entries noted above.

## **RESERVATION OF RIGHTS**

26. Finally, the People reserve all rights to object to Sullivan & Cromwell's billings in interim fee applications, in addition to Sullivan & Cromwell's billings in its final fee application. Nothing herein shall constitute a waiver or admission by the People regarding the propriety or reasonableness of Sullivan & Cromwell's billings not raised by the People in this Objection. Moreover, nothing in this Objection should be construed as a waiver of the People's right to file additional challenges to the Mediation and any related billings.

[Remainder of Page Left Blank Intentionally]

WHEREFORE the People respectfully request that this Court deny payment in the amount of **$31,825.00** for the entries identified above in Sullivan & Cromwell's Fee Statement and any other billings the Court determines fall short of the Bankruptcy Code's reasonable and necessary requirements for compensation of professionals.

DATED: September 19, 2024                Respectfully submitted,

ROB BONTA
Attorney General of California
JEREMY BROWN (SBN 269159)
Supervising Deputy Attorney General
MITCHELL E. RISHE (SBN 193503)
NICHOLAS G. CAMPINS (SBN 238022)
THOMAS SCHUMANN (SBN 324559)
BRENDAN HUGHES (SBN 333690)
Deputy Attorneys General
600 West Broadway
San Diego, CA 92101
Telephone: (619) 738-9339
Email: Brendan.Hughes@doj.ca.gov

*/s/ Brendan Hughes*
BRENDAN HUGHES
Deputy Attorney General
*Attorneys for the People of the State of California, ex rel. Rob Bonta, Attorney General of California*