IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (LSS) |

**Addendum to Protective Order for Adversary Proceedings Involving Insurance**

1.     **Adversary Proceedings Involving Insurance**. This Addendum to Protective Order for Adversary Proceedings Involving Insurance ("Addendum") shall modify the Stipulation for Protective Order (D.I. 337-1) with respect to the following Adversary Proceedings Involving Insurance:

| Adversary Proceedings Involving Insurance | |
|---|---|
| **Case Caption** | **Adversary Proceeding No.** |
| *Kidde-Fenwal, Inc. v. ACE Am. Ins. Co., et al.* | 23-50758 (LSS) |
| *Kidde-Fenwal, Inc. v. Hartford Accident & Indem. Co.* | 24-50015 (LSS) |

2.     **Insurers' Access to Discovery Material**. This Addendum applies to the following persons, upon execution of the Acknowledgment attached to the Stipulation for Protective Order as **Exhibit A**: (a) Debtor; (b) insurers that are parties to the Adversary Proceedings Involving Insurance and any agents retained by such alleged insurers including independent claims management personnel and third-party administrators providing services to such party in connection with the matters at issue in this adversary proceeding (the "**Insurers**"); and (c) any other party to an Adversary Proceeding Involving Insurance. Such Acknowledgment may be executed by one natural person on behalf of each organization that intends to be bound.

3.     **Insurer Practices, Insurer Notice Obligations, and Parties' Retention Rights**.

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

1

a. The Insurers may use Discovery Material,[2] including Confidential Material, Intermediate Confidential Material, and Highly Confidential-AEO Material, in connection with the Chapter 11 Case as well as for purposes of claims handling, reinsurance, and regulatory compliance, both in relation to Debtor's insurance claims regarding aqueous film-forming foam ("AFFF") claims and lawsuits against Debtor ("AFFF Claims");

b. The Insurers may, to the extent necessary, disclose or disseminate Discovery Material, including Confidential Material, Intermediate Confidential Material, and Highly Confidential-AEO Material, to their accountants, auditors, and regulators and to any reinsurers, retrocessionaires, reinsurance intermediaries, as well as any agents retained by such reinsurers, retrocessionaires or reinsurance intermediaries, including independent claims management personnel ("Reinsurers"), and accountants of such Reinsurers; *provided*, however, that upon such disclosure or dissemination, the Insurers shall provide such recipient with a copy of the Stipulation for Protective Order and this Addendum, advise such recipient of the confidential nature of the Discovery Material being disclosed or disseminated, and request confidential treatment thereof; as to the notice requirements set forth in Sections 7(i) and 8(i) of the Stipulation for Protective Order, the Insurers: shall not be required to provide the Producing Party with notice of such disclosure or dissemination to their accountants, auditors, Reinsurers, accountants of such Reinsurers, or regulators; and

c. Notwithstanding Paragraph 30 of the Stipulation for Protective Order, the Parties may retain (1) attorney work product, including an index regarding designated Confidential, Intermediate Confidential, or Highly-Confidential-AEO Information, and (2) one

---

[2] Capitalized terms herein shall have the same meaning as those in the Stipulation for Protective Order, where applicable.

complete set of all documents filed in the Adversary Proceedings Involving Insurance, including those filed under seal.  Multiple instances of a single document stored in counsel's document management system, such as automatic system backups, cache files, temporary files, storage system files, recovery files, and similar copies are deemed to be a single instance for purposes of this paragraph.  Further, there is no obligation to search for and return or destroy Confidential, Intermediate Confidential, or Highly-Confidential-AEO Information in e-mails or contained on backup tapes.  Any retained Confidential, Intermediate Confidential, or Highly-Confidential-AEO Information shall continue to be protected under this Protective Order for Adversary Proceedings Involving Insurance and shall not be disclosed or used in any other litigation or proceeding or used by any Party for any other purpose whatsoever.

          d.      Notwithstanding the foregoing, the Parties may use Discovery Material, including Confidential Material, Intermediate Confidential Material, and Highly Confidential-AEO Material, and an attorney may use his or her work product relating to or incorporating such Discovery Material, in subsequent insurance coverage litigation adjudicating the ultimate liability of any Party to pay for defense and/or indemnity costs and fees arising out of the AFFF Claims, provided that such use does not disclose Confidential, Intermediate Confidential, or Highly-Confidential-AEO Information to a party that has not either (i) executed **Exhibit A** to the Stipulation for Protective Order, or (ii) entered into a protective order with protections materially equivalent to the Stipulation for Protective Order as modified by this Addendum.  Further, the Insurers may, where necessary to satisfy reinsurance, regulatory, and/or legal requirements, maintain the Confidential, Intermediate Confidential, or Highly-Confidential-AEO Information in conformity with the terms of this Addendum, which terms, under this provision, shall survive the termination of the Chapter 11 Case.

