# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| KFI Wind-Down Corp.,[1] | |
| | Case No. 23-10638 (LSS) |
| Debtor. | **Hearing Date: November 7, 2024, at 2:00 p.m. EST** |
| | **Objection Deadline: October 21, 2024, at 4:00 p.m. EST** |
| | Re: D.I. 1528 |

**THE PEOPLE OF THE STATE OF CALIFORNIA'S OBJECTION TO SIXTEENTH MONTHLY FEE STATEMENT OF SULLIVAN & CROMWELL LLP AS COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM AUGUST 1, 2024 THROUGH AND INCLUDING AUGUST 31, 2024**

The People of the State of California, *ex rel.* Rob Bonta, Attorney General of California ("the People"), respectfully submit this objection ("Objection") to Sullivan & Cromwell LLP's Sixteenth Monthly Fee Statement ("Fee Statement") [D.I. 1528] and respectfully represent as follows:

## PRELIMINARY STATEMENT

1.      The People object to Sullivan & Cromwell's Fee Statement, which covers billings for August 2024, because the Fee Statement contains billings that are unreasonable, unnecessary, and redundant, and are thus prohibited under the Bankruptcy Code. *See* 11 U.S.C. § 330(a). The Court has

---

[1] The last four digits of the Debtor's tax identification number are 5282. The Debtor's corporate headquarters is located at c/o AlixPartners, 909 Third Avenue, New York, NY 10022.

the ability, and indeed the obligation, to deny requests for compensation when the services rendered do not serve to efficiently and effectively further the interests of the estate. *See In re Congoleum Corp.*, 426 F.3d 675, 693 (3d Cir. 2005).

2.      While a debtor's counsel may receive compensation for time reasonably spent preparing a fee application, it must delegate tasks to limit the costs of such preparation. *See* 11 U.S.C. § 330(a)(6). However, Sullivan & Cromwell's Fee Statement fails to meaningfully limit fee application preparation costs. Rather, it seeks $32,000 for tasks related to June and July 2024 time entries. [D.I. 1528-2, at 17-19.] This amount reflects 32.2 hours of work, most of which was performed by attorneys, including top-billing partners. [D.I. 1528-2, at 19.] The People believe that the Court should compensate Sullivan & Cromwell for this time, but in an amount of no more than $13,500, for the reasons explained below.

3.      Reducing the compensation will not only preserve value in the Estate, but also will send a message to the professionals in this bankruptcy—who have been paid a total of $102,155,123 and counting (roughly $200,000 per day) from the Estate—to further scrutinize their billings and request only reasonable compensation. [*See* D.I. 1521, at 8.]

## JURISDICTION AND CREDITOR STATUS

4.      The Bankruptcy Code requires notice to parties in interest and a hearing before the court may award "reasonable compensation for actual, necessary services rendered" by certain professionals. 11 U.S.C. § 330(a)(1).

5.      The People are an unsecured creditor of Debtor by virtue of a Complaint filed by the People on November 17, 2022. At the time of the bankruptcy filing, the People's action had been removed to federal court and transferred to the Aqueous Film-Forming Foams (AFFF) Products Liability Litigation, MDL No. 2873 (MDL), pending in the District of South Carolina.

6.      The People are also a defendant in Debtor's adversary proceeding (Case Number: 23-

50387 (LSS)), to which the People filed an answer on June 22, 2023. [Adv. Proc. D.I. 23.]

## **RELEVANT PROCEDURAL BACKGROUND**

7.      On May 14, 2023, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. [D.I. 1.]

8.      On July 27, 2023, the Court entered an Order authorizing the retention of Sullivan & Cromwell as Debtor's counsel. [D.I. 322.]

9.      On October 1, 2024, Sullivan & Cromwell submitted its sixteenth monthly Fee Statement, covering the month of August 2024. [D.I. 1528.] It seeks $905,566.50 in total compensation, including $32,000 for tasks associated with preparing past fee applications. [*Id*., at 4.] The request for compensation for fee application tasks accounts for approximately 3.5 percent of the firm's total request.

