## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| KFI WIND-DOWN CORP.,[1] | Case No. 23-10638 (LSS) |
| Debtor. | **Re: 2412, 2413** |

## OBJECTION OF THE STATES OF MAINE AND VERMONT TO THE REVISED FOURTH DISCLOSURE STATEMENT FOR DEBTOR'S FIFTH AMENDED PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

**GRANT & EISENHOFER P.A.**

Frank H. Griffin (Del. Bar No. 7318)
123 Justison Street
Wilmington, DE 19801
Tel: 302-622-7047
Fax: 302-622-7100
fgriffin@gelaw.com

**STATE OF MAINE**

AARON M. FREY
ATTORNEY GENERAL

Mark Bower (Government Attorney
Certification to be filed)
Assistant Attorney General
6 State House Station
Augusta, Maine 04333
(207) 626-8578
Mark.Bower@maine.gov

**GRANT & EISENHOFER P.A.**

Gordon Z. Novod (admitted *pro hac vice*)
485 Lexington Avenue, 29th Floor
New York, New York 10017
Tel: 646-722-8523
Fax: 646-722-8501
gnovod@gelaw.com

**STATE OF VERMONT**

CHARITY R. CLARK
ATTORNEY GENERAL

Laura B. Murphy (Government Attorney
Certification filed (*see* D.I. 2159))
Assistant Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-3186
laura.murphy@vermont.gov

---

[1]   The last four digits of KFI Wind-Down Corp.'s tax identification number are 5282. The Debtor's corporate headquarters is located at c/o AlixPartners, 909 Third Avenue, New York, NY 10022.

The State of Maine ("Maine") and the State of Vermont ("Vermont"), by and through their undersigned counsel, hereby object to the Approval of the Debtor's Motion For Entry Of An Order (I) Approving The Adequacy of the Disclosure Statement And Form And Manner Of Notice Of Hearing Thereon; (II) Establishing Solicitation Procedures; (III) Approving The Form And Manner Of Notice To Attorneys And Solicitation Directive; (IV) Approving The Form Of Ballots; (V) Approving The Form, Manner And Scope Of Confirmation Notices; (VI) Establishing Certain Deadlines In Connection With Approval Of Disclosure Statement And Confirmation Of Plan; And (VII) Granting Related Relief (the "Disclosure Statement Motion") as it applies to the Disclosure Statement For Debtor's Fifth Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code (D.I. 2412-1) (the "Revised Fourth Disclosure Statement"), and thus request that this Court deny the Debtor's request for approval to solicit votes on the Plan pursuant to the Revised Disclosure Statement.

## OBJECTION

1.      On June 4, 2025, the Court heard lengthy argument concerning the adequacy of the Debtor's then-proposed Disclosure Statement for Debtor's Fourth Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [D.I. 2206] (the "Revised Third Amended Disclosure Statement"). Following the conclusion of that hearing, on June 16, 2025, the Court entered its "Ruling on Disclosure Statement" (*see In re Kidde-Fenwal, Inc.*, No. 23-10638 (LSS), 2025 WL 1693173 (Bankr. D. Del. June 16, 2025)).

2.      Two months after the Court's Ruling on Disclosure Statement was issued, at 7:34 p.m. (EDT) on Friday, August 15, 2025, the Debtor filed its Revised Fourth Disclosure Statement. *See* D.I. 2412. Shortly thereafter, the Debtor filed a notice of filing of a Further Revised Proposed Order approving, *inter alia*, the adequacy of the Debtor's Revised Fourth Disclosure Statement. *See* D.I. 2413. The Revised Fourth Disclosure Statement purports to "incorporate[] changes

1

directed by the Court at the June 4, 2025 hearing … and in the RULING ON DISCLOSURE STATEMENT." D.I. 2412, at 1-2. However, Maine and Vermont do not believe the Debtor's Revised Fourth Disclosure Statement fully complies with the Court's Ruling on Disclosure Statement.

3.     The Court's Ruling on Disclosure Statement states the information that the Debtor is required to prepare for a Revised Fourth Amended Disclosure Statement before the Court will approve that further revised document for use by the Debtor in soliciting votes with respect to its plan of liquidation. The Court required, *inter alia*, three things relevant to Maine and Vermont's Disclosure Statement Objection (D.I. 2137).

4.     <u>First</u>, the Court required that the Debtor "work with the plan supporters (and others, to the extent necessary) to create a schedule of the Released Claims, Independent AFFF Causes of Action and Sovereign State Retained Causes of Action." *In re Kidde-Fenwal, Inc.*, 2025 WL 1693173, at *4 (internal footnote omitted).

5.     <u>Second</u>, the Court required that the schedule of such claims "should include a breakdown, by count, of each cause of action contained in complaints that were filed prepetition against Carrier, RTX, Related Parties and any other Released Party under the Plan." *Id.* As an example of such claims, the Court specifically identified the *State of Maine v. 3M Company, et al.,* MDL 2873, Master Docket No. 2:18-mn-2873-RMG, Civil Action No. 2:23-cv-02573-RMG, Entry No. 23 (Amended Complaint). *Id.*, at *4 n.19.

6.     <u>Third</u>, the Court also requires that the schedule "also specifically list which counts are not being released." *In re Kidde-Fenwal, Inc.*, 2025 WL 1693173, at *4.

7.     The Debtor's Revised Fourth Disclosure Statement does not address any of these things. The Debtor's Revised Fourth Disclosure Statement **does not** include a schedule of the

Released Claims, Independent AFFF Causes of Action and Sovereign State Retained Causes of Action. The Debtor's Revised Fourth Disclosure Statement ***does not*** include a breakdown, by count, of each cause of action contained in complaints that were filed prepetition against Carrier, RTX, Related Parties and any other Released Party under the Plan. The Debtor's Revised Fourth Disclosure Statement ***does not*** include a schedule that specifically lists which counts are not being released.

## <u>CONCLUSION</u>

WHEREFORE, the State of Maine and the State of Vermont respectfully request that this Court deny approval of the Revised Fourth Disclosure Statement for Debtor's Fifth Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code, and grant such other and further relief as the Court deems just and proper.

Dated August 19, 2025

**STATE OF MAINE**                                    **STATE OF VERMONT**

AARON M. FREY                                         CHARITY R. CLARK
ATTORNEY GENERAL                                      ATTORNEY GENERAL

*/s/ Mark A. Bower*_____                        */s/ Laura B. Murphy*_____
Mark A. Bower (Government Attorney                    Laura B. Murphy (Government Attorney
Certification to be filed)                            Certification filed (*see* D.I. 2159))
Assistant Attorney General                            Assistant Attorney General
6 State House Station                                 109 State Street
Augusta, Maine 04333                                  Montpelier, VT 05609-1001
(207) 626-8578                                         (802) 828-3186
Mark.Bower@maine.gov                                  laura.murphy@vermont.gov


**GRANT & EISENHOFER P.A.**

*/s/ Frank H. Griffin*_____
Frank H. Griffin (DE 7318)
123 Justison Street
Wilmington, DE 19801
Tel: 302-622-7047
Fax: 302-622-7100
fgriffin@gelaw.com

Gordon Z. Novod (*pro hac vice* application
pending (*see* D.I. 2200))
485 Lexington Avenue, 29th Floor
New York, New York 10017
Tel: 646-722-8523
Fax: 646-722-8501
gnovod@gelaw.com

## **CERTIFICATE OF SERVICE**

I, Frank H. Griffin, hereby certify that on August 19, 2025, a true and correct copy of the

foregoing was served to all parties via CM/ECF.

*/s Frank H. Griffin*
Frank H. Griffin (DE 7318)