**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| KFI Wind-Down Corp.,[1] | Case No. 23-10638 (LSS) |
| Debtor. | **Re: D.I. 2412, 2413, 2416** |

**OBJECTION OF THE STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, AND NEW YORK, AND THE DISTRICT OF COLUMBIA TO THE FOURTH REVISED DISCLOSURE STATEMENT FOR DEBTOR'S FIFTH AMENDED PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE AND JOINDER IN OBJECTION OF THE STATES OF MAINE AND VERMONT**

The states of California, Colorado, Connecticut, Delaware, and New York, and the District of Columbia (the "Objecting States"), by and through their undersigned counsel, object to the Fourth Revised Disclosure Statement for Debtor's Fifth Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, [D.I. 2412], join in the Objection of the states of Maine and Vermont, [D.I. 2416], and respectfully state as follows:

1.      On the evening of Friday, August 15, 2025, the Debtor filed its Fourth Amended Disclosure Statement, [D.I. 2412], which represents that it "incorporates changes directed by the Court at the June 4, 2025 hearing . . . and in the Ruling on Disclosure Statement." The Debtor simultaneously filed its Fifth Amended Plan of Liquidation (the "Plan"), [D.I. 2411], and a revised proposed order to approve the Disclosure Statement (the "Proposed Order"), [D.I. 2413] (collectively hereinafter the "Friday Night Filing").

---

[1] The last four digits of the Debtor's tax identification number are 5282. The Debtor's corporate headquarters is located at c/o AlixPartners, 909 Third Avenue, New York, NY 10022.

2.      The Objecting States wholly agree with Maine and Vermont that the Debtor's Friday Night Filing ignores the Court's Ruling on Disclosure Statement ("Ruling"), [D.I. 2249], which ordered the Debtor to "create a schedule of the Released Claims, Independent AFFF Causes of Action and Sovereign State Retained Causes of Action," including a "breakdown, by count, of each cause of action contained in complaints" filed against the parties released under the Plan, and "specifically list which counts are not being released." Ruling, at 6-7. The Court has required the Debtor to furnish this information to address what it has identified as "the *Emoral* issue." *Id.* at 4. As the Court explained, "The lesson from *Emoral* is clear: to know whether a settlement of estate causes of action should be approved, you must first know what the causes of action are." *Id.* at 6.

3.      The Disclosure Statement fails to even attempt to identify the scope of the releases contemplated by the Plan. *See* [D.I. 2416], at pp. 3-7; Ruling, at 6-7. Instead, the Debtor summarily concludes that "It is [] not possible at present to determine all the specific claims asserted by third parties against the Released Parties in the AFFF MDL that will or will not be released under the Plan." [D.I. 2412], at pp. 8-9.

4.      The Court repeatedly underscored the importance of this information during its examination at the Disclosure Statement Hearing on June 4, 2025 ("Hearing"):

a.   The Court noted, as the Objecting States have, that the definitions in the Plan do not provide any clear guidance on what claims would be released or preserved under the Plan. "[I]t concerns me that every time I'm looking at a specific definition I've got to think a lot about it, and it just makes it hard to therefore go through the plan, whether that – they may all be confirmation issues, but I tell you, it makes it hard." Transcript of Hearing ("Tr.") at 242:12-242:16.

b.  With respect to the Plan's definition of "Estate Causes of Action" in particular, the Court stated that it had "never seen a definition of estate cause of action that's two pages" and opined that "it's meant to serve a purpose." Tr. 107:8-107:9, 107:13.

c.  Likewise, the Court recognized that the Plan's definition of "Sovereign State Retained Causes of Action" lacks clarity and casts doubt upon the status of many claims held by the States. "[I]t's not that it's just not an estate cause of action, it's an estate cause of action plus something else. So, what does that mean? I don't understand what it means." Tr. 241:17-241:20.

d.  The Court commented during the Hearing that this proceeding may benefit from staying "ahead of *Emoral*" in which, "for whatever reason, they let [the settlement] go through without deciding what the claims were." Tr. 115:1, 115:6-115:7. By not complying with the Court's Ruling to identify creditor claims against nondebtor third parties that would and would not be released under the Plan, the Debtor is trying to deprive the Court of that procedural advantage.

5.  As a result of the Debtor's cursory dismissal of the Court's Ruling, the revised Disclosure Statement and Plan provide no substantive clarity to resolve the concerns of the Court and the Objecting States.

6.  The Objecting States object to any attempt to proceed to plan solicitation and voting without disclosing the scope of claims that will and will not be released. This information is essential to understanding the scope of the settlement that the plan proponents have made and it belongs in the disclosure statement. To deprive voting creditors of this vital information runs contrary to the Bankruptcy Code's requirement for the Debtor to "proceed[] with honesty." *See Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 209 (2024).

7.      Furthermore, the Debtor boldly suggests that this Court permit it to proceed to solicitation and voting without further hearing, despite clearly ignoring the Court's direction. No objection deadline has been established and no hearing has been scheduled in connection with the Debtor's Friday Night Filing. However, the Proposed Order provides for a "Confirmation Timeline" with a "Solicitation Directive Mailing Deadline" of August 25, 2025. [D.I. 2413], at 6; *see also* [D.I. 2412], at 4. That date is only ten calendar days (six court days) after the Debtor's Friday Night Filing.

