**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>KFI WIND-DOWN CORP.,[1]<br><br>     Debtor. | Chapter 11<br><br>Case No. 23-10638 (LSS) |

**INSURERS'[2] OBJECTION TO THE FOURTH AMENDED DISCLOSURE**
**STATEMENT FOR DEBTOR'S FIFTH AMENDED PLAN OF LIQUIDATION UNDER**
**CHAPTER 11 OF THE BANKRUPTCY CODE**

**STAMOULIS & WEINBLATT LLC**
800 N. West Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688

**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Counsel for ACE American Insurance Company,*
*Century Indemnity Company (as successor to*
*CIGNA Specialty Insurance Company f/k/a*
*California Union Insurance Company; and as*
*successor to CCI Insurance Company, as successor*
*to Insurance Company of North America), Federal*
*Insurance Company, and Pacific Employers*
*Insurance Company*

---

[1]   The last four digits of KFI Wind-Down Corp.'s tax identification number are 5282.  The Debtor's corporate headquarters is located at c/o AlixPartners 909 Third Avenue, New York, NY 10022.

[2]   The "Insurers" include the insurance companies listed in the signature block below.

The undersigned Insurers object to the approval of the Disclosure Statement[3] filed on August 15 as it does not adequately address the explicit instructions of this Court stated on the record during the June 4 hearing and in its June 16 ruling on the Disclosure Statement (D.I. 2191; *In re Kidde-Fenwal, Inc.*, No. 23-10638 (LSS), 2025 WL 1693173 (Bankr. D. Del. June 16, 2025)). The Insurers ask the Court to either deny approval of the Disclosure Statement as filed, or to schedule argument on these issues for the September 24 Omnibus Hearing, and to decline to approve the Debtor's proposed schedule.

## OBJECTION

**A.    The new Disclosure Statement fails to meet the Court's requirements for approval**

1.    *First*, the new Disclosure Statement does not include "a schedule of Released Claims, Independent AFFF Causes of Action and Sovereign State Retained Causes of Action," as the Court has required.  *In re Kidde-Fenwal, Inc.*, 2025 WL 1693173, at *4 ("Debtor should work with the plan supporters (and others, to the extent necessary) to create a schedule of the Released Claims, Independent Causes of Action and Sovereign State Retained Causes of Action.").  The Court directed that such schedule should "include a breakdown, by count, of each cause of action contained in complaints that were filed prepetition against Carrier, RTX, Related Parties and any other Released Party under the Plan.  It should also list which counts are not being released." *Id.* The new Disclosure Statement does not include any such schedule of Released Claims, Independent Causes of Action, or Sovereign State Retained Causes of Action.

2.    Instead, the Debtor has simply stated it is "not possible at present to determine all the specific claims asserted by third parties against the Released Parties in the AFFF MDL that

---

[3]    *Disclosure Statement for Debtor's Fifth Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* (D.I. 2412-1) (the "<u>Disclosure Statement</u>").

will or will not be released under the Plan." Disclosure Statement at 8-9. Why it took two months for Debtor to assert it could not comply warrants some discussion. But even if it were not possible to determine "all" claims, it should certainly be possible to create a non-exhaustive list based on the AFFF MDL complaints, as requested by the Court. *See In re Kidde-Fenwal, Inc.*, 2025 WL 1693173, at \*4 n.19 (the Court specifically lists "*State of Maine v. 3 M Company, et al.*, MDL 2873, Master Docket No. 2:18-mn-2873-RMG, Civil Action No. 2:23-cv-02573-RMG, Entry No. 21 (Amended Complaint)" as an example of a complaint filed prepetition against Released Parties that has causes of action that should be included in such a list).

3.     <u>*Second*</u>, the Liquidation Analysis remains completely unchanged and provides no helpful information as to whether the Plan results in better recoveries than a chapter 7 liquidation.

4.     The "Detailed Liquidation Analysis" is still almost entirely "TBD" placeholders and does not consider any scenario under a chapter 7 liquidation other than one where the chapter 7 trustee comes to the exact same economic deal with Carrier Global Corporation ("<u>Carrier</u>"). *See* App'x B to Disclosure Statement. As the Court noted at the June 4 hearing, "[i]f you just assume that in a Chapter 7 liquidation the Chapter 7 trustee is going to do exactly what the Chapter 11 case did, then it will always be more expensive to run it in a 7." June 4 Hearing Transcript at 71:3-6 (attached hereto as **<u>Exhibit A</u>**). This Liquidation Analysis fails to account for any alternative settlement terms and ignores any impact the insurance proceeds kickback structure will have on claims recoveries as Carrier is potentially paid billions out of insurance recoveries by the Primary AFFF Settlement Trust. Fundamentally, it fails to show how the present kickback structure compares with the alternative structure where there is no settlement of claims against Carrier in a chapter 7.

