

<div style="text-align: right">
Joshua D. Weinberg<br>
Phone: 202-469-7754<br>
jweinberg@ruggerilaw.com
</div>

September 17, 2025

**By CM/ECF**

The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge
United States Bankruptcy Court – District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

     Re:  *In re KFI Wind-Down Corp.*, No. 23-10638 (LSS).

Dear Judge Silverstein:

  On behalf of the insurers listed in the annex hereto (collectively, the "Insurers"), the Hartford Insurers and the Great American Insurers respectfully request that the Court enter a protective order that the Insurers are not required to respond to certain written discovery requests served by Carrier Global Corporation ("Carrier"). Responses to Carrier's discovery are currently due on September 25. The Insurers requested that Carrier extend the deadline to allow this dispute to be resolved, but Carrier declined. The Insurers respectfully request that the Court permit the parties to be heard on this matter at the Court's earliest convenience and that, consistent with Local Rule 9006-2, the Court stay the Insurers' deadline to respond to Carrier's discovery pending resolution of this dispute.

  In this case, the Insurers have focused on obtaining discovery that relates squarely to whether the Debtor's plan is confirmable. This includes discovery concerning the negotiation of key Plan terms, including the TDP, the Estate Claims, and the Insurance Cooperation Agreement, all of which are critical to this case.

  On August 12, 2025, Carrier served discovery on the Insurers that is precisely the opposite. The majority of Carrier's requests concern coverage-related issues, such as whether a particular insurer has paid settlements, or whether an insurer has asserted contribution claims against another carrier. The insurance adversary proceeding has been stayed, and those issues are not relevant to Plan confirmation. Carrier's other requests ask for the *insurers'* projections of tort liability or identification of potential tort defenses. Some of these questions may bear on future coverage litigation (others do not), but they do not relate to Plan confirmation.[1] The Court should direct that this discovery not be had. And, to the extent that Carrier seeks the Insurers'

---

[1] The Insurers requested on September 3, 4, 9, 10 and 11 that Carrier meet and confer regarding the requests, including on September 9 listing the major issues for discussion. Counsel for Carrier declined to meet and confer without a detailed written statement of the Insurers' objections. The Insurers' requests to meet and confer are attached as Exhibit A.

contentions about a Plan that the Insurers had no role in developing and on which discovery is ongoing, those requests are premature.[2]

**Background**

On August 12, 2025, Carrier served Requests for Admission ("RFAs"), Interrogatories and Requests for Production ("RFPs") on the Insurers.[3] Nearly all of the eleven RFAs seek admissions from the insurers concerning *coverage* for AFFF claims. For example, RFAs 1-4 and 8 ask the Insurers for admissions concerning insurers' defense of "Carrier" or payment of settlements or judgments for AFFF claims in the tort system. Three of the RFAs, Nos. 5-7, seek admissions that the Insurers have not asserted subrogation or contribution claims on account of AFFF Claims against "Carrier" or the Debtor. Two RFAs seek admissions that "Carrier" will face tort claims post-confirmation. Finally, RFA 11 seeks admissions that the Plan does not modify rights against Carrier, which is an ironic (and improper) request insofar as the Plan expressly provides that it modifies certain rights, such as the consent-to-assignment conditions.

Each of the RFAs has a corresponding interrogatory demanding facts that support any denial of any of the RFAs. Carrier also served three additional interrogatories demanding: (1) identification of all pre-2015 liability insurance policies issued to UTC and an unspecified (and largely unidentified) number of affiliates and successors (No. 12); (2) identification of "all bases for your claim that the Plan is unconfirmable" (No. 13); and (3) identification of "all defenses" that Insurers intend to present to AFFF Claims in the tort system (No. 14).

Finally, Carrier served five RFPs seeking: (1) documents used to support responses to RFAs; (2) documents used to respond to Interrogatories; (3) documents supporting the contention that the Plan is unconfirmable; (4) documents concerning analysis or projection of Carrier's AFFF liability; and (5) communications with reinsurers.

Each request seeks discovery broadly, including that the Insurers provide all information "Concerning" the requests, which are nearly unlimited in scope, defined to mean any information or document that is in any way referring to, mentioning, evidencing or otherwise relating to the subject manner. Also, by defining "Carrier" to include Carrier as well as all of its non-debtor

---

[2] The Insurers have additional objections concerning the scope and the form of Carrier's requests, including incorrect assumptions on which the requests are predicated. Addressing all of those issues is beyond the scope of this five-page letter, but the Insurers reserve all rights regarding these additional objections to the extent any response is required.

