**EXHIBIT 1**

                                                                    1

1                   UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE
2

3  IN RE:                          .  Chapter 11
                                   .  Case No. 23-10638 (LSS)
4  KFI WIND-DOWN CORP.,            .
                                   .
5                                  .
                                   .  Courtroom No. 2
6           Debtor.                .  824 Market Street
                                   .  Wilmington, Delaware 19801
7                                  .
                                   .  Wednesday, June 4, 2025
8  . . . . . . . . . . . . . . . .    10:03 a.m.

9                        TRANSCRIPT OF HEARING
            BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
10                    UNITED STATES BANKRUPTCY JUDGE

11  APPEARANCES:

12  For the Debtor:          Derek C. Abbott, Esquire
                             MORRIS NICHOLS ARSHT & TUNNELL, LLP
13                           1201 North Market Street
                             16th Floor
14                           Wilmington, Delaware 19899

15                           -and-

16                           Brian D. Glueckstein, Esquire
                             SULLIVAN & CROMWELL, LLP
17                           125 Broad Street
                             New York, New York 10004

18

19  (APPEARANCES CONTINUED)

20  Audio Operator:          Brandon J. McCarthy, ECRO

21  Transcription Company:   Reliable
                             The Nemours Building
22                           1007 N. Orange Street, Suite 110
                             Wilmington, Delaware 19801
23                           Telephone: (302)654-8080
                             Email: gmatthews@reliable-co.com
24
    Proceedings recorded by electronic sound recording,
25  transcript produced by transcription service.

```
 1  APPEARANCES:

 2  For the Debtor:             Julie G. Kapoor, Esquire
                                SULLIVAN & CROMWELL, LLP
 3                              1700 New York Avenue, NW
                                Suite 700
 4                              Washington, DC 20006

 5  For Randi S. Ellis, as
    the Future Claimants'
 6  Representative:             Sharon M. Zieg, Esquire
                                YOUNG CONAWAY STARGATT & TAYLOR, LLP
 7                              Rodney Square
                                1000 North King Street
 8                              Wilmington, Delaware 19801

 9  For the ACE/Century
    Insurers:                   Tancred Schiavoni, Esquire
10                              Andrew Frackman, Esquire
                                O'MELVENY & MYERS, LLP
11                              1301 Avenue of the Americas
                                Suite 700
12                              New York, New York 10019

13  For the Official
    Committee of
14  Unsecured Creditors:        David J. Molton, Esquire
                                BROWN RUDNICK, LLP
15                              7 Times Square
                                New York, New York 10036
16
                                -and-
17
                                Kami E. Quinn, Esquire
18                              GILBERT, LLP
                                700 Pennsylvania Avenue, SE
19                              Suite 400
                                Washington, DC 20003
20
    For Carrier Global
21  Corporation:                Ken Ziman, Esquire
                                PAUL, WEISS, RIFKIND, WHARTON
22                                & GARRISON, LLP
                                1285 Avenue of the Americas
23                              New York, New York 10019

24

25
```

APPEARANCES (CONTINUED):

| | |
|---|---|
| For Lexington Insurance Company: | Jennifer Hardy, Esquire<br>WILLKIE FARR & GALLAGHER, LLP<br>600 Travis Street<br>Houston, Texas 77002 |
| | -and- |
| | Joseph G. Davis, Esquire<br>WILLKIE FARR & GALLAGHER, LLP<br>1875 K Street, NW<br>Washington, DC 20006 |
| For the Great American Insurers, Hartford Accident and Indemnity Company, First State Insurance Company, and Twin City Fire Insurance Company: | Joshua D. Weinberg, Esquire<br>RUGGERI PARKS WEINBERG, LLP<br>1875 K Street, NW<br>Suite 600<br>Washington, DC 20006 |
| For the US Trustee: | Timothy J. Fox, Jr., Esquire<br>UNITED STATES DEPARTMENT OF JUSTICE<br>OFFICE OF THE UNITED STATES TRUSTEE<br>J. Caleb Boggs Federal Building<br>844 King Street<br>Suite 2207, Lockbox 35<br>Wilmington, Delaware 19801 |
| For American Guarantee and Liability Insurance and Zurich American Insurance Company: | Miranda H. Turner, Esquire<br>PLEVIN & TURNER, LLP<br>1701 Pennsylvania Avenue, NW<br>Suite 200<br>Washington, DC 20006 |

```
 1  APPEARANCES (CONTINUED):

 2  For the Ad Hoc
    Committee of
 3  Governmental Claimants:   James S. Carr, Esquire
                              KELLEY DRYE & WARREN, LLP
 4                            3 World Trade Center
                              175 Greenwich Street
 5                            New York, New York 10007

 6  For the State of
    Vermont and State
 7  of Maine:                 Frank TJ Griffin, Esquire
                              GRANT & EISENHOFER, P.A.
 8                            123 Justison Street
                              7th Floor
 9                            Wilmington, Delaware 19801

10                            Gordon Z. Novod, Esquire
                              485 Lexington Avenue
11                            29th Floor
                              New York, New York 10017
12
    For the Plaintiffs'
13  Executive Committee
    for the AFFF MDL:         William D. Sullivan, Esquire
14                            SULLIVAN HAZELTINE ALLINSON, LLC
                              919 North Market Street
15                            Suite 420
                              Wilmington, Delaware 19801
16
    For the State of
17  New York, State of
    California, State of
18  Colorado, State of
    Connecticut, State of
19  Delaware, and the
    District of Columbia:     Richard Rock, Esquire
20                            NEW YORK STATE OFFICE OF THE
                                ATTORNEY GENERAL
21                            The Capitol
                              Albany, New York 12224
22

23

24

25
```

