**<u>EXHIBIT 2</u>**

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| KFI WIND-DOWN CORP.,[1] | Case No. 23-10638 (LSS) |
| Debtor. | |

**CARRIER GLOBAL CORPORATION'S**
**FIRST REQUEST FOR ADMISSIONS TO FEDERAL INSURANCE COMPANY**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, made applicable by Rules 7036 and 9014 of the Federal Rules of Bankruptcy Procedure, Carrier Global Corporation ("Carrier") hereby submits the First Set of Requests for Admission to Federal Insurance Company.

**INSTRUCTIONS**

1.      Answers must be provided pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure.  The below instructions are in accordance with Rule 36 of the Federal Rules of Civil Procedure.  Anything which is inconsistent with Rule 36 is amended to comply with the Federal Rules of Civil Procedure and the Local Civil Rules.

2.      If, for any reason, You contend that You lack information needed to admit or deny any requested admission, state for each such admission what specific information you believe to be required for You to determine whether You are able to admit or deny such requested admission.

---

[1]      The last four digits of KFI Wind-Down Corp.'s tax identification number are 5282. The Debtor's corporate headquarters is located at c/o AlixPartners 909 Third Avenue, New York, NY 10022.

1

3.      In responding to these requested admissions, You shall utilize all information available to You, not merely information of which You have pre-existing knowledge.

4.      Each response shall either admit, specifically deny, or set forth in detail the reasons why You cannot truthfully admit or deny the matter stated.  Further, specify as much of the requested admission as You are able to admit or deny.

5.      Lack of information or knowledge is not a valid reason for failure to admit or deny unless You state that You have made reasonable inquiry and that the information known or obtainable by You is insufficient to enable You to admit or deny.

6.      If You refuse to admit or deny any requested admission or any part thereof on the basis of any privilege, explain fully why You are refusing to admit or deny such requested admission and state the specific privilege asserted, the nature of the privilege and provide all information responsive to the requested admission that is not within the asserted privilege. Further, You shall identify each communication or statement for which the privilege is claimed by identifying:

a.      the date;

b.      the person who made the communication or statement;

c.      each person who received the communication or statement;

d.      any person present when the communication or statement was made; and

e.      the general subject matter of the communication or statement.

7.      If You object to any requested admission, state the objection and the facts or other evidence justifying the objection and answer any part of the requested admission not subject to the objection.

2

8.      You may not object to a request for admission solely on the ground that you consider the request for admission to present a genuine issue for trial.

9.      A request for admission will be deemed admitted unless You serve upon Colt's a written answer or objection to the request for admission within the appropriate time period.

10.     If you object that a term or phrase is vague or ambiguous, You should respond with Your understanding of the term or phrase and specifically admit or deny the statement.

11.     These Requests are continuing in nature and require supplementation pursuant to the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      "AFFF Claim" means a claim that arises from the design, manufacture, storage, marketing, use, distribution, discharge, or sale of aqueous film-forming foam ("AFFF") or AFFF-containing products, and that relates directly or indirectly to alleged harm, injury or damage from precursor, derivative, or resultant chemicals from AFFF.

2.      "All" means "any" and vice versa.

3.      "And," "or" and "and/or" shall be construed in the broadest possible sense, *i.e.*, either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory document that might otherwise be construed to be outside its scope.

4.      "Carrier" means Carrier Global Corporation, a Delaware corporation, and its non-Debtor affiliates and subsidiaries.

5.      "KFI" means KFI Wind-Down Corp., Debtor in the captioned matter, and its predecessor entities.

6.      "Plan" means the chapter 11 plan of liquidation of KFI Wind-Down Corp. (f/k/a Kidde-Fenwal, Inc.), as amended.

7.      "States" means states, territories, possessions, and other subdivisions of the United States.

8.      "You" means Federal Insurance Company and its affiliates and subsidiaries.

## REQUESTS

**REQUEST FOR ADMISSION NO. 1**: Admit that You have not agreed to defend Carrier or KFI in any AFFF Claim.

**ANSWER NO. 1:**


**REQUEST FOR ADMISSION NO. 2**: Admit that You have not paid any of Carrier's or KFI's defense costs in any AFFF Claim.

**ANSWER NO. 2:**


**REQUEST FOR ADMISSION NO. 3**: Admit that You have not paid any amount to satisfy, in whole or in part, any settlement of or judgment in any AFFF claim against Carrier or KFI.

**ANSWER NO. 3:**


**REQUEST FOR ADMISSION NO. 4**: Admit that You have not agreed to cover or to pay any amount to satisfy, in whole or in part, any settlement of or judgment against Carrier or KFI in any AFFF Claim now or in the future.

**ANSWER NO. 4:**

4

**REQUEST FOR ADMISSION NO. 5**: Admit that You have not made any demand upon any other insurance company for subrogation or contribution based on payments to or on behalf of Carrier or KFI related to AFFF Claims.

**ANSWER NO. 5:**

**REQUEST FOR ADMISSION NO. 6**: Admit that no other insurance company has made any demand upon You for subrogation or contribution based on payments to or on behalf of Carrier or KFI related to AFFF Claims.

**ANSWER NO. 6:**

**REQUEST FOR ADMISSION NO. 7**: Admit that You have not filed any proof of claim in this bankruptcy seeking contribution or subrogation.

**ANSWER NO. 7:**

**REQUEST FOR ADMISSION NO. 8**:  Admit that Carrier or KFI has not refused to allow You to defend any AFFF Claims against Carrier or KFI.

**ANSWER NO. 8:**

**REQUEST FOR ADMISSION NO. 9**: Admit that Carrier still will continue to face AFFF Claims from the States and non-settling claimants even after the Plan is confirmed.

**ANSWER NO. 9:**

5

**REQUEST FOR ADMISSION NO. 10**: Admit that Carrier still will continue to face claims other than AFFF Claims even after the Plan is confirmed.

      **ANSWER NO. 10:**

**REQUEST FOR ADMISSION NO. 11**: Admit that the Plan does not release, impair, enjoin, or otherwise modify Your rights against Carrier, if any, under any applicable insurance policy.

      **ANSWER NO. 11:**

Dated: August 12, 2025

/s/ *Robert C. Maddox*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **ANDERSON KILL P.C.** |
| Robert J. Stearn, Jr. (No. 2915) | |
| Zachary I. Shapiro (No. 5103) | Robert M. Horkovich, Esq. |
| Travis S. Hunter (No. 5350) | rhorkovich@andersonkill.com |
| Robert C. Maddox (No. 5356) | 1251 Avenue of the Americas |
| Gabriela Z. Monasterio (No. 7240) | New York, NY 10020 |
| One Rodney Square | |
| 920 North King Street | Cameron Argetsinger, Esq. |
| Wilmington, Delaware 19801 | cargetsinger@andersonkill.com |
| Telephone: (302) 651-7700 | 1800 K St. NW, Suite 1102 |
| Email:    stearn@rlf.com | Washington, D.C. 20006 |
|         shapiro@rlf.com | |
|         hunter@rlf.com | *Attorneys for Carrier Global Corporation* |
|         maddox@rlf.com | |
|         monasterio@rlf.com | |

- and -

docs-100811491.1