**EXHIBIT 3**

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KFI WIND-DOWN CORP.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10638 (LSS) |

**CARRIER GLOBAL CORPORATION'S
FIRST SET OF INTERROGATORIES TO FEDERAL INSURANCE COMPANY**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, made applicable by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, Carrier Global Corporation ("Carrier") hereby submits its First Set of Interrogatories to Federal Insurance Company.

**INSTRUCTIONS**

1.     If in response to an Interrogatory You do not know all the facts necessary to provide a completely specific answer after conducting a reasonably thorough inquiry, You should provide such facts as are known to You and any estimates, approximations or beliefs that You consider reliable.  Any such estimates, approximations or beliefs should be clearly noted, and the basis for Your belief and the reliability thereof should be explained.

2.     All Interrogatories and subdivisions thereof should be answered separately and identified so that the answer clearly corresponds to the Interrogatory or subdivision to which the answer is being offered.

---

[1]     The last four digits of KFI Wind-Down Corp.'s tax identification number are 5282. The Debtor's corporate headquarters is located at c/o AlixPartners 909 Third Avenue, New York, NY 10022.

1

3. The following Interrogatories are not intended to require duplicative answers. To the extent duplication may appear to be required, it will suffice if You supply appropriate references to other relevant answers and supply any additional responsive information.

4. In the event that any Document identified in response to an Interrogatory is withheld on the basis of a claim of privilege, the Document should be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all Persons to whom distributed, shown or explained, present custodian and nature of the privilege asserted.

5. These Interrogatories are continuing in nature and require supplemental responses in the event You obtain information that renders the answers supplied in any way incomplete or inaccurate.

6. The masculine includes the feminine; and the feminine includes the masculine.

7. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of any Interrogatory a response that might otherwise be construed to be outside its scope; and as used herein, the singular shall include the plural and the plural shall include the singular, except as the context may otherwise require.

8. Attach to Your answers to these Interrogatories true copies of all Documents and/or Identify any items of tangible property requested, referred to or identified in your answers to these Interrogatories. If any Documents whose identity is called for in these Interrogatories have been lost or destroyed, then for each such document (a) identify and describe the substance of the Document; (b) state the date the Document was lost or destroyed; (c) if the Document was destroyed, state the reason why; and (d) identify all Persons with knowledge of the lost Document and/or why the Document was destroyed.

docs-100811333.1

## DEFINITIONS

1.     "AFFF Claim" means a claim that arises from the design, manufacture, storage, marketing, use, distribution, discharge, or sale of aqueous film-forming foam ("AFFF") or AFFF-containing products, and that relates directly or indirectly to alleged harm, injury or damage from precursor, derivative, or resultant chemicals from AFFF.

2.     "All" means "any" and vice versa.

3.     "And," "or" and "and/or" shall be construed in the broadest possible sense, *i.e.*, either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory document that might otherwise be construed to be outside its scope.

4.     "Carrier" means Carrier Global Corporation, a Delaware corporation, and its non-Debtor affiliates and subsidiaries.

5.     "Document" as used herein, shall be used in the broadest sense and shall mean and include all Electronically Stored Information, handwritten, printed, typed, recorded, computer-generated, electronic, digital or graphic matter of every kind and description, and includes all copies, drafts, proofs, both originals and copies, in Your possession, custody or control, regardless where located.  Such "Documents" shall include but not be limited to: Communications, applications, contracts, agreements, papers, photographs, tape recordings, transcripts, worksheets, accounts, bills, invoices, punch cards, acknowledgements, authorizations, sales slips, receipts, letters or other forms of correspondence, envelopes or similar containers, computer programs, telexes, and other teletype communications, computer printouts, and any other printout sheets, movie films, slides, microfilms, memoranda, reports, studies, summaries, minutes, notes (whether typewritten, handwritten or otherwise) and any and all similar items whether printed, written, handwritten, typewritten, recorded, stenographic,

computer generated, computer stored, or electronically stored, prepared, produced, reproduced, disseminated or made. For purposes of the production of "Documents," the term shall include copies of all documents being produced to the extent the copies are not identical to the original, thus requiring the production of copies that contain any markings, additions or deletions, which make them different in any way from any other version of the document. "Document" includes the original and each copy differing from the original correspondence, contracts, invoices, memoranda, charts, reports, tabulations, notes, letters, telegrams, studies, inter and intra office communications, computer input and output and all other written, printed or electronic matter of any kind or description whatsoever, including electronic mail (e-mail), pdf, tif and other digital, electronic, magnetic or optical files.

