**brown**rudnick

D. CAMERON MOXLEY
direct dial:+1.212.209.4909
dmoxley@brownrudnick.com

September 20, 2025

**BY ECF**

The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street
6th Floor, Courtroom 2
Wilmington, DE 19801

**RE:** *KFI Wind-Down Corp.*, **Case No. 23-10638 (LSS) (Bankr. D. Del.)**

Dear Judge Silverstein:

We write on behalf of the Official Committee of Unsecured Creditors (the "Committee" or the "UCC") in the above-referenced proceedings in response to the September 18, 2025 letter [D.I. 2539] (the "Insurers' Second Letter") filed by Certain Insurers (as defined in the Insurers' Second Letter at 1 n.1) and further to the Committee's prior September 11, 2025 response letter [D.I. 2496] (the "Committee's Prior Response"), in accordance with Section III of Your Honor's Chambers Procedures.

Certain Insurers complain that the Committee "did not commit to a date when it would complete its production." Insurers' Second Letter at 1. As Certain Insurers know, the Committee previously agreed to substantially complete its document production by September 15, 2025. The Committee subsequently agreed to expand the date range of its search to meet Certain Insurers' requested date range. And, in the Committee's Prior Response, the Committee advised that this "expanded search will necessarily take time to undertake, and responsive, non-privileged documents and an updated privilege log may be produced after September 15, 2025." Committee's Prior Response at 5.

Rather than contact the Committee's counsel to discuss the Committee's expected timing on finalizing the expanded production and privilege log, the Certain Insurers escalated a purported dispute by filing Insurers' Second Letter. The Committee notes Certain Insurers' request that its purported discovery disputes be on the agenda for the scheduled October 6, 2025 hearing. Insurers' Second Letter at 2. The Committee expects that its further production and privilege log will be with Certain Insurers by then. The Committee has no objection to the Court hearing the Certain Insurers' purported discovery disputes at that hearing, to the extent any ripe disputes exist at that time, and presuming the Court is amenable to hearing any such disputes at that time.

Certain Insurers further renewed their arguments concerning duplicative discovery that they have requested both from the Committee and the Debtor. However, the Insurers' Second Letter ignores and does not address at all the authority the Committee previously set forth confirming that

Certain Insurers are not entitled to such duplicative discovery.  *See* Committee's Prior Response at 1-2.  Certain Insurers also continue to seek individual Committee members' documents, despite this Court's prior holding only several months ago that an individual committee members' documents are not in the possession of a committee itself.  *See id.* at 4-5 (quoting this Court's ruling in *In re Exactech, Inc.*, No. 24-12441 (LSS) (Bankr. D. Del.) [D.I. 791] (Hr'g Tr. 31:30-24, Mar. 21, 2025 ("I do not think that communications between committee members and their individual counsel are within the control of the committee.  I think those are separate communications, so I would not require those to be produced.")).  Certain Insurers' "update" offers no response to this Court's prior ruling discussed in the Committee's Prior Response that rejected this very argument, and in Insurers' Second Letter they even acknowledge that the individual members' documents are "in the possession of its individual members."  Insurers' Second Letter at 1.  The UCC is not obligated to, and cannot, "search for responsive documents in the possession of its individual members," as Insurers' Second Letter requests.  *Id.*

Insurers' Second Letter also complains that the Committee has not "explained the steps that it intends to take to verify that documents it possesses are also in the possession of the Debtor and are also being produced."  *Id.*  Setting aside that Certain Insurers did not reach out to the Committee's counsel to confer on this issue before filing Insurers' Second Letter, the Committee's Prior Response explained how documents that are in the possession of both the Debtor and the Committee will be produced or logged by the Debtor and how that process is "proportional to the needs of the case" here.  *See* Committee's Prior Response at 2 (quoting Fed. R. Civ. P. 26(b)(1) and applicable authority).

The Committee will continue to work diligently to finalize its expanded search, document production, and privilege log, and expects to do so in advance of the October 6, 2025 scheduled hearing.  If the Certain Insurers believe there remain live disputes as of October 6, 2025 and the Court is amenable to hearing such disputes on October 6th, the Committee will be prepared to address these issues with the Court at that time.  The Committee respectfully requests that the Certain Insurers review the Debtor's and the Committee's respective document productions and privilege logs and then contact the Committee in advance of further burdening the Court, so that we can work together to narrow any remaining issues.

The Committee thanks the Court for its attention to these issues.

Respectfully submitted,

**BROWN RUDNICK LLP**

*/S/ D. CAMERON MOXLEY*

D. Cameron Moxley