# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>KFI WIND-DOWN CORP.,[1]<br>    Debtor. | Chapter 11<br>Case No. 23-10638 (LSS)<br><br>**Re: D.I. 2587 and 2588** |

**SUPPLEMENTAL RESPONSE OF CERTAIN INSURERS
TO (I) DISCLOSURE STATEMENT FOR DEBTOR'S FIFTH AMENDED
PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE
BANKRUPTCY CODE; (II) RELATED PROPOSED SOLICITATION PROCEDURES
AND (III) PROPOSED SCHEDULE FOR PLAN DISCOVERY**

Zurich American Insurance Company, American Guarantee and Liability Insurance Company, and the other insurers listed in the signature blocks below (collectively, "Certain Insurers") hereby file this supplemental response to identify additional outstanding issues with respect to the *Disclosure Statement for Debtor's Fifth Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [D.I. 2587-1] ("DS") filed by KFI Wind-Down Corp. f/k/a Kidde-Fenwal, Inc. (the "Debtor"), the proposed solicitation procedures, and the proposed schedule. Certain Insurers state as follows:

    1.    During the June 4, 2025 hearing, the Court directed the Debtor to make certain changes to the DS, including providing "a schedule of Released Claims, Independent AFFF Causes of Action and Sovereign State Causes of Action."[2] The revised disclosure statement that

---

[1]    The last four digits of KFI Wind-Down Corp.'s tax identification number are 5282. The Debtor's corporate headquarters is located at c/o AlixPartners 909 Third Avenue, New York, NY 10022.

[2]    *See In re Kidde-Fenwal, Inc.*, 2025 WL 1693173, at *4.

the Debtor filed on August 15, 2025 failed to meet that fundamental requirement (among others). Insurers accordingly filed a supplemental objection on August 21, 2025 (Dkt. No. 2429) identifying the grounds on which the DS failed to meet the Court's requirements as stated at the June 4 hearing.  The Debtor filed the DS on October 1, 2025 with minimal changes and still lacking the required schedule of claims.  The Court should not approve the DS until the Court's requirements have been met.

2.	Certain Insurers also objected to the Debtor's then-proposed schedule as providing insufficient time in light of the complexity of this chapter 11 case and the significant discovery that is necessary for confirmation.  In the Debtor's brief in support of the DS (Dkt. No. 2584), the Debtor now proposes a schedule that would allow no more than one additional week for document discovery and two months for depositions.  The Debtor's proposal assumes (among other things) that by now the Debtor would have produced documents, responded to interrogatories, and provided its privilege log, as it indicated during the last hearing it would; but it has not.

3.	Because the DS remains deficient, and because the Debtor's document production and privilege log remain outstanding, it is premature for the Court to set a confirmation schedule. The Debtor should resolve these issues first.

4.	To the extent the Court is inclined to set a schedule at the October 6, 2025 hearing, the schedule must be extended materially beyond the Debtor's proposal.  Four months (overlapping with the holiday season) is insufficient.  Document discovery is not yet complete, discovery disputes necessitating motion practice are likely, Certain Insurers anticipate significant third-party discover, depositions, and expert discovery, and briefing will be complex.  Even

under the most streamlined schedule, therefore, several months beyond Debtor's proposal would be required.

5. In addition, before the Court can set a confirmation schedule, the Court should address the new definition of "Point Values," which was included for the first time in the Debtor's Fourth Amended Plan filed on June 1, 2025 (Dkt. No. 2191). The definition assumes that the Court will, "prior to the Effective Date," approve the value of claims resolved through the TDPs:

> *"Point Values"* means the values of the applicable points with respect to each Claim Category as set forth in the TDPs, which values shall be approved by the Bankruptcy Court prior to the Effective Date after notice and opportunity for interested parties to object.

Fifth Amended Plan § 2.1.156.[3] The TDP includes ten different classes of AFFF Claims that are resolved through a point system, each with different criteria that the Court would be required to evaluate and approve under this definition. The Plan does not provide any information as to how this evaluation would be conducted, what evidence would be presented, or whether this would be part of plan confirmation or a separate proceeding.