4. **Confidentiality Designations and Challenges**.

a. The Parties agree to refrain from designating Discovery Material produced in the Adversary Proceedings Involving Insurance as "Intermediate Confidential Material" or "Intermediate Confidential," as those terms are defined in Section 6(i) and referenced throughout the Stipulation for Protective Order; *provided*, however, that a party may so designate documents when re-producing in an Adversary Proceeding Involving Insurance a document or information that was previously produced with a designation of "Intermediate Confidential Material" or "Intermediate Confidential" in the bankruptcy action captioned *In re Kidde-Fenwal, Inc.*, Case No. 23-10638 (LSS).

b. To the extent that a Producing Party is authorized to re-produce in the Adversary Proceedings Involving Insurance any Discovery Material that was produced and designated in the MDL as "Export Control Information" or "Department of Defense Distribution Statement F Information," the re-production will be subject to all applicable laws and regulations and otherwise treated as Highly Confidential-AEO Material; and

c. Any Party to the Adversary Proceedings Involving Insurance shall have the right, pursuant to the procedures set forth in Section 20 of the Stipulation for Protective Order, to challenge any confidentiality designation made by a Producing Party as to the Producing Party's own documents produced in the Adversary Proceedings Involving Insurance, regardless of whether the Producing Party previously produced those documents in the multi-district litigation captioned *In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG (the "MDL");

d. Any Party seeking to challenge any designation claimed as to a document re-produced in an Adversary Proceeding Involving Insurance that was produced in the MDL by a

person that is not a Party to an Adversary Proceeding Involving Insurance must attempt to do so pursuant to the procedures set forth in the Case Management Order 4.A, MDL (D.S.C. Apr. 16, 2021), ECF No. 1523, except that any Party seeking to challenge any designation of confidentiality pursuant to the September 5, 2023 Stipulation [D.I. 554-1] in *In re Kidde-Fenwal, Inc.*, Case No. 23-10638 (LSS) (the "Stipulation") that is more restrictive than the level of protection claimed by a party originally producing such documents in the MDL must attempt to do so pursuant to Paragraph 2 of the Stipulation.

5. **Electronically Stored Information ("ESI").** The ESI production requirements set forth in Section 25 of the Stipulation for Protective Order and Exhibit C thereto shall not apply to the Adversary Proceedings Involving Insurance.

6. **Reasonable Best Efforts**. The Parties' obligation to return, destroy, or cause to be destroyed Confidential, Intermediate Confidential, or Highly-Confidential-AEO Information pursuant to Section 30 of the Stipulation for Protective Order shall be subject to a "reasonable best efforts" standard.

7. **Preservation of Rights.** A Party to an Adversary Proceeding Involving Insurance does not waive, and preserves, any rights (including arbitration rights) or affirmative defenses by signing **Exhibit A** to the Stipulation for Protective Order and agreeing to be bound by the Stipulation for Protective Order as modified by this Addendum. Certain Defendant Insurers to Adversary Proceeding, No. 23-50758 (LSS) and Hartford Accident and Indemnity Company in Adversary Proceeding No. 24-50015 (LSS) (collectively, "Certain Insurers") have filed a motion to withdraw the reference of Adversary Proceeding Nos. 23-50758 and 24-50015 to the United States Bankruptcy Court for this District, or a joinder to the aforementioned motion. Participating in discovery and agreeing to this Protective Order shall not be construed as a waiver of, and Certain

Insurers' expressly reserve, any right to a jury trial which might be available on any issue during the course of these proceedings, and any and all defenses and arguments that may be available to them, including without limitation all defenses asserted in Certain Insurers' Answers to the Complaint, as well as any and all arguments that the Bankruptcy Court cannot enter final orders or judgments in accordance with Article III of the United States Constitution.

**Dated: October 21st, 2024**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**