10.      For the fee application tasks, Sullivan & Cromwell billed 32.2 hours under the category of "EMPLOYMENT AND FEE APPLICATIONS (S&C)." [D.I. 1528-2, at 19.] Of this time, paralegals billed only 12.1 hours. [See *id*., at 17-19.] Attorneys billed the balance, including two partners – Alexa Kranzley, who billed 1.7 hours at a rate of $2,160 per hour, and Justin DeCamp, who billed 1.1 hours at a rate of $2,375. [*Ibid*; D.I. 1528, at 2.] In the billed time, the lawyers performed such tasks as "review and revise S&C July time entries" and "[r]eview and revise S&C July fee statement." [D.I. 1528-2, at 17-19.]

11.      The Fee Statement includes a separate category for "TIME ENTRY REVIEW." This category documents 26.7 hours of tasks, all performed by paralegals, described as "[r]eview and revise time entries." [D.I. 1528-2, at 35.]  Unlike with the "review and revise" tasks found in the "EMPLOYMENT AND FEE APPLICATIONS (S&C), Sullivan & Cromwell is not seeking compensation for these "[r]eview and revise" tasks. [*Ibid*.] The Fee Statement offers no explanation of the reasons the firm is seeking compensation for one set of billing-related tasks but not the other.

12.     By comparison, on September 16, 2024, the Official Committee of Unsecured Creditors' ("UCC") counsel, Brown Rudnick, submitted its Fifteenth Monthly Fee Application, covering the month of August 2024. [D.I. 1495.] Brown Rudnick's statement indicates that staff spent 8.8 hours preparing past applications, but the firm is seeking compensation for only 5.6 of those hours. [D.I. 1495-3, at 1; D.I. 1495-1, at 14.]  These 5.6 hours reflect 4.8 hours of work performed by a paralegal and 0.8 hours performed by a partner who is not a top biller. [D.I. 1495-1, at 15.] All told, Brown Rudnick seeks $3,800 for these tasks, or approximately 1.5 percent of the $259,304.00 requested in its fee application.

## LEGAL STANDARDS

13.     The Third Circuit recognizes a bankruptcy "court's inherent obligation to monitor the debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc.,* 19 F.3d 833, 841 (3d Cir. 1994) ("[T]he bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Id.* at 844). Furthermore, the Third Circuit recognizes that bankruptcy courts have "an obligation to prevent unnecessary expenditures in the administration of an estate." *In re Congoleum Corp.*, 426 F.3d 675, 693 (3d Cir. 2005).

14.     A debtor's professionals are entitled to "reasonable compensation for actual, necessary services rendered" on the debtor's behalf. 11 U.S.C. § 330(a)(1)(A). However, courts are empowered to "award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2).

15.     An attorney may request compensation for time incurred in preparing a fee application, but "[a]ny compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application." 11 U.S.C. § 330(a)(6).

16.     Courts examine multiple factors in determining reasonableness of compensation, *see*

11 U.S.C. § 330(a)(3), but "the court shall not allow compensation for--(i) unnecessary duplication of services; or (ii) services that were not--(I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A).

## ARGUMENT

I.      **This Court Should Not Allow Unreasonable and Unnecessary Charges to the Estate Due to Sullivan & Cromwell's Uneconomical Staffing.[2]**

17.      The People do not dispute that a debtor's counsel may request compensation for time spent preparing a fee application. *See, e.g.*, *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 132 (2015). But any such request must be reasonable. Sullivan and Cromwell's is not, and it should not be granted in its full amount.

18.      Indeed, "although an attorney is entitled to a fee award including the time reasonably spent preparing [the] fee application, [she or] he should responsibly delegate tasks and employ clerical support to limit the expense of application preparation." *In re Little*, 484 B.R. 506, 511 (B.A.P. 1st Cir. 2013).