8.      To proceed with the schedule proposed by the Debtor would require the Court to approve the Disclosure Statement mere days after the Friday Night Filing and without a further hearing. Apparently by design, there is little or no opportunity for creditors and other parties-in-interest to properly review the documents and for the Court to hold a hearing on the amended Disclosure Statement, as required by Local Rule 3017-1(a). The Objecting States object to this unreasonable timeline.

9.      As sovereign entities who are entitled to vote on the proposed Plan but have not been provided necessary information about whether our claims will be released under the Plan, we submit this Objection and reassert our previous objections here.[2] The Debtor's Disclosure Statement fails to inform voting creditors – or the Court – of the claims that will and will not be released under the proposed Plan. The Debtor must give creditors that information *before* their votes are solicited.

---

[2] The Objecting States argued that the Plan is patently unconfirmable because of the unlawful scope of the proposed estate release in their joint objection to the Debtor's motion to approve the Disclosure Statement for Debtor's Third Amended Plan of Liquidation, [D.I. 2140], and reassert and incorporate those arguments by reference here.

**RESERVATION OF RIGHTS**

10.     As a consequence of the Debtor's attempt to file a new Disclosure Statement without any opportunity for review, the Objecting States submit this joinder to object on the basis of their procedural concerns. The Objecting States reserve the right to make substantive objections to the Disclosure Statement on a later date, if given the opportunity.

11.     This Objection is submitted without prejudice to, and with a full reservation of, the Objecting States' rights to object to confirmation of the Plan on any basis, to seek discovery in connection with confirmation related issues, and to supplement this Objection in writing or at the Disclosure Statement hearing including, without limitation, in the event the Debtor amends or otherwise modifies the Disclosure Statement or the Plan.

**CONCLUSION**

WHEREFORE, for all of the foregoing reasons, the Objecting States respectfully request that the Court deny approval of the Disclosure Statement for Debtor's Fifth Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, [D.I. 2412], and grant such other and further relief as the Court deems just and proper.

Dated: August 20, 2025

[*Signature blocks on following page*]

5

Respectfully submitted,

**STATE OF CALIFORNIA**

ROB BONTA
Attorney General of California

*/s/ Mitchell E. Rishe*
JEREMY BROWN (SBN 269159)
Supervising Deputy Attorney General
MITCHELL E. RISHE (SBN 193503)
NICHOLAS G. CAMPINS (SBN 238022)
THOMAS SCHUMANN (SBN 324559)
BRENDAN HUGHES (SBN 333690)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, California 90013
(213) 269-6394
Mitchell.Rishe@doj.ca.gov

*Attorneys for the People of the State of California,*
*ex rel. Rob Bonta, Attorney General of California*

**STATE OF COLORADO**

PHILIP J. WEISER
Attorney General of Colorado

*/s/ Leslie Eaton*
LESLIE EATON
Special Counsel
HEATHER KELLY
First Assistant Attorney General
1300 Broadway
Denver, Colorado 80203
(720) 508-6000
Leslie.Eaton@coag.gov

*Attorneys for the State of Colorado*

**STATE OF CONNECTICUT**

WILLIAM M. TONG
Attorney General of Connecticut

*/s/ Christopher Patrick Kelly*
MATTHEW I. LEVINE
Deputy Associate Attorney General
CHRISTOPHER PATRICK KELLY
KAELAH M. SMITH
JULIA R. SUESSER
Assistant Attorneys General
165 Capitol Avenue
Hartford, CT 06106
860-808-5250
Christopher.Kelly@ct.gov

*Attorneys for the State of Connecticut*

**STATE OF DELAWARE**

KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Shelley A. Kinsella*
OWEN P. LEFKON (#5672)
Director,
Fraud and Consumer Protection Division
MARION QUIRK (#4136)
Director of Consumer Protection
RALPH DURSTEIN III (#912)
SHELLEY A. KINSELLA (#4023)
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8600
Shelley.Kinsella@delaware.gov

*Attorneys for the State of Delaware*

**STATE OF NEW YORK**

LETITIA JAMES
Attorney General of the State of New York

*/s/ Muhammad Umair Khan*
MUHAMMAD UMAIR KHAN
Senior Advisor & Special Counsel
MARTIN A. MOONEY
Assistant Attorney General
Section Chief
ROBERT J. ROCK
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6685
Umair.Khan@ag.ny.gov

*Attorneys for the State of New York*

**DISTRICT OF COLUMBIA**

BRIAN L. SCHWALB
Attorney General for the District of
Columbia

*/s/ Wesley Rosenfeld*
SEAN POWERS (#198053)
STEPHON D. WOODS (#1025232)
WESLEY ROSENFELD (#1002428)
Assistant Attorneys General
400 Sixth Steet, NW
Washington, D.C. 20001
(202) 368-2569
Wesley.Rosenfeld1@dc.gov

*Attorneys for the Office of the Attorney
General for the District of Columbia*

### CERTIFICATE OF SERVICE

I, Christopher Patrick Kelly, of the Office of the Attorney General for the State of Connecticut, hereby certify that on August 20, 2025, a true and correct copy of the foregoing was served to all parties via CM/ECF.

*/s/ Christopher P. Kelly*
Christopher Patrick Kelly