5.    _Third_, the Disclosure Statement does not include a useful disclosure of estimated recoveries that includes both a range of estimated recoveries and the total asserted value of claims, as the Court requested.  _See_ June 4 Hearing Transcript at 66:7-17 (attached hereto as **Exhibit A**).

6.    Instead, the Debtor added a set of generic estimated recoveries with a range so broad as to be completely uninformative to any claimant.  _See_ Disclosure Statement at 10-12 (estimating recoveries for each category of AFFF claims at 5% - 75%).  And the estimated recovery percentage is somehow the same for every category of AFFF claim without any explanation as to how that was calculated.  _Id._

7.    The Court specifically asked the Debtor to include the total asserted value of claims because that's "an important number for claimants to know."  _See_ June 4 Hearing Transcript at 66:7-17 (attached hereto as **Exhibit A**).  The Court noted that the Debtor should know what claims have been asserted and what the Debtor thinks they will end up at, especially if they are going to present evidence of those claim amounts at confirmation.  _Id._  All the Debtor says in the Disclosure Statement is that the estimated recovery range of 5% to 75% is "informed by a range of estimated asserted claims and a range of estimated insurance recoveries and other considerations," but does not at any point provide any details on what those estimates may be or what is meant by "other considerations."  _See_ Disclosure Statement at 11-12.  In doing so, the Debtor also does not identify any factors that could impact where a claim recovery may fall within the estimated range, including whether there are any claim-specific factors.  This is not what the Court asked for and does not provide sufficient information for a claimant to make a reasoned analysis of and vote on the Plan.[4]

---

[4]    Another example of the Debtor not providing what the Court requested can be vividly seen in footnote 4 of the new Disclosure Statement regarding the estimated recovery range for the GUC Liquidating Trust.  In footnote 4, the Debtor provides zero explanation as to why the New National Foam POC is estimated at $12 million in all instances, yet all other unsecured claims are estimated at zero for the high end of the recovery range and are estimated at the amount asserted in each proof of claim for the low end of the recovery range.  _See_ Disclosure Statement at 12 n.4.

8.    _Fourth_, the Disclosure Statement fails to follow the Court's instructions with respect to identifying "who" will be receiving claimant releases under the TDPs.  *See* June 4 Hearing Transcript at 95:5-6 (attached hereto as **Exhibit A**).  Although the Debtor adds some language identifying some of the released parties and "certain related parties," the Debtor fails to sufficiently identify the full scope of the "certain related parties" referenced as a seeming catch-all in the Disclosure Statement.  *See* Disclosure Statement at 55.  In doing so, the Debtor not only fails to follow the Court's instructions but also attempts to maintain an impermissible third-party release through the TDPs.

**B.    The proposed confirmation hearing schedule is unreasonably rushed and prejudices objectors**

9.    Given the required and necessary supplementation of the disclosure statement and plan, at the end of the June 4 hearing, the Court left the confirmation schedule to be dealt with after the disclosure statement issues are addressed.  June 4 Hearing Transcript at 264:23-265:1 ("I'm going to consider all the arguments I've heard today and I'm going to make a ruling on that. ***And then, assuming that we're going forward, we'll deal with scheduling***.") (emphasis added) (attached hereto as **Exhibit A**).  And the schedule issues are even more important to objectors now given the uncertainty of Debtor's completion of document discovery and production of its promised privilege log.

10.    The schedule proposed by the Debtor is unreasonable and unrealistic given that it still has not completed document discovery and has not provided a date certain when that will occur or when it will produce the privilege log.  That is a precondition to addressing the merits of the plan and objections in depositions and expert work.  The Insurers have diligently attempted to pursue discovery for months, including while awaiting the Debtor's amended plan and disclosure statement.  Yet, six months after receiving the Insurers' plan-related document requests, the Debtor

has still not completed document production.  Not only has it not completed the production, but it has also not provided a date when that work will be complete.  To date the Insurers have only received approximately 485 new documents in response in response to their plan-related document requests.