[3] Sample copies of the Requests are attached as Exs. B, C, D and E. Each of the Insurers was served with substantially identical requests. Carrier served certain Insurers with three additional contention interrogatories demanding the basis for arguments advanced at ¶¶ 28, 35 of the Insurers' Objection to the Disclosure Statement [D.I. 2144] and at 31:1-3 of the June 4, 2025 disclosure statement hearing [D.I. 2220] (Interrogatories Nos. 15-17), along with two additional requests for production (RFP Nos. 6-7) supporting those requests. These requests are premature for the reasons stated below.

affiliates and subsidiaries (without providing any list identifying those entities), the requests reach well beyond any issue that is relevant to this chapter 11 case. Likewise, "KFI" is defined to include KFI and all of its predecessors, many of which are not identified by name.

Federal Rule of Civil Procedure 26(c)(1) provides that a Court may, "for good cause," issue an order to protect a party subject to discovery "from annoyance, embarrassment, oppression or undue burden or expense." Such cause exists where, as here, discovery seeks material that is irrelevant. *See Del Monte Fresh Produce v. M/V Tundra Consumer*, 2005 WL 8175972, at *2 (D.N.J. Apr. 19, 2005); *United Steelworkers of Am. v. Allegheny Ludlum Corp.*, No. 01-2196, 2002 WL 31002836, at *2 (W.D. Pa. May 29, 2002) ("A protective order may be appropriate to prevent discovery into irrelevant issues."). This protection is available in response to RFAs as well as RFPs and interrogatories. *See, e.g., Del Monte*, 2005 WL 8175972, at *3.

### **Discovery Pertaining to Coverage Issues is Irrelevant and Improper.**

RFAs 1-8, the corresponding Interrogatories, as well as Interrogatory 12 and RFP 5 (reinsurance) all seek discovery on insurance coverage issues. Several of the RFAs ask Insurers to admit "they have not agreed to defend Carrier," that they "have not paid Carrier's . . . defense costs," or that the insurers have not paid "any settlement or judgment in any AFFF claim against Carrier or KFI." (RFAs 1-4, 8). Whether an insurer has paid an AFFF claim or has agreed to defend Carrier – a non-debtor – says nothing about whether Plan Proponents will be able to carry their burden of proving that the Plan satisfies § 1129 or other applicable Code provisions.

These requests are also misleading at best. For example, RFA No. 3 asks each Insurer to admit it has not paid to satisfy "any settlement of or judgment in any AFFF claim against Carrier." But that request ignores that there are no judgments to fund yet as Carrier has not finalized any settlements of AFFF claims, so there is nothing to pay. Moreover, the presence of self-insured retentions, captive insurance and other complexities in the insurance program require the Insurers to make assumptions concerning complex coverage questions. These requests appear to be aimed at setting up and obtaining misleading admissions, taken out of context, to suggest (incorrectly) that the insurers are not meeting their obligations for claims that remain pending. That is not a proper subject for discovery in this case. Similarly, Carrier's RFAs concerning whether the Insurers have asserted claims for contribution or subrogation relating to claims against Carrier or the Debtor (RFAs 5-7) have no bearing on the confirmability of the proposed Plan.

The interrogatories regarding additional insurance policies are similarly improper. Interrogatory No. 12 demands identification of all pre-2015 liability policies sold to UTC or any of its alleged predecessors. This information pertaining to non-debtor insurance is not relevant to plan confirmation. In addition, it creates a significant burden because Insurers are being asked to perform policy searches without the list of entities to whom policies might have been issued. It cannot be answered except with respect to Carrier (which did not exist prior to 2020) because

it would improperly require the Insurers to speculate as to who is an "affiliate," a "predecessor" or otherwise within the definition of "Carrier." Even if these materials had tangential relevance, therefore, that relevance would be far outweighed by the appurtenant burden. In any event, Insurers previously made substantial policy productions in the coverage adversary, which has been stayed. Accordingly, the Court should not permit any additional discovery.

Finally, Carrier's request for production of Insurers' communications with their reinsurers (RFP 5) is not rationally related to any plan confirmation issue. Many courts have held that, not only is reinsurance irrelevant to claim valuation, it is irrelevant to coverage as well. *See, e.g., Mirarchi v. Seneca Spec. Ins. Co.*, 564 Fed. Appx. 652, 655 (3d Cir. 2014); *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 139 F.R.D. 609, 614 (E.D. Pa. 1991) (reinsurance is "wholly irrelevant to the determination of . . . insurance coverage issues").