5

1                                INDEX

2  MOTIONS:                                                          PAGE

3  Agenda
   Item 1:   Debtor's Motion for Entry of an Order (I)                 16
4            Approving the Adequacy of the Disclosure
             Statement and Form and Manner of Notice of
5            Hearing Thereon; (II) Establishing
             Solicitation Procedures; (III) Approving the
6            Form and Manner of Notice to Attorneys and
             Solicitation Directive; (IV) Approving the
7            Form of Ballots; (V) Approving the Form,
             Manner and Scope of Confirmation Notices; (VI)
8            Establishing Certain Deadlines in Connection
             with Approval of Disclosure Statement and
9            Confirmation of Plan; and (VII) Granting
             Related Relief (D.I. 1651, filed 11/25/24).
10
             Court's Ruling:                                          265
11
   Agenda
12 Item 2:   Joint Motion of the Debtor and the Official                 8
             Committee of Unsecured Creditors for Entry
13           of an Order Amending the Order Appointing
             Randi S. Ellis as Legal Representative for
14           Future Personal Injury Claimants (D.I. 1892,
             filed 2/20/25).
15
             Court's Ruling:                                           --
16
   Agenda
17 Item 3:   [CORRECTED] Moving Insurers' Motion for an                 --
             Order (I) Establishing a Supplemental
18           Bar Date for AFFF Claims and Related
             Procedures for Filing Proofs of Claim for AFFF
19           Claims, (II) Approving Form and Manner of
             Notice Thereof Notice Thereof, and (III)
20           Granting Related Relief (D.I. 2156, filed
             5/21/25).
21
             Court's Ruling:                                           --
22

23

24

25

1                                  INDEX

2  MOTIONS:                                                        PAGE

3  Agenda
   Item 4:   Motion to File Under Seal Certain Exhibits and        --
4            Related References to Insurers' Objection
             to Debtor's Motion for Entry of an Order
5            Approving the Adequacy of the Disclosure
             Statement (D.I. 2164, filed 5/22/25).
6
             Court's Ruling:                                       --
7

8

9  Transcriptionists' Certificate                                  266

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  coattails, if you will, of the trust and the trust's efforts
2  to recover that on behalf of claimants against KFI and
3  ourselves.
4        THE COURT:  Mr. Ziman, do you have a number on
5  what the total policy limits are out there on the policies,
6  the rights under the policies that are being contributed to
7  the trust?
8        MR. ZIMAN:  I'm going to ask the insurance guy, if
9  I might, Your Honor.
10        THE COURT:  You might.  Everyone needs an
11  insurance guy.
12     (Participants confer)
13        MR. ZIMAN:  It's about $9 billion, Your Honor.
14        THE COURT:  Thank you.  Thank you.
15        MR. FRACKMAN:  Your Honor, Andrew Frackman for ACE
16  and other insurers.  Nice to be back here.
17        I have a few -- I have more elaborate comments in
18  a moment, but I wanted to address this issue that you've
19  heard from Mr. Glueckstein and Mr. Ziman on, this notion of
20  there being substantial AFFF claims against Carrier outside
21  of the KFI channeled claims.  No one has identified any.
22  Carrier has A-F -- AFFF liability because of its operating
23  subsidiary KFI that's in bankruptcy.  Those claims are all
24  being channeled.  No one has pointed to any specific activity
25  of Carrier that might result in AFFF liability outside of