6. "Request for Admission" and references thereto means the accompanying Carrier Global Corporation's First Request for Admissions.

7. As used herein, "Identify" has the following meanings:

   a. When used with reference to a Document, to "identify" means to provide the following information: (i) the type of Document (e.g., letter, agreement, memoranda, etc.), the date of the Document, its general subject matter, and the total number of pages thereof; (ii) the name and address of: (1) each person who authored or created the Document; (2) each person, if any, to whom the Document was addressed; (3) all persons to whom copies of the Document were to be or have been sent; and (4) the firm or firms with which all such persons were associated at the time the Document was prepared or sent; and (iii) whether the original is within your possession, custody, or control, and to identify each person in possession of the Document or a copy thereof.

b. When used with reference to a Person or entity, to "identify" means to provide the following information: (i) with respect to an individual, the name, present address, phone number, and e-mail (or, if unknown, the last known address, phone number, and e-mail), employer, title, and exact duties and responsibilities of such individual; and (ii) with respect to any sole proprietorship, corporation, partnership, trust, association, joint venture, and all other incorporated or unincorporated governmental, public, social, or legal entities, the name of the organization and the address of its principal office.

8. "KFI" means KFI Wind-Down Corp., Debtor in the captioned matter, and all of its predecessor entities.

9. "Person" or "Persons" means a natural person, firm, proprietorship, partnership, joint venture, group, estate, government entity or agency, association, corporation or any other type of organization or entity.

10. "Plan" means the chapter 11 plan of liquidation of KFI Wind-Down Corp. (f/k/a Kidde-Fenwal, Inc.), as amended.

11. "States" means states, territories, possessions, and other subdivisions of the United States.

12. "Trust" means the Primary AFFF Settlement Trust established pursuant to the Plan.

13. "You" means Federal Insurance Company and its affiliates and subsidiaries.

## INTERROGATORIES

**INTERROGATORY NO. 1**: If you do not admit Request for Admission No. 1, identify all AFFF Claims against Carrier and KFI: (a) of which you are aware; and (b) that You have agreed to defend or have defended.

**ANSWER NO. 1:**


**INTERROGATORY NO. 2**: If you do not admit Request for Admission No. 2, identify all payments you have made or agreed to make of Carrier's or KFI's defense costs in any AFFF Claim.

**ANSWER NO. 2:**


**INTERROGATORY NO. 3**: If you do not admit Request for Admission No. 3, identify all settlements of or judgments in any AFFF Claims against Carrier or KFI for which You have made any payments.

**ANSWER NO. 3:**


**INTERROGATORY NO. 4**: If you do not admit Request for Admission No. 4, identify all AFFF Claims against KFI or Carrier that you have agreed to cover or to pay in any part in the event of settlement or judgment.

**ANSWER NO. 4:**

**INTERROGATORY NO. 5**: If you do not admit Request for Admission No. 5, identify all demands You have made upon any other insurance company for subrogation or contribution based on payments to or on behalf of Carrier or KFI related to AFFF Claims.

    **ANSWER NO. 5:**

**INTERROGATORY NO. 6**: If you do not admit Request for Admission No. 6, identify all demands that have been made upon You by any other insurance company for subrogation or contribution based on payments to or on behalf of Carrier or KFI related to AFFF Claims.

    **ANSWER NO. 6:**

**INTERROGATORY NO. 7**: If you do not admit Request for Admission No. 7, identify all proofs of claim You have filed in this bankruptcy seeking contribution or subrogation.

    **ANSWER NO. 7:**

**INTERROGATORY NO. 8**: If you do not admit Request for Admission No. 8, identify specifically all AFFF Claims against Carrier or KFI for which You contend Carrier or KFI has refused to allow You to defend and the basis for this contention.