6. But the Court need not confront these questions because this proposed scheme is contrary to recent rulings that hold it is not appropriate for a bankruptcy court to approve TDP values as fair and equitable. Indeed, this Court expressly declined to do so in *Boy Scouts*,

---

[3] This definition was not addressed at the June 4, 2025 DS hearing because objections were filed prior to the filing of the Third Amended Plan on April 1. It remains in the Fifth Amended Plan filed on August 15, 2025 (Dkt. No. 2411) and in the DS filed on October 1, 2025 (Dkt. No. 2587-1).

concluding that, for an impaired class, the inquiry into "fairness" ends where the class votes to accept the plan.[4]

7.     More recently, Judge Goldblatt explained in *In re AIO, Inc.* why such approval is inappropriate. The TDPs, the *AIO* court noted, are "no more than an agreement that binds the claimants and the trust with respect to the mechanism for determining each claimant's respective share of the trust's assets. That is all."[5] Because liquidation of tort claims through a post-confirmation bankruptcy trust is only intended to be binding with respect to the treatment of impaired personal injury claims, and not their valuation, the *AIO* court was unequivocal—consistent with Your Honor's ruling in *Boy Scouts*—that there is no basis for the court to rule on the "fairness" of the TDP. The only reason for seeking such a ruling is to gain an advantage in subsequent coverage litigation. Applying the principle that, as between the trust and the insurers, the parties' rights with respect to one another should be no different than under state law outside of bankruptcy, the *AIO* court was explicit that it was not putting any stamp of approval on the TDP claim values.[6] That is, "this Court's order confirming the plan should not put a thumb on the scale one way or the other."[7]

---

[4]    *In re Boy Scouts of America*, 642 B.R. 504, 629 (Bankr. D. Del. 2022) ("None of the Coalition's rationales require me to find that the Claims Matrix, Base Matrix Values, Maximum Matrix Values, and Scaling Factors 'are appropriate and provide for a fair and equitable settlement of Abuse Claims' in order to confirm the Plan. I decline to do so.").

[5]    *See In re AIO, Inc.*, 2025 WL 2426380, at *22 (Bankr. D. Del. Aug. 21, 2025).

[6]    *Id.* at *17.

[7]    *Id. See also id.* ("To the extent an argument is made to a court hearing an insurance coverage dispute that this Court's confirmation order reflects an adjudication by this Court about the 'fairness' or 'reasonableness' of the procedures, this Memorandum Opinion is intended to provide a clear and blunt answer: it doesn't.").

8. This Court should follow the same approach here. Indeed, it is particularly inappropriate for the Debtor to ask for approval of AFFF Claim values. That process is currently underway in another court, namely, the MDL over which Judge Gergel currently presides.

9. As a result of the "Point Value" definition, which as noted was not addressed at the June 4 hearing, the Plan is patently unconfirmable and the Court should not approve a DS for a plan containing this definition, which attempts an end run around *Boy Scouts* and *AIO*.

10. To the extent the Court allows the "Point Value" definition to remain in the Plan, the Debtor should identify what proceeding(s) it envisions to seek "approval" of the point values and how that will affect the confirmation schedule, and Certain Insurers must be afforded an appropriate amount of time for discovery into the reasonableness and fairness of the point values as well as their derivation and basis. The amount of time needed must be sufficient to address "point values" for ten separate categories of tort claims. The AFFF Claims against the Debtor are highly variable with limited tort system history, and many claims have been subject to dismissal. Litigating the value of these claims would be lengthy, complex, and require extensive expert discovery. It has taken the MDL Court nearly seven years to address a fraction of these questions.

11. Previously, Certain Insurers proposed a schedule providing approximately five months of fact discovery following approval of the DS and approximately six weeks of expert discovery. However, if the question of the fairness and reasonableness of proposed point values is to be litigated, fact and expert discovery will expand significantly. Thus, if the Court is inclined to entertain making the finding Debtor proposes, the Court should require the Debtor to identify how it intends to proceed to address the "Point Value" proceedings for each of the ten

classes of AFFF Claims and propose a reasonable schedule for addressing the lengthy discovery and briefing that will be required.  Certain Insurers can then provide a responsive proposal quickly, once the Debtor sets forth how it plans to proceed.