19.      Judging from its most recent fee statement, Brown Rudnick reasonably delegated tasks and employed clerical support to the extent possible. It is requesting compensation for only 5.6 hours associated with preparing past fee applications, with 85 percent of that time attributable to the work of a paralegal. Because it followed reasonable practices, it is now requesting a modest $3,800 in compensation for preparing the statement.

20.      On the other hand, Sullivan & Cromwell seeks more than double the percentage basis of its total fee (3.5% vs. 1.5%) that Brown Rudnick seeks for tasks associated with preparing past fee applications. This is unreasonable. The same standards for fee applications that apply to Brown Rudnick apply equally to Sullivan & Cromwell.

---

[2] Although this objection focuses on Sullivan & Cromwell's excessive and top-heavy billing for tasks associated with preparing past fee applications, the People continue to harbor the same concerns expressed in their objection to the firm's previous fee statement about overstaffing mediation tasks. [*See* D.I. 1518.]

21.     The key difference seems to be that, in attempting to meet those standards, Brown Rudnick relied primarily on a paralegal while Sullivan & Cromwell relied on lawyers who billed at rates of between $850 and $2,375 per hour. Indeed, paralegal staff billed 85 percent of the hours for which Brown Rudnick seeks compensation, compared to 38 percent at Sullivan & Cromwell.

22.     There is no practical reason for Sullivan & Cromwell's failure to delegate as Brown Rudnick did. Unless Sullivan & Cromwell can demonstrate that it has a unique business need for high-billing lawyers to complete the same tasks that peer firms assign to paralegals, it should not request and should not receive compensation for time spent on those tasks. It should not be allowed to continue profligate practices unchecked and drain the Estate of "wealth which by right should inure to the benefit of unsecured creditors." *In re Busy Beaver Bldg. Centers, Inc.,* 19 F.3d at 844. That is particularly so here, because those unsecured creditors include state and territorial law enforcement agencies and water providers seeking to clean up drinking water contaminated by PFAS from the Debtor's AFFF, as well as personal injury plaintiffs with ailments that they attribute to AFFF, including firefighters, first responders, and current and former members of our armed forces, as well as their surviving spouses.

23.     The People urge the Court to use the discretion the Bankruptcy Code gives it to "award compensation that is less than the amount of compensation that is requested," 11 U.S.C. § 330(a)(2), and limit Sullivan & Cromwell's recovery for time spent preparing fee applications to an amount proportional to Brown Rudnick's, or 1.5 percent of the total amount sought. The People assert this proportional amount would equal approximately $13,500.

**RESERVATION OF RIGHTS**

24.     Finally, the People reserve all rights to object to Sullivan & Cromwell's billings in interim fee applications, in addition to Sullivan & Cromwell's billings in its final fee application. Nothing herein shall constitute a waiver or admission by the People regarding the propriety or reasonableness of Sullivan & Cromwell's billings not raised by the People in this Objection or in its

prior objection to Sullivan & Cromwell's fifteenth monthly fee application.

WHEREFORE the People respectfully request that this Court reduce by at least $18,500, to no more than $13,500, the amount that Sullivan & Cromwell receives in compensation for time spent on past fee applications and deny compensation for any other billings the Court determines fall short of the Bankruptcy Code's reasonable and necessary requirements for compensation of professionals.

DATED: October 21, 2024                    Respectfully submitted,

ROB BONTA
Attorney General of California
JEREMY BROWN (SBN 269159)
Supervising Deputy Attorney General
MITCHELL E. RISHE (SBN 193503)
NICHOLAS G. CAMPINS (SBN 238022)
THOMAS SCHUMANN (SBN 324559)
BRENDAN HUGHES (SBN 333690)
Deputy Attorneys General
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 738-9339
Email: Brendan.Hughes@doj.ca.gov

*/s/ Brendan Hughes*
BRENDAN HUGHES
Deputy Attorney General
*Attorneys for the People of the State of California, ex rel. Rob Bonta, Attorney General of California*