11.    On August 11, certain of the Insurers also served a set of interrogatories asking, among other things, that the Debtor identify the evidence it intends to rely on to meet its burden to prove the Plan has been "proposed in good faith" pursuant to 11 U.S.C. § 1129(a)(3), as this Court proposed during the July 18 hearing.  *See* July 18 Hearing Transcript at 30:9-13 ("THE COURT: Have the defendants propounded an interrogatory that asks the debtor what it intends to rely upon or to show as evidence in support of the good faith argument?") (attached hereto as **Exhibit B**). The Debtor's responses are due on September 10 and it remains to be seen whether motion practice will be required after that.  As noted by the Court, this is important for the Debtor to articulate as it will shape the parties' ongoing discovery efforts, including depositions and testimony:

> Having said that, I do think it's appropriate to flag this issue early and to make certain that we're not in a position where we are headed toward confirmation and the discovery disputes are outstanding.  And in that regard I do think ***it's important for the debtor to articulate***, whether in response to a discovery dispute or not, ***how it's going to put on its case on the good faith and this settlement***, so that parties know and can take appropriate discovery, and so that those issues can be framed, any discovery disputes can be framed appropriately and I can rule on them in a timely fashion.  So the parties can go forward with their depositions and then ultimately with testimony.

July 18 Hearing Transcript at 37:6-17 (emphasis added) (attached hereto as **Exhibit B**).

12.    Given the threshold nature of the Insurers' interrogatories on the good faith issue and the trickle of documents and information provided by the Debtor to date, it is appropriate to discuss a fair schedule for plan-related discovery leading to a confirmation hearing only once the timing of these first steps is clarified.  At a minimum, the Debtor should provide a date certain when its document production will be completed – something the Debtor has refused to provide to

date.  The parties can then determine how many weeks they will need for additional motion practice with respect to the documents produced and withheld and potential disputes concerning interrogatory responses, remaining fact (deposition) discovery, and then expert discovery.

13.    The Insurers will be prepared to discuss the schedule at the September 24 Omnibus Hearing assuming the Debtor commits to a date for completion of document discovery and production of a privilege log, and responses to the Insurers' interrogatories that allow the Insurers to understand the scope of good faith discovery, before then.

### CONCLUSION

For the foregoing reasons, the Insurers respectfully request that the Court deny approval of the Disclosure Statement or schedule oral argument on approval of the Disclosure Statement for the September 24 Omnibus Hearing, and defer setting a Confirmation Hearing schedule until Debtor provides the necessary predicate information set forth above.

Dated:  August 21, 2025
        Wilmington, Delaware

Respectfully submitted,

By:  */s/ Stamatios Stamoulis*_____
      Stamatios Stamoulis

**STAMOULIS & WEINBLATT LLC**
Stamatios Stamoulis (No. 4606)
800 N. West Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
Email: stamoulis@swdelaw.com

-and-

**O'MELVENY & MYERS LLP**
Andrew Frackman (*pro hac vice*)
Tancred Schiavoni (*pro hac vice*)
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: afrackman@omm.com
       tschiavoni@omm.com

*Counsel for ACE American Insurance Company,
Century Indemnity Company (as successor to
CIGNA Specialty Insurance Company f/k/a
California Union Insurance Company; and as
successor to CCI Insurance Company, as
successor to Insurance Company of North
America), Federal Insurance Company, and
Pacific Employers Insurance Company*

**CHIPMAN BROWN CICERO & COLE LLP**

By:  */s/ William E. Chipman, Jr.*\_\_\_\_\_
William E. Chipman, Jr. (No. 3818)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: chipman@chipmanbrown.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Joseph G. Davis (Admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 303-1000
Email: jdavis@willkie.com

Jennifer Hardy (Admitted *pro hac vice*)
600 Travis Street
Houston, Texas 77002
Telephone:  (713) 510-1766
Email: jhardy2@willkie.com

Simone Marton (Admitted *pro hac vice*)
Yara Kass-Gergi (Admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Email:  smarton@willkie.com
YKass-Gergi@willkie.com

*Counsel for National Union Fire Insurance Company of Pittsburgh, Pa. and Lexington Insurance Company*

**BODELL BOVE, LLC**

By: */s/ Bruce W. McCullough*
Bruce W. McCullough (Del. ID 3112)
1225 N. King Street, Suite 1000
Wilmington, DE 19801-3250
Telephone: (302) 655-6749
E-mail: bmccullough@bodellbove.com

-and-

**RUGGERI PARKS WEINBERG LLP**
Joshua D. Weinberg (admitted *pro hac vice*)
Annette P. Rolain (admitted *pro hac vice*)
1875 K Street NW, Suite 600
Washington, DC 20006
Telephone: (202) 984-1400
E-mail:  jweinberg@ruggerilaw.com

arolain@rugerilaw.com

*Counsel for Great American Company and Great
American Insurance Company of New York*