### **Discovery of Insurers' Estimations of Claims Against Carrier and Potential Defenses to Those Claims is Improper.**

RFAs 9 and 10 seek admissions that Carrier will continue to face tort claims if the Plan is confirmed, and the corresponding Interrogatories seek facts supporting the denial of those RFAs. Carrier has the best knowledge about what claims it will face in the tort system. At the Disclosure Statement hearing, Carrier repeatedly told the Court it would continue to face tort claims. Carrier should produce all evidence it has supporting that contention.

Even if the Insurers did have additional information about Carrier's tort liability (and Carrier has offered no reason to believe that is the case) it would not bear on whether the Plan was negotiated fairly and in good faith. The insurers were excluded from the negotiation of the Estate Claims settlement and any related agreements, so any such information was not a factor in the Plan Proponents' negotiations. For the same reasons, RFP 4, which requests documents concerning any projection of Carrier's AFFF liability, is irrelevant to plan confirmation.

Interrogatory 14, which demands identification "in detail" of *all* defenses the insurers would raise with respect to AFFF claims, is similarly improper. The defenses that may be asserted to an AFFF claim are determined with reference to, and cannot be divorced from, the facts of that claim. There is no dispute that there are a number of defenses that are often asserted in the tort system, such as statutes of limitation, general and specific causation (product ID), or a lack of supporting evidence that may be applicable in the underlying AFFF cases and there likely are others. No basis exists to limit the defenses that insurers might raise in the future. Consequently, any current iteration of defenses lacks probative value.

### **Discovery Concerning Plan Objections is Premature.**

Finally, three of the requests – RFA 11, Interrogatory 13, and RFP 3 – seek information concerning the Insurers' contentions that the Plan is unconfirmable. Insurers do not dispute that

these requests will be relevant closer to plan confirmation, but object that they are premature at this stage. For example, RFP 3 seeks "any and all Documents supporting Your contention that the Plan is unconfirmable or should not be confirmed." Likewise, Interrogatory No. 13 requests that the Insurers "describe in detail all bases for your claim that the Plan is unconfirmable or should not be confirmed." To be sure, the Insurers have already identified some of the reasons that the Plan may be unconfirmable and asserted objections to solicitation of the Plan and Disclosure Statement on those bases.[4] [D.I. 2133, 2144] The Insurers need not restate those objections.

But any remaining objections have yet to be developed. The Insurers were not involved in the negotiation or formulation of the Plan, nor have they yet had a full and fair opportunity to take discovery on the process that led to the formulation of the Plan. In contrast to Plan Proponents, who presumably know the bases on which they contend that the Plan complies with the Bankruptcy Code, the Insurers are still discovering facts concerning essential elements of the Plan Proponents' case including good faith issues and the feasibility of the plan. The Insurers have been trying to advance that discovery but that process is far from complete.

Courts routinely recognize that deferral of this type of contention discovery is appropriate. *See Novanta Corp. v. Iradion Laser, Inc.*, No. 15-1033-SLR-SRF, 2016 WL 4987110, at *7 (D. Del. Sept. 16, 2016) ("If the court forces a party to respond to early contention interrogatories, the party may have to set forth theories of its case that have not yet been developed."); *B. Braun Medical Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1997) ("The party serving contention interrogatories bears the burden of proving how an earlier response assists the goals of discovery."). Insurers cannot articulate Plan objections without reasonably complete discovery. Nor can Insurers be asked to identify relevant documents before productions are complete. And Carrier has not indicated any prejudice that would result if Insurers provide responses to these requests later in the discovery period. Indeed, as of submission of this letter, no solicitation version of the Plan has been approved, and a discovery schedule has yet to be set. Responses to RFA 11, Interrogatory No. 13 and RFP 3 should be deferred until a date closer to the end of fact discovery.

Accordingly, Insurers respectfully request that the Court enter a protective order that Insurers are not required to respond to the Carrier discovery with the exception of RFA 11, Interrogatories 13, 15-17 (where applicable) and RFP 3, 6-7 (where applicable). Responses to those requests should deferred until later in the discovery period.

The Insurers can be available at the Court's convenience to address these issues.

---

[4] Carrier's discovery is therefore different from the motion that certain insurers filed seeking discovery concerning mediation proceedings, because the plan proponents have not provided the bases for the contention that the Plan has been offered in good faith.