1  what KFI did.  So this notion that this K -- that Carrier
2  faces huge ex bankruptcy, direct AFFF liability is a red
3  herring, to be perfectly honest.
4         And although it took a while, I wanted to also --
5  for Mr. Glueckstein to get there, I also wanted to make sure
6  that the record was total -- is totally clear.  Carrier
7  gets $2.4 billion, potentially, of insurance proceeds through
8  this Rube Goldberg arrangement.  It's the last -- it's so far
9  from a simple liquidation bankruptcy that it's embarrassing
10 to even contend that that's what this proceeding is.  But
11 Carrier gets $2.4 billion, potentially, regardless of whether
12 it has even a penny of liability outside of the AFFF-
13 channeled claim, you know, AFFF liability that's being
14 channeled through the bankruptcy.
15        I also want to point out that, of the $540 million
16 that everyone makes a big deal of, of course, it's not
17 really $540 million; it's reduced.  The Court already
18 understands that.
19        THE COURT:  Uh-huh.
20        MR. FRACKMAN:  But the main point is our policies
21 don't cover breach of fiduciary duty, piercing claims.  So
22 the notion that they're giving up some insurance value when
23 they pay $540 million is also just a falsehood, right?
24        My only other point is -- and it's important for
25 the Court -- and the Court knows this, but it's important for

1  Carrier, up to $2.4 billion.  So -- and Mr. Schiavoni will
2  talk about Skinner in greater details, he's more expert in it
3  than I.
4          But these are two of the principal flaws in the
5  plan from our standpoint.  And a plan that basically endorses
6  a co-venture agreement between Carrier and the settlement
7  trust in pursuing insurance claims, it's just -- it's not
8  right.  It's not right.  It's not lawful.
9          Okay.  One other point.  And this goes to
10 proceedings.  Of course, we heard repeatedly today that these
11 legal defects in the plan -- and I want to say, also, that
12 they're not subject to factual dispute.  They all derive from
13 the language of the plan document itself.  It's like okay,
14 the contract -- the plan language says X.  What difference
15 does it make what else in behind it, in a sense?  If the plan
16 language permits a kickback of $2.4 billion, if the plan
17 language eliminates our claims, then you don't need
18 discovery.  That's ripe for the Court to decide today, unless
19 they say we got to change it.
20         So we've heard repeatedly from -- today, from the
21 plan proponents that this should all be put off to the
22 confirmation hearing.  I mean, we, of course, knew this was
23 coming, we understand that argument.  Of course, the Court of
24 Appeals has a different view; at least in Skinner, it had a
25 different view.  It rejected that argument because the

1 second way in which this case is more extreme than <u>Skinner</u>,
2 right. In <u>Skinner</u>, the insurers were -- their rights were
3 limited. There is this baseball arbitration scheme, right,
4 where you could -- the insurers could object to the claims.
5 There'd be a, you know, a Plaintiff or a Defendant land in
6 the (indiscernible), really limited, but at least they have a
7 right to object.
8 　　　　　Here, for a claimant to be resolved through the
9 trust process, we get nothing. So --
10 　　　　　THE COURT: Uh-uh. You get the right after
11 bankruptcy to every coverage defense that you have.
12 　　　　　MR. WEINBERG: And that's not the same, Your
13 Honor. And, frankly, you don't have to take my word for it;
14 you can take the Committee's word for it. I mean, look at
15 Footnote 4 of their brief. Their own reply brief, Footnote 4
16 says, according to them, we don't get to challenge the
17 merits; all we get to challenge is whether it's reasonable.
18 That's definitely not the same thing.
19 　　　　　Now, I'm not -- I'm definitely not here today to
20 pay coverage for them, but they can't tell you that, they
21 can't argue in their brief that their rights aren't the same,
22 and then say, Oh, you're treated the same.
23 　　　　　So there's no question here that this is
24 prejudicial to us. So, you know, and I want to be -- you
25 know, I want to be clear that I think that the TDPs here are

1  uniquely problematic.  This is something which is, on its
2  face, a problem and, like I said, it's compounded by the way
3  it's stripping us of our rights.  Your Honor, I would say it
4  ensures the validation and payment of claims for which the
5  MDL said KFI has no liability, because we can't defend the
6  claims.
7           Now, I'm not here -- I'm not, Your Honor, saying
8  that there can never be a plan with this type of share;
9  Skinner doesn't say that.  But it does say that when you have
10 a share pulling in that direction, you have to look at the
11 counterweight and see what's pushing -- pulling back on it.
12 And if what's on the other side is actually procedures to pay
13 invalid claims and prevent parties in interest from
14 contesting them, those are exactly the types of concerning
15 circumstances that Skinner said is inconsistent with good
16 faith.
17          And in our view, Your Honor, I think that's
18 exactly what the fourth amended plan does and that's why we
19 think that on this record, the Court should conclude the plan
20 is unconfirmable, Your Honor.
21          THE COURT:  Thank you.
22          MR. WEINBERG:  Oh, and just -- and, you know, Your
23 Honor, I just want to say a word about Mr. Schiavoni also
24 discussed the 1141(d)(3) issue.  We also agree with that
25 analysis.  I would say that I was struck there, also.