    **ANSWER NO. 8:**

**INTERROGATORY NO. 9**: If you do not admit Request for Admission No. 9, identify Your basis for denying that Carrier still will continue to face AFFF Claims from the States and non-settling claimants even after the Plan is confirmed.

    **ANSWER NO. 9:**

**INTERROGATORY NO. 10**: If you do not admit Request for Admission No. 10, identify Your basis for denying that Carrier still will continue to face claims other than AFFF Claims even after the Plan is confirmed.

    **ANSWER NO. 10:**

**INTERROGATORY NO. 11**: If you do not admit Request for Admission No. 11, describe in detail and with citation to any applicable insurance policy provision(s) any of Your rights against Carrier that you contend the Plan releases, impairs, enjoins, or otherwise modifies.

    **ANSWER NO. 11:**

**INTERROGATORY NO. 12**: Identify all pre-2015 liability insurance policies You sold to United Technologies Corporation (including all affiliates and subsidiaries) or any predecessor thereto (including, but not limited to, Kidde plc, Williams Holding plc, Racal-Chubb, Inc., The Racal Corporation, Enterra Corporation, Philadelphia Suburban Corporation or National Foam System, Inc.), that would not be assigned to the Trust under the Plan.

    **ANSWER NO. 12:**

**INTERROGATORY NO. 13**: Identify and describe in detail all bases for your claim that the Plan is unconfirmable or should not be confirmed.

    **ANSWER NO. 13:**

**INTERROGATORY NO. 14**:  Identify and describe in detail all defenses you intend to assert to AFFF Claims against Carrier or KFI, and, to the extent you contend that any of those defenses are impaired by the Plan, describe in detail all the reasons supporting that contention.

**ANSWER NO. 14:**

**INTERROGATORY NO. 15**:  Identify and describe in detail every reason supporting Your contention that "the Carrier/UTC Parties and KFI have incentive to inflate the value of the Channeled AFFF Claims against themselves to maximize potential insurance recovery," as stated in the Insurers' Objection to Disclosure Statement for the Third Amended Plan of Liquidation on Grounds That the Plan Is Patently Unconfirmable. D.I. 2144, ¶ 28.

**ANSWER NO. 15:**

**INTERROGATORY NO. 16**:  Identify and describe in detail all the reasons supporting your contention that, under the Plan, Carrier Global stands to "massively profit[] from the claims jointly asserted against itself and KFI," as stated in the Insurers' Objection to Disclosure Statement for the Third Amended Plan of Liquidation on Grounds That the Plan Is Patently Unconfirmable. D.I. 2144, ¶ 35.

**ANSWER NO. 16:**

**INTERROGATORY NO. 17**:  Describe in detail the basis for Your contention at the Debtor's disclosure statement hearing on June 4, 2025 that "the notion that . . . Carrier faces huge ex bankruptcy, direct AFFF liability is a red herring" and Your contention that Carrier will not face

liability from direct claims (including those brought by the States) following Plan confirmation or the effectiveness of the settlement. D.I. 2220, 31:1–3.

**ANSWER NO. 17:**

Dated: August 12, 2025

/s/ *Robert C. Maddox*

| **RICHARDS, LAYTON & FINGER, P.A.** | **ANDERSON KILL P.C.** |
|---|---|
| Robert J. Stearn, Jr. (No. 2915)<br>Zachary I. Shapiro (No. 5103)<br>Travis S. Hunter (No. 5350)<br>Robert C. Maddox (No. 5356)<br>Gabriela Z. Monasterio (No. 7240)<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Email:  stearn@rlf.com<br>  shapiro@rlf.com<br>  hunter@rlf.com<br>  maddox@rlf.com<br>  monasterio@rlf.com | Robert M. Horkovich, Esq.<br>rhorkovich@andersonkill.com<br>1251 Avenue of the Americas<br>New York, NY 10020<br><br>Cameron Argetsinger, Esq.<br>cargetsinger@andersonkill.com<br>1800 K St. NW, Suite 1102<br>Washington, D.C. 20006<br><br>*Attorneys for Carrier Global Corporation* |

- and -