12.     Certain Insurers reserve their rights to supplement or amend this Supplemental Response. Moreover, nothing contained in or omitted from this Supplemental Response constitutes a waiver of any other objections to the DS raised by any of the Certain Insurers (or other insurers) in previous filings.

[*Remainder of page intentionally left blank*]

**PASHMAN STEIN WALDER HAYDEN, P.C.**
*/s/ Richard W. Riley*
Richard W. Riley (DE No. 4052)
Pashman Stein Walder Hayden, P.C.
824 North Market Street, Suite 800
Wilmington,
DE 19801
Telephone: (302) 327-6790
rriley@pashmanstein.com

-and-

**SAUL EWING LLP**
Laurie A. Kamaiko
1270 Avenue of the Americas, Suite 2800
New York, NY 10020
Telephone: (212) 980-7202
laurie.kamaiko@saul.com

Zachary W. Berk
131 Dartmouth Street, Suite 501
Boston, MA 02116
Telephone: (617) 912-0927
zachary.berk@saul.com

-and-

**PLEVIN & TURNER LLP**
Mark Plevin
580 California Street, 12th Floor
San Francisco, California 94104
Telephone: (202) 580-6640
mplevin@plevinturner.com

Miranda Turner
1701 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006
Telephone: (202) 580-6640
mturner@plevinturner.com

*Counsel for American Guarantee and Liability Insurance Company and Zurich American Insurance Company*

**KENNEDYS CMK LLP**
*/s/ Marc Casarino*
Marc Casarino, Esq.
Jillian G. Dennehy, Esq. (*pro hac vice*)
222 Delaware Avenue, Suite 710
Wilmington, Delaware 19801
Telephone: (302) 308-6647
Marc.casarino@kennedyslaw.com
jillian.dennehy@kennedyslaw.com

-and-

**IFRAH LAW PLLC**
George R. Calhoun, Esq. (*pro hac vice forthcoming*)
1717 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4147
george@ifrahlaw.com

*Counsel for TIG Insurance Company, as successor to Gibraltar Casualty Company, and Evanston Insurance Company.*

**GOLDSTEIN & MCCLINTOCK, LLLP**
*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (No. 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
Facsimile: (302) 444-6709
Email: marias@goldmclaw.com

-and-

David Christian (pro hac vice)
David Christian Attorneys LLC
105 W. Madison St., Suite 2300
Chicago, IL 60602
Telephone: (312) 282-5282
Email: dchristian@dca.law

**KENNEDYS CMK**
*/s/ John D. LaBarbera*
John D. LaBarbera (*pro hac vice*)
Karen Andersen Moran (*pro hac vice*)
30 South Wacker Drive, Suite 3650
Chicago, Illinois 60606
Telephone: (312) 800-5000
john.labarbera@kennedyslaw.com
karen.andersenmoran@kennedyslaw.com

-and-

Marc Casarino (#3613)
222 Delaware Avenue, Suite 701
Wilmington, Delaware 19801
Telephone: (302) 308-6645
marc.casarino@kennedyslaw.com

*Counsel for Westport Insurance Corporation, as successor-in-interest to Puritan Insurance Company*

**BODELL BOVÉ**
*/s/ Bruce W. McCullough*
Bruce W. McCullough (Del. ID 3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749
Facsimile: (302) 655-6827
bmccullough@bodellbove.com

-and-

**RUGGERI PARKS WEINBERG LLP**
Joshua D. Weinberg (*pro hac vice*)
Annette P. Rolain (*pro hac vice*)
James Burke (*pro hac vice*)
1875 K Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 984-1400
Facsimile: (202) 984-1401
jweinberg@ruggerilaw.com
arolain@ruggerilaw.com
jburke@ruggerilaw.com

*Attorneys for Wellfleet New York Insurance Company (formerly known as Atlanta International Insurance Company), Columbia Casualty Company, The Continental Insurance Company (on its own behalf and as successor-in-interest to Harbor Insurance Company and London Guarantee and Accident Company of New York), and Government Employees Insurance Company (GEICO)*