**MARSHALL DENNEHEY, P.C.**

By: */s/ Aaron E. Moore*
Aaron E. Moore (Del. ID 6739)
1007 N. Orange Street, Suite 600
P.O. Box 8888
Wilmington, Delaware 19899-8888
Telephone: (302) 552-4300
Facsimile: (302) 552-4340
Email: AEMoore@MDWCG.com

*Of Counsel:*

**STEPTOE LLP**
Sarah D. Gordon (*pro hac vice*)
Johanna Dennehy (*pro hac vice*)
Ansley Seay (*pro hac vice*)
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
Email: sgordon@steptoe.com
         jdennehy@steptoe.com
         aseay@steptoe.com

-and-

**RUGGERI PARKS WEINBERG LLP**
Joshua D. Weinberg (*pro hac vice*)
Annette P. Rolain (*pro hac vice*)
James Burke (*pro hac vice*)
1875 K Street NW, Suite 600
Washington, DC 20006
Telephone: (202) 984-1400
Facsimile: (202) 984-1401
Email: jweinberg@ruggerilaw.com
         arolain@ruggerilaw.com
         jburke@ruggerilaw.com

*Counsel for First State Insurance Company,
Hartford Accident and Indemnity Company, and
Twin City Fire Insurance Company*

**CHIPMAN BROWN CICERO & COLE LLP**

By: */s/ Joseph B. Cicero*
Joseph B. Cicero (No. 4388)
Mark L. Desgrosseilliers (No. 4083)
1313 North Market Street, Suite 4500
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Facsimile: (302) 295-0199
cicero@chipmanbrown.com
desgross@chipmanbrown.com

-and-

**PARKER, HUDSON, RAINER & DOBBS LLP**
Harris B. Winsberg (admitted *pro hac vice*)
Matthew M. Weiss (admired *pro hac vice*)
303 Peachtree Street, Suite 3600
Atlanta, GA 30308
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
hwinsberg@phrd.com
mweiss@phrd.com

-and-

**STRADLEY RONON L.L.P.**
Paul W. Kalish (admitted *pro hac vice*)
Marc E. Haas (admitted *pro hac vice*)
Deidre G. Johnson (admitted *pro hac vice*)
2000 K. Street, N.W., Suite 3600
Washington, D.C. 20006
Telephone: (202) 822-9611
Facsimile: (202) 822-0140
pkalish@stradley.com
mhaas@stradley.com
djohnson@stradley.com

*Attorneys for RSA Insurance Group Limited*

**GOLDSTEIN & MCCLINTOCK, LLLP**

By: */s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (No. 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
Facsimile: (302) 444-6709
Email: marias@goldmclaw.com

-and-

**DAVID CHRISTIAN ATTORNEYS LLC**
David Christian, Esq. (admitted *pro hac vice*)
105 W. Madison St., Suite 2300
Chicago, IL 60602
Telephone: (312) 282-5282
Email: dchristian@dca.law

*Attorneys for Wellfleet New York Insurance*
*Company (formerly known as Atlanta International*
*Insurance Company), Columbia Casualty*
*Company, The Continental Insurance Company*
*(on its own behalf and as successor-in-interest to*
*Harbor Insurance Company and London*
*Guarantee and Accident Company of New York)*
*and Government Employees Insurance Company*
*(GEICO)*

**PASHMAN STEIN WALDER HAYDEN, P.C.**

By: */s/ Richard W. Riley*
Richard W. Riley (DE No. 4052)
Pashman Stein Walder Hayden, P.C.
824 North Market Street, Suite 800, Wilmington,
DE 19801
Telephone: (302) 327-6790
E-mail: rriley@pashmanstein.com

-and-

Laurie A. Kamaiko
Saul Ewing LLP
1270 Avenue of the Americas, Suite 2800
New York, NY 10020

Telephone: (212) 980-7202
E-mail: laurie.kamaiko@saul.com

-and-

Zachary W. Berk
Saul Ewing LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
Telephone: (617) 912-0927
E-mail: zachary.berk@saul.com

-and-

Mark Plevin
Plevin & Turner LLP
580 California Street, 12th Floor
San Francisco, California 94104
Telephone: (202) 580.6640
E-mail: mplevin@plevinturner.com

-and-

Miranda Turner
Plevin & Turner LLP
1701 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006
Telephone: (202) 580.6640
E-mail: mturner@plevinturner.com

*Attorneys for American Guarantee and Liability
Insurance Company and Zurich American
Insurance Company*

**LANDIS RATH & COBB LLP**

*/s/ Joshua B. Brooks*
Kimberly A. Brown (No. 5138)
Joshua B. Brooks (No. 6765)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:  brown@lrclaw.com
        brooks@lrclaw.com