Respectfully submitted,

Joshua D. Weinberg

## ANNEX – SIGNATORIES

**STAMOULIS & WEINBLATT LLC**

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (No. 4606)
800 N. West Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com

and

**O'MELVENY & MYERS LLP**

Andrew Frackman (pro hac vice)
Tancred Schiavoni (pro hac vice)
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
afrackman@omm.com
tschiavoni@omm.com

*Counsel for ACE American Insurance Company, Century Indemnity Company (as successor to CIGNA Specialty Insurance Company f/k/a California Union Insurance Company; and as successor to CCI Insurance Company, as successor to Insurance Company of North America), Federal Insurance Company, and Pacific Employers Insurance Company*

**KENNEDYS CMK LLP**

*/s/ Marc Casarino*
Marc Casarino, Esq.
Jillian G. Dennehy, Esq. (pro hac vice )
222 Delaware Avenue, Suite 710
Wilmington, Delaware 19801
Telephone: (302) 308-6647
Marc.casarino@kennedyslaw.com
jillian.dennehy@ken nedyslaw.com

and

**IFRAH LAW PLLC**

George R. Calhoun, Esq. (pro hac vice forthcoming)
1717 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006
(T) 202-524-4147
george@ifrahlaw.com

*Counsel for TIG Insurance Company, as successor to Gibraltar Casualty Company, and Evanston Insurance Company.*

| | |
|---|---|
| **SMITH KATZENSTEIN JENKINS LLP** | **SMITH, KATZENSTEIN & JENKINS LLP** |
| /s/ *Kelly A. Green* | /s/ *Robert J. Katzenstein* |
| Kelly A. Green | Robert J. Katzenstein, Esq. (# 378) |
| Brandywine Building | Julie O'Dell, Esq. (# 6191) |
| 1000 N. West Street, Suite 150 | 1000 West Street, Suite 1501 |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| Telephone: (302) 652-8400 | (302) 652-8400 |
| Facsimile: (302) 652 8405 | rjk@skjlaw.com |
| kag@skjlaw.com | jmo@skjlaw.com |
| | |
| -and- | and |
| | |
| **CLYDE & CO US LLP** | **WINDELS MARX LANE & MITTENDORF, LLP** |
| Paul R. Koepff (admitted pro hac vice) | Stefano V. Calogero, Esq. |
| The Chrysler Building | One Giralda Farms |
| 405 Lexington Avenue, 16th Floor | Madison, NJ 07940 |
| New York, NY 10174 | (973) 966-3200 |
| | |
| -and- | *Counsel for Allstate Insurance Company, solely as successor in interest to Northbrook Excess & Surplus Insurance Company, formerly known as Northbrook Insurance Company* |
| **WALKER WILCOX MATOUSEK LLP** | |
| Fred L. Alvarez | |
| One North Franklin Street, Suite 3200 | |
| Chicago, Illinois 60606 | |
| Telephone: (312) 244-6700 | |
| falvarez@walkerwilcox.com | |
| | |
| Tony L. Draper | |
| 1001 McKinney Street, Suite 2000 | |
| Houston, Texas 77002 | |
| Telephone: (713) 343-6556 | |
| tdraper@walkerwilcox.com | |
| | |
| *Counsel for Endurance American Specialty Insurance Company* | |

| | |
|---|---|
| **CHIPMAN BROWN CICERO & COLE LLP** | **REGER RIZZO & DARNALL LLP** |
| */s/ Joseph B. Cicero* | */s/ Louis J. Rizzo, Jr.* |
| Joseph B. Cicero (No. 4388) | Louis J. Rizzo, Jr. (#3374) |
| Mark L. Desgrosseilliers (No. 4083) | 1521 Concord Pike, Suite 305 |
| 1313 North Market Street, Suite 4500 | Brandywine Plaza West |
| Wilmington, Delaware 19801 | Wilmington, Delaware 19803 |
| Telephone: (302) 295-0191 | (302) 477-7100 |
| Facsimile: (302) 295-0199 | lrizzo@regerlaw.com |
| cicero@chipmanbrown.com | |
| desgross@chipmanbrown.com | and |

and

**PARKER, HUDSON, RAINER & DOBBS LLP**

Harris B. Winsberg (admitted *pro hac vice*)
Matthew M. Weiss (admired *pro hac vice*)
303 Peachtree Street, Suite 3600
Atlanta, GA 30308
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
hwinsberg@phrd.com
mweiss@phrd.com

and

**STRADLEY RONON L.L.P.**

Paul W. Kalish (admitted *pro hac vice*)
Marc E. Haas (admitted *pro hac vice*)
Deidre G. Johnson (admitted *pro hac vice*)
2000 K. Street, N.W., Suite 3600
Washington, D.C. 20006
Telephone: (202) 822-9611
Facsimile: (202) 822-0140
pkalish@stradley.com
mhaas@stradley.com
djohnson@stradley.com