**STAMOULIS & WEINBLATT LLC**
*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (No. 4606)
800 N. West Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com

-and-

**O'MELVENY & MYERS LLP**
Andrew Frackman (pro hac vice)
Tancred Schiavoni (pro hac vice)
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
afrackman@omm.com
tschiavoni@omm.com

*Counsel for ACE American Insurance Company, Century Indemnity Company (as successor to CIGNA Specialty Insurance Company f/k/a California Union Insurance Company; and as successor to CCI Insurance Company, as successor to Insurance Company of North America), Federal Insurance Company, and Pacific Employers Insurance Company*

*Counsel for Great American Assurance Company and Great American Insurance Company of New York*

**MARSHALL DENNEHEY, P.C.**
/s/ *Aaron E. Moore*
Aaron E. Moore (Del. ID 6739)
1007 N. Orange Street, Suite 600
P.O. Box 8888
Wilmington, DE 19899-8888
Telephone: (302) 552-4300
Facsimile: (302) 552-4340
AEMoore@MDWCG.com

- and -

**STEPTOE LLP**
Sarah D. Gordon (*pro hac vice*)
Johanna Dennehy (*pro hac vice*)
Ansley Seay (*pro hac vice*)
1330 Connecticut Ave. NW
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
sgordon@steptoe.com
jdennehy@steptoe.com
aseay@steptoe.com

- and -

**RUGGERI PARKS WEINBERG LLP**
Joshua D. Weinberg (*pro hac vice*)
Annette P. Rolain (*pro hac vice*)
James Burke (*pro hac vice*)
1875 K Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 984-1400
Facsimile: (202) 984-1401
jweinberg@ruggerilaw.com
arolain@ruggerilaw.com
jburke@ruggerilaw.com

**CHIPMAN BROWN CICERO & COLE, LLP**
/s/ *William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
chipman@chipmanbrown.com

**WILLKIE FARR & GALLAGHER LLP**
Joseph G. Davis (Admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
jdavis@willkie.com

Jennifer Hardy (Admitted *pro hac vice*)
600 Travis Street
Houston, Texas 77002
Telephone: (713) 510-1766
jhardy2@willkie.com

Simone Marton (Admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
smarton@willkie.com

*Counsel for National Union Fire Insurance Company of Pittsburgh, Pa. and Lexington Insurance Company*

**SMITH KATZENSTEIN JENKINS LLP**
By: /s/ *Kelly A. Green*
Kelly A. Green
Brandywine Building
1000 N. West Street, Suite 150
Wilmington, DE 19899
Telephone: (302) 652-8400
Facsimile: (302) 652 8405
Email: kag@skjlaw.com

*Counsel for First State Insurance Company, Hartford Accident and Indemnity Company, and Twin City Fire Insurance Company*

**REGER RIZZO & DARNALL LLP**
*/s/ Louis J. Rizzo, Jr.*
Louis J. Rizzo, Jr. (#3374)
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, Delaware 19803
(302) 477-7100
lrizzo@regerlaw.com

    and

Karen C. Bifferato (#3279)
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, Delaware 19801
(302) 757-7300
kbifferato@connollygallagher.com

    and

Stephen V. Gimigliano (admitted pro hac vice)
John Maloney (admitted pro hac vice)
Christopher K. Kim (admitted pro hac vice)
GIMIGLIANO MAURIELLO & MALONEY, P.A.
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360
sgimigliano@lawgmm.com
jmaloney@lawgmm.com
ckim@lawgmm.com

*Attorneys for Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)*

-and-

**CLYDE & CO US LLP**
Paul R. Koepff (admitted *pro hac vice*)
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174

-and-

**WALKER WILCOX MATOUSEK LLP**
Fred L. Alvarez
One North Franklin Street, Suite 3200
Chicago, Illinois 60606
Telephone: (312) 244-6700
Email: falvarez@walkerwilcox.com

Tony L. Draper
1001 McKinney Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 343-6556
Email: tdraper@walkerwilcox.com

*Counsel for Endurance American Specialty Insurance Company*