– and –

**FROST BROWN TODD LLP**
David W. Walulik (admitted *pro hac vice*)
Great American Tower
301 East Fourth Street, Suite 3300
Cincinnati, Ohio 45202
Telephone: (513) 651-6877
Facsimile: (513) 651-6981
Email:  dwalulik@fbtlaw.com

*Counsel to Admiral Insurance Company*


**SMITH, KATZENSTEIN & JENKINS LLP**

*/s/  Robert J. Katzenstein*
Robert J. Katzenstein, Esq. (# 378)
Julie O'Dell, Esq. (# 6191)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
rjk@skjlaw.com
jmo@skjlaw.com

*Of Counsel:*

**WINDELS MARX LANE & MITTENDORF, LLP**
Stefano V. Calogero, Esq.
One Giralda Farms
Madison, NJ 07940
(973) 966-3200

*Attorneys for Allstate Insurance Company, solely as successor in interest to Northbrook Excess & Surplus Insurance Company, formerly known as Northbrook Insurance Company*


**SMITH KATZENSTEIN JENKINS LLP**

By:  */s/ Kelly A. Green*
Kelly A. Green
Brandywine Building

1000 N. West Street, Suite 150
Wilmington, DE 19899
Telephone: (302) 652-8400
Facsimile: (302) 652 8405
Email: kag@skjlaw.com

-and-

**CLYDE & CO US LLP**
Paul R. Koepff (admitted *pro hac vice*)
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174

-and-

**WALKER WILCOX MATOUSEK LLP**
Fred L. Alvarez
One North Franklin Street, Suite 3200
Chicago, Illinois 60606
Telephone: (312) 244-6700
Email: falvarez@walkerwilcox.com

Tony L. Draper
1001 McKinney Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 343-6556
Email: tdraper@walkerwilcox.com

*Counsel for Endurance American Specialty Insurance Company*

**BAYARD P.A.**

By: */s/ Ericka F. Johnson*
Ericka F. Johnson, Esq. (No. 5024)
Justin C. Barrett, Esq. (No. 6485)
600 North King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 429-4274
Email: ejohnson@bayardlaw.com
        jbarrett@bayardlaw.com

-and-

**Littleton Joyce Ughetta & Kelly LLP**
Robert L. Joyce, Esq. (admitted *pro hac vice*)
4 Manhattanville Road, Suite 202
Purchase, New York 10577
Telephone: (914) 417-3400
Email:  Robert.Joyce@littletonjoyce.com

*Counsel to Landmark American Insurance Company*


**KENNEDYS CMK LLP**

By: /s/ Marc Casarino
Marc Casarino, Esq.
Jillian G. Dennehy, Esq. (*pro hac vice*)
222 Delaware Avenue, Suite 710
Wilmington, Delaware 19801
Telephone: (302) 308-6647
Marc.casarino@kennedyslaw.com
jillian.dennehy@kennedyslaw.com

**IFRAH LAW PLLC**
George R. Calhoun, Esq. (*pro hac vice* forthcoming)
1717 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006
(T) 202-524-4147
george@ifrahlaw.com

*Counsel for TIG Insurance Company, as successor to Gibraltar Casualty Company, and Evanston Insurance Company*


**KENNEDYS CMK LLP**

By: /s/ John D. LaBarbera
John D. LaBarbera (*pro hac vice*)
Karen Andersen Moran (*pro hac vice*)
30 South Wacker Drive, Suite 3650
Chicago, Illinois 60606
Telephone:  (312) 800-5000
Facsimile:  (312) 207-2110
Email:  John.LaBarbera@kennedyslaw.com

Marc Casarino, Esq. (#3613)

919 North Market Street, Suite 1550
Wilmington, Delaware 19801
Telephone: (302) 308-6645
Email: Marc.Casarino@kennedyslaw.com

*Counsel for Westport Insurance Company (as
successor-in-interest to Puritan Insurance
Company)*

**WHITE AND WILLIAMS LLP**

By: */s/ Timothy S. Martin*
Timothy S. Martin (DE No. 4578)
Michael Ingrassia (DE No. 7068)
Courthouse Square
600 N. King Street, Suite 800
Wilmington, DE 19801
Phone: (302) 467-4509
Facsimile: (302) 467-4549
Email: martint@whiteandwilliams.com
        ingrassiam@whiteandwilliams.com

*Counsel for Coaction Specialty Management
Company, Inc., as managing agent and attorney-
in-fact for Employers Mutual Company to the
extent of its participation in the Mutual Marine
Office, inaccurately captioned as Employers
Mutual Casualty Company*