*Attorneys for RSA Insurance Group Limited*

**CONNOLLY GALLAGHER LLP**

Karen C. Bifferato (#3279)
1201 North Market Street, 20th Floor
Wilmington, Delaware 19801
(302) 757-7300
kbifferato@connollygallagher.com

and

**GIMIGLIANO MAURIELLO & MALONEY, P.A.**

Stephen V. Gimigliano (admitted *pro hac vice*)
John Maloney (admitted *pro hac vice*)
Christopher K. Kim (admitted *pro hac vice*)
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360
sgimigliano@lawgmm.com
jmaloney@lawgmm.com
ckim@lawgmm.com

*Counsel for Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)*

| | |
|---|---|
| **LANDIS RATH & COBB LLP** | **KENNEDYS CMK** |
| */s/ Kimberly Brown* | */s/ John D. LaBarbera* |
| Kimberly A. Brown (No. 5138) | John D. LaBarbera (admitted pro hac vice) |
| Joshua B. Brooks (No. 6765) | Karen Andersen Moran (admitted pro hac vice) |
| 919 Market Street, Suite 1800 | 30 South Wacker Drive |
| Wilmington, Delaware 19801 | Suite 3650 |
| Telephone: (302) 467-4400 | Chicago, Illinois 60606 |
| Facsimile: (302) 467-4450 | Telephone: (312) 800-5000 |
| brown@lrclaw.com | Facsimile: (312) 207-2110 |
| brooks@lrclaw.com | john.labarbera@kennedyslaw.com |
| | karen.andersenmoran@kennedyslaw.com |
| and | |
| | and |
| **FROST BROWN TODD LLP** | |
| David W. Walulik (admitted *pro hac vice*) | Marc Casarino (#3613) |
| Great American Tower | 222 Delaware Avenue |
| 301 East Fourth Street, Suite 3300 | Suite 701 |
| Cincinnati, Ohio 45202 | Wilmington, Delaware 19801 |
| Telephone: (513) 651-6877 | (302) 308-6645 |
| Facsimile: (513) 651-6981 | marc.casarino@kennedyslaw.com |
| dwalulik@fbtlaw.com | |
| | *Counsel for Westport Insurance Corporation, as successor-in-interest to Puritan Insurance Company* |
| *Counsel to Admiral Insurance Company* | |

<div style="display: flex;">

<div>

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Aimee Czachorowski*
Aimee M. Czachorowski (No. 4670)
500 Delaware Ave., Suite 700
Wilmington, Delaware 19801
Telephone: (302) 985-6000
Aimee.Czachorowski@lewisbrisbois.com

and

Of Counsel:
**SALLEY, HITE, MERCER & RESOR LLC**
John W. Hite IIII (admitted *pro hac vice*)
One Canal Place
365 Canal Street, Suite 1710
New Orleans, LA 70130
Telephone: (504) 566-8800
jhite@shmrlaw.com

*Counsel to United National Insurance Company*

</div>

<div>

**WHITE AND WILLIAMS LLP**
*/s/ Timothy S. Martin*
Timothy S. Martin (DE No. 4578)
Michael Ingrassia (DE No. 7068)
Courthouse Square
600 N. King Street, Suite 800
Wilmington, DE 19801
Phone: (302) 467-4509
Facsimile: (302) 467-4549
martint@whiteandwilliams.com
ingrassiam@whiteandwilliams.com

*Counsel for Coaction Specialty Management Company, Inc., as managing agent and attorney-in-fact for Employers Mutual Company to the extent of its participation in the Mutual Marine Office, inaccurately captioned as Employers Mutual Casualty Company*

</div>

</div>

| | |
|---|---|
| **COOCH AND TAYLOR, P.A.** | **PASHMAN STEIN WALDER HAYDEN, P.C.** |
| */s/ Carmella P. Keener* | */s/ Richard W. Riley* |
| Carmella P. Keener (Del. ID 2810) | Richard W. Riley (DE No. 4052) |
| The Brandywine Building | Pashman Stein Walder Hayden, P.C. |
| 1000 N. West Street, Suite 1500 | 824 North Market Street, Suite 800, Wilmington, DE 19801 |
| Wilmington, DE 19801 | Telephone: (302) 327-6790 |
| (302) 984-3816 | rriley@pashmanstein.com |
| ckeener@coochtaylor.com | |
| | |
| and | and |
| | |
| Megan B. Gramke (*pro hac vice*) | Laurie A. Kamaiko |
| UB Greensfelder LLP | Saul Ewing LLP |
| 312 Walnut Street, Suite 1400 | 1270 Avenue of the Americas, Suite 2800 |
| Cincinnati, Ohio 45202 | New York, NY 10020 |
| (513) 698-5146 | Telephone: (212) 980-7202 |
| mgramke@ubglaw.com | laurie.kamaiko@saul.com |
| | |
| and | and |
| | |
| Emmanuel I. Sanders (*pro hac vice*) | Zachary W. Berk |
| UB Greensfelder LLP | Saul Ewing LLP |
| 1660 West 2nd Street, Suite 1100 | 131 Dartmouth Street, Suite 501 |
| Cleveland, OH 44113 | Boston, MA 02116 |
| (216) 583-7228 | Telephone: (617) 912-0927 |
| esanders@ubglaw.com | zachary.berk@saul.com |
| | |
| *Counsel for Arch Insurance Company and Arch Specialty Insurance Company* | and |
| | |
| | Mark Plevin |
| | Plevin & Turner LLP |
| | 580 California Street, 12th Floor |
| | San Francisco, California 94104 |
| | Telephone: (202) 580.6640 |
| | mplevin@plevinturner.com |
| | |
| | and |
| | |
| | Miranda Turner |
| | Plevin & Turner LLP |
| | 1701 Pennsylvania Ave., N.W., Suite 200 |
| | Washington, DC 20006 |
| | Telephone: (202) 580.6640 |
| | mturner@plevinturner.com |

          *Counsel for American Guarantee and Liability Insurance Company and Zurich American Insurance Company*

**GOLDSTEIN & MCCLINTOCK, LLLP**

*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (No. 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
Facsimile: (302) 444-6709
marias@goldmclaw.com

and

David Christian, Esq. (*pro hac vice*)
David Christian Attorneys LLC
105 W. Madison St., Suite 2300
Chicago, IL 60602
Telephone: (312) 282-5282
dchristian@dca.law

*Attorneys for Wellfleet New York Insurance Company (formerly known as Atlanta International Insurance Company), Columbia Casualty Company, The Continental Insurance Company (on its own behalf and as successor-in-interest to Harbor Insurance Company and London Guarantee and Accident Company of New York) and Government Employees Insurance Company (GEICO)*

**BODELL BOVÉ MARSHALL DENNEHEY, P.C.**

*/s/ Bruce W. McCullough*
Bruce W. McCullough (Del. ID 3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749
Facsimile: (302) 655-6827
bmccullough@bodellbove.com

and

**RUGGERI PARKS WEINBERG LLP**

Joshua D. Weinberg (*pro hac vice*)
Annette P. Rolain (*pro hac vice*)
James Burke (*pro hac vice*)
1875 K Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 984-1400
Facsimile: (202) 984-1401
jweinberg@ruggerilaw.com
arolain@ruggerilaw.com
jburke@ruggerilaw.com

*Counsel for Great American Assurance Company and Great American Insurance Company of New York*

Hon. Laurie Selber Silverstein
September 17, 2025
Page 14

**MARSHALL DENNEHEY, P.C.**
*/s/ Aaron E. Moore*
Aaron E. Moore (Del. ID 6739)
1007 N. Orange Street, Suite 600
P.O. Box 8888
Wilmington, DE 19899-8888
Telephone: (302) 552-4300
Facsimile: (302) 552-4340
AEMoore@MDWCG.com

and

**STEPTOE LLP**
Sarah D. Gordon (*pro hac vice*)
Johanna Dennehy (*pro hac vice*)
Ansley Seay (*pro hac vice*)
1330 Connecticut Ave. NW
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
sgordon@steptoe.com
jdennehy@steptoe.com
aseay@steptoe.com

and

**RUGGERI PARKS WEINBERG LLP**
Joshua D. Weinberg (*pro hac vice*)
Annette P. Rolain (*pro hac vice*)
James Burke (*pro hac vice*)
1875 K Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 984-1400
Facsimile: (202) 984-1401
jweinberg@ruggerilaw.com
arolain@ruggerilaw.com
jburke@ruggerilaw.com

*Counsel for First State Insurance Company, Hartford Accident and Indemnity Company, and Twin City Fire Insurance Company*